```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KAI JOCHIMS, individually and on behalf of all  :
others similarly situated,                      :
                                                :
                         Plaintiff,             :
                                                :
           v.                                   :    21 Civ. 6360 (AKH)
                                                :
OATLY GROUP AB, TONI PETERSSON,                 :    ORDER CONSOLIDATING
CHRISTIAN HANKE, FREDRIK BERG,                  :    CASES AND APPOINTING LEAD
STEVEN CHU, ANN CHUNG, BERNARD                  :    PLAINTIFF AND COUNSEL
HOURS, HANNAH JONES, MATTIAS                    :
KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC          :
MELLOUL, BJORN OSTE, FRANCES                    :
RATHKE, YAWEN WU, and TIM ZHANG,                :
                                                :
                         Defendants.            :
-------------------------------------------------------------- X
-------------------------------------------------------------- X
FRANCESCA BENTLEY, individually and on          :
behalf of all others similarly situated,        :
                                                :
                         Plaintiff,             :
           v.                                   :
                                                :
                                                :    21 Civ. 6485 (AKH)
OATLY GROUP AB, TONI PETERSSON,                 :
CHRISTIAN HANKE, FREDRIK BERG,                  :
STEVEN CHU, ANN CHUNG, BERNARD                  :
HOURS, HANNAH JONES, MATTIAS                    :
KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC          :
MELLOUL, BJORN OSTE, FRANCES                    :
RATHKE, YAWEN WU, and TIM ZHANG,                :
                                                :
                         Defendants.            :
-------------------------------------------------------------- X
-------------------------------------------------------------- X
ANTHONY KOSTENDT, individually and on           :
behalf of all others similarly situated,        :
                                                :
                         Plaintiff,             :
           v.                                   :    21 Civ. 7904 (AKH)
                                                :
OATLY GROUP AB, TONI PETERSSON,                 :
CHRISTIAN HANKE, FREDRIK BERG,                  :
STEVEN CHU, ANN CHUNG, BERNARD                  :
```

1

HOURS, HANNAH JONES, MATTIAS :
KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC :
MELLOUL, BJORN OSTE, FRANCES :
RATHKE, YAWEN WU, and TIM ZHANG, :
   :
                                Defendants. :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The above three putative securities class actions each allege that Defendants, an oatmilk company ("Oatly") and its directors and officers, made materially false and misleading statements, and also failed to disclose, material adverse facts about Oatly in its Registration Statement, including the company's financial metrics, sustainability, and growth in China. The Complaints seek relief on behalf of all purchasers of American Depositary Shares (ADSs) of Oatly, between May 20, 2021 and July 15, 2021 (the "Class Period"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Two parties previously moved to consolidate these actions pursuant to Federal Rule of Civil Procedure 42(a), and to appoint the respective movants as lead plaintiff and lead counsel pursuant to § 21D of the Exchange Act. *See* ECF Nos. 6, 9, 11, 14, 18.[1] One party, comprised of a single proposed lead plaintiff, claimed only ADS losses, whereas the other, comprised of a proposed pairing of lead plaintiffs, claimed ADS losses and options losses. On October 26, 2021, I issued an order dismissing the complaints and instructing the Plaintiffs to replead sufficient facts for me to determine who should be appointed as lead plaintiff, including allegations "showing the types of securities subsumed by an ADS (whether options or shares) . . . ." ECF No. 29. On December 1, 2021, the plaintiffs in 21-CV-6360 and 21-CV-7904 refiled amended complaints. *See Kai Jochims v.*

---

[1] Initially, 5 individuals or groups of individuals, sought appointment as lead plaintiff. All but two of these parties have since withdrawn or filed their non-opposition to the competing motions. ECF Nos. 22, 23, 24.

2

*Oatly Group AB*, No. 21-CV-6360, ECF No. 31; *Anthony Kostendt v. Oatly Group AB*, No. 21-CV-7904, ECF No. 7. Before me now are the renewed motions to consolidate the complaints and appoint lead plaintiff and counsel. *See* No. 21-CV-6360, ECF Nos. 32, 34.[2]

## DISCUSSION

### A. Consolidation

Consolidation is clearly warranted. The three actions assert violations under identical provisions of the Exchange Act regarding analogous facts and identical parties; consolidation will avoid needless cost and delay; and there is no suggestion that consolidation here will lead to unfairness of any kind. *See Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced.") (quotation marks omitted); Fed. R. Civ. P. 42(a).

### B. Lead Plaintiff and Counsel

The PSLRA instructs courts to "appoint as lead plaintiff" the party or parties "most capable of adequately representing the interests" of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the

> person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[2] Unless otherwise noted, all subsequent references to docket numbers, as filed on ECF, pertain to 21-CV-6360.

3

*Id.* at § 78u-4(a)(3)(B)(iii)(I). As to financial interest, "courts have consistently held that . . . the magnitude of the loss suffered[] is most significant." *Mustafin v. GreenSky, Inc.*, 18-cv-11071, 2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019). And as to Rule 23, "at this early stage of litigation," only "typicality and adequacy[] are pertinent." *Id.* at *5.

Two sets of parties—Mario Bello ("Bello") and his counsel Scott + Scott, L.L.P., and Mark D. Hayden ("Hayden") and Bruce R. Hipple ("Hipple") and their counsel Robbins Geller Rudman & Dowd LLP—argue in favor of their respective appointments as lead plaintiff and counsel. *See* ECF No. 33 (supporting appointment of Hayden and Hipple); ECF No. 35 (supporting appointment of Bello). No party argues that either law firm cannot provide effective class counsel. Instead, the parties' sole dispute is over who should be appointed lead plaintiff according to the statutory requirements under the PSLRA and Fed. R. Civ. P. 23.

Hayden and Hipple undisputedly have the greatest combined financial interest, claiming combined losses of $862,837.00. *See* ECF No. 32, at 2. However, they claim distinct types of losses. Hipple claims only American Depositary Receipts ("ADR") losses, in the amount of $80,345, and Hayden claims only options losses, in the amount of $772,820. *See* ECF No. 26, at 2.

Bello argues that he should be appointed lead plaintiff because his claimed ADR loss, $83,464, exceeds Hipple's. *See id.* He argues that Hayden's losses should not be considered because his losses are "too speculative to be considered for purposes of the PSLRA financial interest consideration." ECF No. 26, at 3. He further argues that Hayden should be disqualified because his options losses are not typical or adequate. *Id.* at 4; ECF No. 35, at 9. In essence, Bello urges me to narrow the potential class of claimants to only those who have suffered ADR losses.

Bello further argues that I should reject Hayden and Hipple as an improper group of movants, even though "the PSLRA technically permits groups of investors to serve as lead

4

plaintiff." *Id.* at 6. He argues that neither Hayden nor Hipple is the presumptive lead plaintiff on his own, and therefore, "permitting Hayden and Hipple to group would displace Bello and subvert the purposes of the PSLRA." ECF No. 26, at 4.

    While Hayden and Hipple have the greatest financial interest, I decline to appoint them as co-lead plaintiffs. This is not because Hayden's losses are too speculative or because he would not adequately represent a class of potential claimants. Rather, I cannot appoint Hayden as co-lead plaintiff for the simple reason that within the four corners of the three original complaints, no such class exists. No complaint seeks to certify a class of individuals that suffered options losses. Instead, the two amended complaints claim ADS-related losses. Specifically, both plaintiffs allege they purchased "Oatly ADSs during the Class Period." *See* 21-CV-6360, ECF No. 31, ¶ 10 ("Plaintiff [Kai Jochims] purchased Oatly ADSs . . . ."); 21-CV-7904, ECF No. 7, ¶ 10 ("Plaintiff Anthony Kostendt purchased . . . Oatly ADSs . . . .").

    Eliminating Hayden, who claims only options losses, leaves only Hipple and Bello in contention for lead plaintiff. Bello has the greater financial interest and is therefore the presumptive lead plaintiff. I further find that Bello satisfies the typicality and adequacy requirements. Bello's claims are typical of the claims asserted by the proposed class because "like all members of the Class, [Bello] purchased Oatly ADSs during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Bello is likewise an adequate lead plaintiff because he has retained class counsel that is qualified, experienced, and generally able to conduct the litigation; there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a

sufficient interest in the outcome of the case to ensure vigorous advocacy. *See City of Monroe Emps.' Ret. Sys. V. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010).

Because Bello has the greatest financial interest and satisfies the typicality and adequacy requirements, Bello shall be lead plaintiff. And I see no reason to disturb Bello's choice of lead counsel. *See id.* at § 78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (noting the PSLRA's "strong presumption in favor of approving a properly-selected lead plaintiff's decision[] as to counsel") (quotation marks omitted).

## CONCLUSION

In sum, these three cases (21 Civ. 6360, 21 Civ. 6485, 21 Civ. 7904) are consolidated for all purposes, and shall proceed under the name *In re Oatly Group AB Securities Litigation* and under docket number 21 Civ. 6360. Mario Bello's motion seeking appointment as lead plaintiff is granted. Scott + Scott shall act as lead counsel. The Clerk is directed to close the open motions (ECF Nos. 32, 34). The parties shall appear for an initial pre-trial conference on January 28, 2022, at 10 a.m.

SO ORDERED.

Dated: December 6, 2021
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge