UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                              x
KAI JOCHIMS, Individually and on Behalf of  :  Civil Action No. 1:21-cv-06360-AKH
All Others Similarly Situated,              :
                                            :  CLASS ACTION
                                            :
                    Plaintiff,              :
                                            :
      vs.                                   :
                                            :
OATLY GROUP AB, TONI PETERSSON,             :
CHRISTIAN HANKE, FREDRIK BERG,              :
STEVEN CHU, ANN CHUNG, BERNARD              :
HOURS, HANNAH JONES, MATTIAS                :
KLINTEMAR, PO SING (TOMAKIN) LAI,           :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES           :
RATHKE, YAWEN WU, and TIM ZHANG,            :
                                            :
                    Defendants.             :
                                              x
FRANCESCA BENTLEY, Individually and on      :  Civil Action No. 1:21-cv-06485-AKH
Behalf of All Others Similarly Situated,    :
                                            :  CLASS ACTION
                                            :
                    Plaintiff,              :
                                            :
      vs.                                   :
                                            :
OATLY GROUP AB, TONI PETERSSON,             :
CHRISTIAN HANKE, FREDRIK BERG,              :
STEVEN CHU, ANN CHUNG, BERNARD              :
HOURS, HANNAH JONES, MATTIAS                :
KLINTEMAR, PO SING (TOMAKIN) LAI,           :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES           :
RATHKE, YAWEN WU, and TIM ZHANG,            :
                                            :
                    Defendants.             :
                                              x
```

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MARK D. HAYDEN AND BRUCE R.
HIPPLE'S MOTION FOR RECONSIDERATION OF ORDER CONSOLIDATING CASES
AND APPOINTING LEAD PLAINTIFF AND COUNSEL (ECF NO. 37)

4878-3969-1270.v1

---------------------------------------x

ANTHONY KOSTENDT, Individually and on : Civil Action No. 1:21-cv-07904-UA
Behalf of All Others Similarly Situated,         :

                                  : <u>CLASS ACTION</u>

                Plaintiff,     :

                                    :

   vs.                                             :

                                      :

OATLY GROUP AB, TONI PETERSSON,         :
CHRISTIAN HANKE, FREDRIK BERG,          :
STEVEN CHU, ANN CHUNG, BERNARD          :
HOURS, HANNAH JONES, MATTIAS            :
KLINTEMAR, PO SING (TOMAKIN) LAI,        :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES       :
RATHKE, YAWEN WU, and TIM ZHANG,        :

                                    :

              Defendants.    :

---------------------------------------x

4878-3969-1270.v1

Lead plaintiff movants Mark D. Hayden and Bruce R. Hipple recognize that "'[a] motion for reconsideration is 'an extraordinary remedy to be employed sparingly.'" *Zuma Press, Inc. v. Getty Images (US), Inc.*, 2019 WL 316001, at *1 (S.D.N.Y. Jan. 24, 2019) (this Court granting reconsideration).[1] Hayden and Hipple further recognize that "'motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"'" *Id.*; *see also Malasky v. IAC/InterActive Corp*, 2005 U.S. Dist. LEXIS 3628 (S.D.N.Y. Mar. 7, 2005). There are two such errors – one factual, one legal – in the Court's December 6, 2021 Order (ECF No. 37) that warrant reconsideration in this case.

First, despite affording Hayden and Hipple the presumption,[2] the Order found that Hayden could not be appointed as a lead plaintiff "for the simple reason that within the four corners of the three original complaints, ***no such [options] class exists***." ECF No. 37 at 5.[3] Respectfully, the Order erred in that conclusion: plaintiff Anthony Kostendt's original and amended complaints expressly sought to certify a class of individuals that suffered losses on Oatly "securities," which explicitly encompasses options pursuant to the Securities Exchange Act of 1934:

---

[1]    Unless otherwise noted herein, all emphasis is added and citations are omitted.

[2]    The Order properly recognizes that the Private Securities Litigation Reform Act of 1995 creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Court correctly found that Hayden and Hipple claimed the largest loss of any movant on their Oatly Group AB investments. ECF No. 37 at 4. The Court also found unavailing Mario Bello's arguments that Hayden and Hipple were an improper group; or that Hayden could not otherwise satisfy Rule 23 because of his options transactions. *Id.* at 5 (rejecting argument that Hayden and Hipple should not be appointed because "Hayden's losses are too speculative or because he would not adequately represent a class of potential claimants").

[3]    Importantly, this issue was not briefed by the parties.

4878-3969-1270.v1

Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of ***all person*** or entities who purchased or otherwise acquired ***Oatly securities*** during the Class Period (the "Class").

*Kostendt*, ECF No. 7 at ¶69; *id.* at ¶1 ("This is a securities class action on behalf of all person or entities who purchased or otherwise acquired Oatly ***securities*** between May 20, 2021 and July 15, 2021 . . . ."); *Kostendt*, ECF No. 1 at ¶1 ("This is a securities class action on behalf of all person or entities who purchased or otherwise acquired Oatly ***securities*** . . . ."); *id.* at ¶70 ("Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all person or entities who purchased or otherwise acquired Oatly ***securities*** during the Class Period (the 'Class')."); *see also* 15 U.S.C. §78c(a)(10) (Securities Exchange Act of 1934 defines "***security***" as "any note, stock, . . . bond, debenture, . . . any put, call, straddle, ***option***, or privilege on any security").

Second, by focusing on which specific type of securities the plaintiffs themselves purchased – rather than what was purchased by the putative class that plaintiffs requested to represent[4] – the Court's decision is in tension with controlling precedent established in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 (2d Cir. 2012), and the nine years of PSLRA jurisprudence since *NECA*, which affirm Hayden's ability to capably serve as lead plaintiff in this case. Specifically, the Second Circuit's holding in *NECA* affirmed that a purchaser of one type of security can have class standing to represent purchasers of other types of securities that no named plaintiff purchased (but which are included within the class definition proposed in a complaint). *See id.* at 158 n.9 ("[The district court] erred to the extent it based its conclusion on the

---

[4]    All lead plaintiff movants requested that the three filed complaints be consolidated. *See* ECF Nos. 7 at 3-4, 10; 10 at 4-5, 9; 12 at 2-3,8; 16 at 3-5, 11; 19 at 3, 8; 33 at 2; 35 at 4, 11. Plaintiff Kostendt specifically requested that the Court "[d]eclar[e] this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23" and defined the class to include purchasers of "Oatly securities during the Class Period." *Kostendt*, ECF No. 1 at Prayer for Relief A. and ¶69.

4878-3969-1270.v1

(mistaken) assumption that 'only when . . .other people bought the same securities that the plaintiff bought' may a 'practically identically situated' plaintiff serve as their 'class representative.'" (alteration in original)); *see also Hevesi v. Citigroup, Inc*., 366 F.3d 70, 82 (2d Cir. 2004) ("[B]ecause the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.").[5]

Indeed, district courts around the country – *without any exception known to Hayden or Hipple's counsel* – have found that options purchasers are included in a class defined on behalf of purchasers of "securities," regardless of whether the named plaintiffs who filed the initial complaints purchased options. In the very few instances where a litigant argued that options purchasers are definitionally excluded from a "securities" class, the initial complaints at issue alleged contradictory class definitions in the same complaint. In *In re LightInTheBox Holding Co., Ltd. Sec. Litig*., 2013

---

[5]   *See also In re Winstar Commc'ns Sec. Litig*., 290 F.R.D. 437, 450-52 (S.D.N.Y. 2013) ("The Second Circuit has recently clarified the ability of purchasers of one type of security to represent purchasers of other types of securities that no named plaintiff purchased. . . . Whether Defendant's participation in issuing this alleged misstatement injured purchasers of Winstar securities is a question that implicates the same set of concerns for all investors in Winstar's securities, including stocks and bonds, because of their common concern for the company's financial health. As Plaintiffs have met both prongs of *NECA*, they have class standing to represent both stock and bond purchasers."); *In re Eletrobras Sec. Litig*., 245 F. Supp. 3d 450, 461-62 (S.D.N.Y. 2017) ("The defendants argue that the named plaintiffs, purchasers of Eletrobras ADSs during the class period, lack standing to bring claims on behalf of purchasers of Eletrobras bonds. . . . The defendants argue that class standing on behalf of bondholders should be denied because there are fundamental differences between the characteristics of ADSs and bonds. While the accompanying levels of risk between ADSs and bonds do differ, the Second Circuit Court of Appeals has made clear that 'varying levels of payment priority [do not] raise such a fundamentally different set of concerns as to defeat class standing.' *NECA*, 693 F.3d at 164 (citation and quotation marks omitted). Accordingly, the named plaintiffs have class standing to assert claims on behalf of those who purchased Eletrobras bonds during the class period."); *Freudenberg v. E\*Trade Fin. Corp*., 2008 WL 2876373, at \*6 (S.D.N.Y. July 16, 2008) ("In light of the Securities Exchange Act's broad definition of 'security,' courts have appointed as lead plaintiffs purchasers of a wide variety of financial instruments. Further, they often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned.").

WL 6145114, at *3 (S.D.N.Y. Nov. 21, 2013), for example, Judge Castel rejected a lead plaintiff

movant's contention that options losses should be excluded from the financial interest analysis

because they were not "'part of the relief sought by the class,'" when the first paragraph of the initial

complaint was on behalf of "purchasers of the American Depository Shares ('ADSs') of

LightInTheBox " (*see* Ex. 1 at ¶1, attached hereto) but a later paragraph made clear that the plaintiff

sought to represent a class "'consisting of all those who purchased or otherwise acquired

LightInTheBox securities during the Class Period.'" 2013 WL 6145114, at *3 (emphasis omitted).

In concluding that "options-related losses are properly considered in determining the presumptive

lead plaintiff under the PSLRA," Judge Castel stated:

> Mr. Zhu argues that Mr. Zheng's $14,500 in losses on option contracts should not be included in the loss calculation because they are not "part of the relief sought by the class." *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). In support, Zheng contends that the three class complaints filed do not include options as part of the securities that are the subject of the complaints. While the Bai Complaint and the Pearlman Complaint specifically identify the class members as purchasers of LITB's ADSs, the Sabile Complaint states in the first paragraph under "Plaintiff's Class Action Allegations" that "Plaintiff brings this action . . . on behalf of a Class, consisting of all those who purchased or otherwise acquired LightInTheBox *securities* during the Class Period and were damaged thereby." Sabile Compl., ¶25 (emphasis added). All three complaints seek damages for investment losses attributable to defendants' fraudulent misstatements or omissions. Neither Mr. Zhu nor any other party has suggested any other reason that options purchasers should be excluded from the consolidated class; to the contrary, all movants agreed that consolidation of these three cases was appropriate without raising any objection that the Sabile Complaint's class definition was overbroad. Thus, Mr. Zheng's options-related losses are properly considered in determining the presumptive lead plaintiff under the PSLRA.

*Id.* at *3 (emphasis omitted); *see also* Ex. 1 at ¶¶1, 25, attached hereto.

Notably, none of the three named plaintiffs who filed complaints in *LightInTheBox* alleged

that they purchased options. *See* Exs. 1-3, attached hereto. Similarly, in *Phillips v. Churchill Cap.*

*Corp. IV*, 2021 WL 4220358, at *4 (N.D. Ala. Sept. 16, 2021), a movant with a smaller financial

interest argued that "as currently pleaded, the class definition includes only plaintiffs who purchased

- 4 -

4878-3969-1270.v1

common stock and warrants, and some portion of [the presumptive lead plaintiff's] losses were sustained through options trading, not the purchase of common stock or warrants." There too, the initial complaint at issue "begins by describing the putative class as 'consisting of all persons and entities other than Defendants that purchase or otherwise acquired [CCIV] *securities*,' and then later narrows the definition to include only those individuals or entities that purchased common stock or warrants." *Id.* at *4 (emphasis added). Ultimately, the court found that "[b]ecause the complaint contains two different class definitions, the court finds that favoring the more limited definition for purposes of selection of a lead plaintiff would disregard the rights of purported class members who purchased any CCIV securities within the relevant time frame and who meet the requirements of the broader definition." *Id.* As in *LightInTheBox*, none of the named plaintiffs who filed complaints against Churchill Capital Corp. IV, purchased options.[6]

Hayden and Hipple are not sore losers, nor do they seek to re-litigate matters that were previously briefed by the parties. Rather, Hayden and Hipple seek reconsideration to correct a factual and legal error in the Order which resulted in the undeserved denial of their lead plaintiff motion. Once corrected, Hayden and Hipple's motion should be granted.

DATED: December 20, 2021                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN & DOWD LLP


                                            *s/ David A. Rosenfeld*
                                            DAVID A. ROSENFELD

---

[6] It is telling that Mr. Bello – who is represented by counsel with extensive experience in PSLRA jurisprudence - has not cited a single case in his initial or renewed lead plaintiff motions in support of the notion that a complaint filed on behalf of a company's "securities" facially excludes purchasers of options, or that a named plaintiff's own purchases are relevant to the inquiry of whether a putative class includes options purchasers.

4878-3969-1270.v1

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 6 -

4878-3969-1270.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 20, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4878-3969-1270.v1

## Mailing Information for a Case 1:21-cv-06360-AKH Jochims v. Oatly Group AB et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com,edewan@scott-scott.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)