**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAI JOCHIMS, Individually and On Behalf of All Others Similarly Situated,<br><br>                                 Plaintiff,<br><br>          v s .<br><br>OATLY GROUP AB, TONI PETERSSON, CHRISTIAN HANKE, FREDRIK BERG, STEVEN CHU, ANN CHUNG, BERNARD HOURS, HANNAH JONES, MATTIAS KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC MELLOUL, BJÖRN ÖSTE, FRANCES RATHKE, YAWEN WU, and TIM ZHANG,<br><br>                                 Defendants. | Case No. 1:21-cv-06360-AKH<br><br>Hon. Alvin K. Hellerstein |
| FRANCESCA BENTLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                                 Plaintiff,<br><br>          vs.<br><br>OATLY GROUP AB, TONI PETERSSON, CHRISTIAN HANKE, FREDRIK BERG, STEVEN CHU, ANN CHUNG, BERNARD HOURS, HANNAH JONES, MATTIAS KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC MELLOUL, BJÖRN ÖSTE, FRANCES RATHKE, YAWEN WU, and TIM ZHANG,<br><br>                                 Defendants.<br><br>*Caption continued on following page.* | Case No. 1:21-cv-06485-AKH |

ANTHONY KOSTENDT, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

OATLY GROUP AB, TONI PETERSSON, CHRISTIAN HANKE, FREDRIK BERG, STEVEN CHU, ANN CHUNG, BERNARD HOURS, HANNAH JONES, MATTIAS KLINTEMAR, PO SING (TOMAKIN) LAI, ERIC MELLOUL, BJÖRN ÖSTE, FRANCES RATHKE, YAWEN WU, and TIM ZHANG,

Defendants.

Case No. 1:21-CV-07904-AKH

**LEAD PLAINTIFF MARIO BELLO'S OPPOSITION TO MOTION BY HAYDEN & HIPPLE FOR RECONSIDERATION OF LEAD PLAINTIFF ORDER**

**INTRODUCTION**

The motion by Mark D. Hayden and Bruce R. Hipple ("Hayden & Hipple") for reconsideration of this Court's Order appointing Mario Bello as Lead Plaintiff of the above-captioned securities class actions (ECF No. 37, the "Lead Plaintiff Order") must be denied.[1]

The standard for reconsideration is very high.  Motions for reconsideration "should be granted only when the [movant] identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trus*t, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotations omitted); *see also* Local Rule 6.3; Fed R. Civ. P. 59.  Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citations omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Hayden & Hipple have come nowhere near satisfying the exacting standard required for reconsideration.  After a careful process that included the filing of amended complaints that clarified the scope of the class at issue, this Court correctly held that Mario Bello had the largest financial interest in this case and should be appointed lead pursuant to the Private Securities Litigation Reform Act ("PSLRA").  Lead Plaintiff Order at 2, 6.  The Court correctly determined that the supposedly larger loss claimed by Hayden & Hipple was not determinative because nearly 90% of that duo's losses were derived from options trades that were outside the scope of the complaints, which the Court found asserted claims for losses arising from purchases of American

---

[1]    On December 8, 2021, in the Lead Plaintiff Order, this Court consolidated the above-captioned securities class actions and appointed Mario Bello as Lead Plaintiff of the consolidated case.  ECF No. 37.  On December 20, 2021, Hayden & Hipple filed a motion for reconsideration of the Lead Plaintiff Order.  ECF No. 42.

Depositary Shares ("ADSs") issued by Oatly Group AB ("Oatly"), and not arising from options derivative of those ADSs. *Id.*, at 5.

Hayden & Hipple argue that this Court made not one but "two [clear] errors – one factual, one legal" in the Lead Plaintiff Order; specifically, (1) the Court erred in finding that "an [options] class" does not exist within the four corners of the complaints; and (2) the Lead Plaintiff Order is "in tension" with the Second Circuit's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA*"). Neither of these arguments have merit. The first argument is nothing more than a rehash of the same argument raised by Hayden & Hipple in its lead plaintiff motion papers, which was rejected by the Court. The second argument fails by its own terms. Hayden & Hipple do not argue Second Circuit authority conflicts with the Lead Plaintiff Order, only that there is a "tension." Thus, even Hayden & Hipple acknowledge that this Court has not overlooked controlling legal precedent, which is the standard for reconsideration. Moreover, even Hayden & Hipple's argument that there is "tension" with *NECA* is unpersuasive.

Accordingly, the Court should deny the motion for reconsideration in full.

## ARGUMENT

### I.      Hayden & Hipple Fail to Identify Any Clear Factual Errors

Hayden & Hipple do not point to any clear factual errors that require reconsideration. Instead, Hayden & Hipple simply reargue their position that their losses on options contracts that were not issued by Oatly, and to which Oatly is not a party, fall within the four-corners of the complaint when this Court has already correctly held that this is not the case.

The Court has considered Hayden & Hipple's argument that options losses should be considered and held otherwise because "within the four corners of the original three complaints,

no such class [of options investors] exists." Lead Plaintiff Order at 5. Further, as this Court correctly reasoned, it is undisputed that both plaintiffs who filed amended complaints (and all three plaintiffs who filed the original complaints) purchased only ADSs, not options. *Id.* And, this Court found that the amended complaints allege "ADS-related losses." *Id.*; *see also Kostendt* Compl., ¶¶53, 55 (alleging only decreases in the price of Oatly ADSs upon the truth being revealed).

The Court's ruling was based on a careful process and a plethora of facts. This Court analyzed this issue, even requesting additional filings and briefing on the issue (*see* ECF No. 29), and found that options were not covered by the *Kostendt* complaint, or any other complaint. In addition to the fact that Kostendt did not buy options, the *Kostendt* complaint only alleges that Oatly ADSs are traded efficiently on the NASDAQ, and does not make any similar allegation regarding options. *Kostendt* Compl., ¶60(a). The *Kostendt* complaint also only notes that ADS holders number in the hundreds or thousands (so as to satisfy Rule 23's numerosity requirement) and does not make a similar allegation regarding the number of options investors. *Id.*, ¶70.

The supposedly overlooked fact cited by Hayden & Hipple in favor of reconsideration – that the *Kostendt* complaint sometimes references the term "Oatly securities" in addition to Oatly ADSs – does not alter the Court's analysis. First of all, this language from the *Kostendt* complaint was plainly not overlooked. Hayden & Hipple cited this language to the Court clearly in their lead plaintiff papers. *See* ECF No. 33, at 3. Rather, this Court, fully aware of the contents of the complaints, correctly ruled that, notwithstanding the reference to "securities," the complaints only involved plaintiffs who were asserting "ADS-related losses." Lead Plaintiff Order at 5. Hayden & Hipple's options losses are not "ADS-related" because an option is an entirely different investment than an ADS. Whereas the ADSs at issue in this action were issued by Oatly and reflect

equity ownership of Oatly (the right to one ordinary share for every ADS (*Kostendt* Compl., ¶27)), options are third-party contracts to which Oatly and the other defendants are not parties and have nothing to do with.

Hayden & Hipple only cite two decisions in support of their argument.  Neither decision is new or controlling and both decisions involved factually distinguishable circumstances and different complaints.  *See* ECF No. 43, at 3-5 (discussing *In re LightInTheBox Holding Co., Ltd. Sec. Litig.*, No. 13-CV-6016-PKC, 2013 WL 6145114 (S.D.N.Y. Nov. 21, 2013); *Phillips v. Churchill Cap. Corp. IV*, No. 1:21-cv-00539, 2021 WL 4220358 (N.D. Ala. Sept. 16, 2021)).

In *LightInTheBox*, the individual at issue did not *only* suffer options losses; rather the vast majority (over 90%) of his financial interest in the case was from ADS losses.  *See id.*, at \*\*3-4. It is also noteworthy that, after the investor with options losses was appointed as lead plaintiff, he abandoned the options claims, no doubt to limit class certification risks.  Neither the *LightInTheBox* amended complaints nor its eventual settlement class included options holders; instead, the operative *LightInTheBox* class included **only** ADS purchasers (and not options purchasers or "securities" purchasers).[2]  *LightInTheBox*, ECF No. 50, at ¶66 (consolidated complaint defines class as "all purchasers of the ADS of LightInTheBox during the Class Period"); *see similarly id.*, ECF No. 56, at ¶75 (same definition in consolidated second amended complaint); *see similarly id.*, ECF Nos. 79 (preliminary settlement approval) & 96 (final settlement approval). Thus, in *LightInTheBox*, despite a settlement, options purchasers (including the lead plaintiff) did not recover on their options losses because options were not part of the class.  We submit this result

---

[2]     The law firm that represents Hayden & Hipple in this case argued in *LightInTheBox* that the options losses should **not** count and that the term "securities" as used in one of the original complaints did not necessarily encompass options purchases.  *LightInTheBox*, ECF No. 30.  This case was therefore certainly known to Hayden & Hipple at the time of both the original and second lead plaintiff briefings.

cuts hard against Hayden & Hipple's assertion that this case is persuasive (and overlooked) authority on whether options purchasers are typical class members of securities class actions. *LightIntheBox* is also distinguishable because no competing movant had given "any other reason that options purchasers should be excluded from the consolidated class," *id.*, at \*3; whereas, here, Bello argued and the Court considered the many ways in which Hayden's options losses are different than ADS losses and make him atypical.

The Alabama case is similarly factually distinguishable. That court found that when a broader term was used (securities) and then later in the complaint a narrower term was used (stock and warrants), the Court would use the broader term for the purpose of analyzing lead plaintiff movants. *Phillips*, at \*4. However, there was only one complaint in *Phillips* and all the competing movants had agreed that the term "securities", as used in that complaint, *did* include options, so the issue before this Court was not at issue there. Moreover, unlike here, the *Phillips* court did not have before it the persuasive case law from this Circuit (and others) regarding how options-only investors are subject to unique defenses. The *Phillips* court also did not consider what claims were actually held by the filing plaintiff. And, finally, the issue was not dispositive because the *Phillips* court found that, even if options were not included in the complaint, the same movant would be appointed because the class member had suffered the vast majority of his losses in stock and warrants. *See Phillips*, at \*4 (there was "no argument or evidence regarding how [movant's] additional options losses exclude him from membership in a class that includes only common stock and warrants purchasers or how that fact impedes his ability to represent the class fairly and adequately"). This is far from the situation here where Hayden suffered all of his losses in options and, together, Hayden & Hipple suffered 90% of their losses in options.

5

**II.**     **Hayden & Hipple Admit that No Controlling Authority Requires This Court to Reconsider**

Hayden & Hipple's argument that the Lead Plaintiff Order is "in tension" with the Second Circuit's decision in *NECA* fails by its own terms. Motions for reconsideration are not granted because the losing party articulates a way that the Court *could* have ruled if only the Court had adopted the losing party's self-serving reading of the case law. *See Kolel Beth*, 729 F.3d, at 104. For that reason, Hayden & Hipple's admission that there is no conflict with *NECA*, or any other controlling authority, is fatal to their motion.

Moreover, Hayden & Hipple's argument is not even persuasive in arguing that there is "tension" with *NECA*. The *NECA* Court addressed mortgage-backed securities ("certificates") that were particularly popular just before the financial crisis of 2008. The certificates at issue were all issued under the same base offering prospectus, by the same defendants. 693 F.3d 145, at **149-151. The *NECA* Court held that a plaintiff who bought one certificate (or "tranche") of the offerings had class standing to assert the claims of purchasers of other tranches and of other certificates backed by mortgages originated by the same lenders, because such claims implicate "the same set of concerns." *Id.,* at **148-49.

Thus, while *NECA* stands for the proposition that an investor in one security may have standing to assert claims based on substantially similar securities that implicate "the same set of concerns," that is not the case here; and, importantly, Hayden & Hipple do not even argue that the *NECA* test has been satisfied. That is because Oatly ADSs (issued by Oatly to raise capital for Oatly) and options contracts concerning Oatly ADSs are very different from the tranches or certificates of the same offerings that were at issue in *NECA*. Unlike Oatly ADSs, Oatly did not issue the options contracts; moreover, unlike for ADSs, there are no allegations in the consolidated complaints that Defendants did anything to make the options available or that they knew or should

6

have known that their alleged material misrepresentations and omissions would affect the options market.  *See*, *e.g.*, *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 944 (9th Cir. 2018) (discussing that a Section 10(b) complaint must allege that the securities at issue "are registered on a national securities exchange," or otherwise meet the requirements of 15 U.S.C. §78j(b)).

Moreover, as this Court has discussed at length, options do not implicate the same set of concerns as ADSs.  Rather, options involve very different concerns regarding, *inter alia*, standing, causation, and damages.  *See*, *e.g.*, *In re Elan Corp. Sec. Litig.*, No. 1:08-CV-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009); *Andrada v. Atherogenics, Inc.*, No. 05 CIV. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (noting options-only investor could face "standing challenges" and rejecting such movant); *In re Arakis Energy Corp. Sec. Litig.*, No. 95 Civ. 3431 (ARR), 1999 WL 1021819, at *3 (E.D.N.Y. April 27, 1999) (noting that the law as to whether options traders have standing to assert claims under Section 10b-5 of the Securities Exchange Act is "unsettled").

## CONCLUSION

For the foregoing reasons, Lead Plaintiff Bello respectfully requests that the Court deny Hayden & Hipple's motion for reconsideration of the Lead Plaintiff Order.

DATED:  January 10, 2022                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                             *s/ Thomas L. Laughlin, IV*
                                            Thomas L. Laughlin, IV
                                            Rhiana L. Swartz
                                            The Helmsley Building
                                            230 Park Avenue, 17th Floor
                                            New York, NY  10169
                                            Telephone: 212-223-6444
                                            Facsimile:  212-223-6334
                                            tlaughlin@scott-scott.com
                                            rswartz@scott-scott.com

                                            *Counsel for Lead Plaintiff Mario Bello and Lead*
                                            *Counsel for the Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

8