UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x
KAI JOCHIMS, Individually and on Behalf of   :   Civil Action No. 1:21-cv-06360-AKH
All Others Similarly Situated,               :
                                             :   CLASS ACTION
                         Plaintiff,          :
                                             :
        vs.                                  :
                                             :
OATLY GROUP AB, TONI PETERSSON,              :
CHRISTIAN HANKE, FREDRIK BERG,               :
STEVEN CHU, ANN CHUNG, BERNARD               :
HOURS, HANNAH JONES, MATTIAS                 :
KLINTEMAR, PO SING (TOMAKIN) LAI,            :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES            :
RATHKE, YAWEN WU, and TIM ZHANG,             :
                                             :
                         Defendants.         :
————————————————————————— x
FRANCESCA BENTLEY, Individually and on       :   Civil Action No. 1:21-cv-06485-AKH
Behalf of All Others Similarly Situated,     :
                                             :   CLASS ACTION
                         Plaintiff,          :
                                             :
        vs.                                  :
                                             :
OATLY GROUP AB, TONI PETERSSON,              :
CHRISTIAN HANKE, FREDRIK BERG,               :
STEVEN CHU, ANN CHUNG, BERNARD               :
HOURS, HANNAH JONES, MATTIAS                 :
KLINTEMAR, PO SING (TOMAKIN) LAI,            :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES            :
RATHKE, YAWEN WU, and TIM ZHANG,             :
                                             :
                         Defendants.         :
————————————————————————— x
[Caption continued on following page.]

MARK D. HAYDEN AND BRUCE R. HIPPLE'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF AND COUNSEL (ECF
NO. 37)

4863-9413-6842.v1

———————————————————————— x

ANTHONY KOSTENDT, Individually and on :    Civil Action No. 1:21-cv-07904-UA
Behalf of All Others Similarly Situated,    :

                                  :    CLASS ACTION

                Plaintiff,    :

                                    :

     vs.    :

                                    :

OATLY GROUP AB, TONI PETERSSON,    :
CHRISTIAN HANKE, FREDRIK BERG,    :
STEVEN CHU, ANN CHUNG, BERNARD    :
HOURS, HANNAH JONES, MATTIAS    :
KLINTEMAR, PO SING (TOMAKIN) LAI,    :
ERIC MELLOUL, BJÖRN ÖSTE, FRANCES    :
RATHKE, YAWEN WU, and TIM ZHANG,    :

                                    :

                Defendants.    :

———————————————————————— x

4863-9413-6842.v1

Having no answer to the uncontroverted facts and unanimous case law supporting Mark D. Hayden and Bruce R. Hipple's ("Hayden and Hipple") contention that the Court's Order (ECF No. 37) mistakenly determined "that within the four corners of the three original complaints, no [options] class exists," (*id.* at 5), Mario Bello rehashes his prior challenge – which the Court previously and correctly rejected – to the typicality of options purchasers in general, without addressing the specific question at issue here of whether such class members fall within the express class definition. *Id.*[1] For this reason alone, Hayden and Hipple's motion should be granted.

Moreover, Mr. Bello does not (because he cannot) dispute that the amended complaint filed by Anthony Kostendt seeks to certify a class that, pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), expressly includes purchasers of options. *Kostendt*, ECF No. 7 at Prayer for Relief A.; and ¶70 (requesting that the Court "[d]eclar[e] this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23" and defining the class to include purchasers of "Oatly securities during the Class Period"); 15 U.S.C. §78c(a)(10) (the Exchange Act defines "security" as "any note, stock, . . . bond, debenture, . . . any put, call, straddle, *option*, or privilege on any security").

---

[1]    ECF No. 37 at 4-5 ("[Bello] argues that Hayden's losses should not be considered because his losses are 'too speculative to be considered for purposes of the PSLRA financial interest consideration.'". . . He further argues that Hayden should be disqualified because his options losses are not typical or adequate. . . . In essence, Bello urges me to narrow the potential class of claimants to only those who have suffered ADR losses. . . . While Hayden and Hipple have the greatest financial interest, I decline to appoint them as co-lead plaintiffs. ***This is not because Hayden's losses are too speculative or because he would not adequately represent a class of potential claimants***. Rather, I cannot appoint Hayden as co-lead plaintiff for the simple reason that ***within the four corners of the three original complaints, no such class exists. No complaint seeks to certify a class of individuals that suffered options losses. Instead, the two amended complaints claim ADS-related losses. Specifically, both plaintiffs allege they purchased*** 'Oatly ADSs during the Class Period.'"). Unless otherwise noted herein, all emphasis is added and citations are omitted.

4863-9413-6842.v1

Without contesting the fact that plaintiff Kostendt used the term "Oatly *securities*" *each time* he referenced the class to be certified, Mr. Bello (mis)represented to this Court that all three related actions were "brought on behalf of a Class of purchasers of American Depositary Shares ('ADS') of Oatly Group AB," (ECF No. 35 at 1). This may have given the Court the wrong impression regarding what it means – according to the express language of the Exchange Act – to define a class that includes purchasers of "securities." When confronted with this fact, Bello again deflects by speculating whether Kostendt actually intended to include options within his proposed class definition.[2] *See* ECF No. 52 at 3. In the next breath, Bello contends that even if options purchasers were intended to be included in the class that Kostendt asked to have certified, the Court should nonetheless – on reconsideration – narrow the potential class to ADS purchasers because "an option is an entirely different investment than an ADS." *Id.* These arguments simply confirm that the "four corners" of the Kostendt complaint *did* seek to certify a class that includes options purchasers and the Court thus erred in holding otherwise.

As with Mr. Bello's incorrect representation that all three related actions were "brought on behalf of a Class of purchasers of American Depositary Shares ('ADS') of Oatly Group AB" (ECF No. 35 at 1), the Court's decision may have been influenced by Bello's additional (mis)representation that Mr. Hayden was the *only* lead plaintiff movant in this case who relied on the class definition in the *Kostendt* complaint and incurred losses on Oatly options transactions. ECF No. 26 at 2 (Bello representing to this Court that: "Like *all of the other movants except for Hayden*, Bello incurred his loss in Oatly ADR transactions."). Not so. Lead Plaintiff movant Angela

---

[2]    This argument, of course, is a red herring. Plaintiff Kostendt's intent need not be speculated – he alleges what he alleges, which is a class definition including all purchasers of Oatly securities. This is particularly so considering that Kostendt refiled his complaint with the same class definition. *Compare Kostendt*, ECF No. 1 at ¶¶1, 70 *with Kostendt*, ECF No. 7 at ¶¶1, 69.

- 2 -

4863-9413-6842.v1

Brigante Colonna incurred $42,845 of her $45,481 losses (94%) on options trades. *See* ECF No. 17-1. What's more, Ms. Colonna makes clear that she relied on the *Kostendt* complaint, which encompassed "a broader class of investors" than the *Jochims* and *Bentley* Actions.[3]  Given that Bello himself initially recognized that "[t]he three above-captioned actions present very similar factual and legal issues and allege similar violations of the federal securities laws against the same Defendants and on behalf of ***substantially similar*** classes," his about-face after he learned of Hayden and Hipple's larger financial interest lacks credibility.  *See* ECF No. 12 at 8.

Unable to challenge Hayden and Hipple's argument in support of reconsideration that "district courts around the country – ***without any exception known to Hayden or Hipple's counsel*** – have found that options purchasers are included [for lead plaintiff purposes] in a class defined on behalf of purchasers of 'securities' regardless of whether the named plaintiffs who filed the initial complaints purchased options," (ECF No. 43 at 3), Mr. Bello instead focuses on the irrelevant fact that Hayden and Hipple "only cite[d] two decisions in support of their argument." ECF No. 52 at 4.[4] In fact, in just the last few months, there have been several additional cases that further confirm Hayden and Hipple's unchallenged position that a "securities" class by definition (and without regard for the named plaintiff's own purchases) includes options:

---

[3]    ECF No. 16 at 1 n.1 ("Finally, on September 22, 2021, the third-filed of the Related Actions, styled *Kostendt v. Oatly Group AB et al.*, No. 1:21-cv-07904 (the '*Kostendt* Action'), was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the *Jochims* and *Bentley* Actions, on behalf ***of a broader class of investors that includes all person or entities who purchased or otherwise acquired Oatly securities during the Class Period***.  *See Kostendt* Action, Dkt. No. 1, at ¶1.  Therefore, without conceding which of the Related Actions alleges the appropriate class, and to avoid excluding any potential class members, this motion has adopted the ***broader class of investors*** specified in the *Kostendt* Action.").

[4]    Mr. Bello's analysis of *LightInTheBox* and *Phillips* misses the mark and does not actually dispute that these cases held that a complaint seeking to certify a class of a company's "securities" – even when other sections of that complaint may suggest otherwise – plainly encompasses options purchasers for the purposes of selecting a lead plaintiff.

4863-9413-6842.v1

- *Kang v. PayPal Holdings, Inc*., No. 3:21-cv-06468-CRB, ECF No. 29 (N.D. Cal. Nov. 2, 2021) (summarily appointing investor as co-lead plaintiff who exclusively suffered losses on options where complaint was on behalf of purchasers of all "securities" and named plaintiff did not allege losses on options); *see also id.* ECF Nos. 1, 21-1.

- *Ragan v. AppHarvest Inc*., No. 1:21-cv-07985-LJL, ECF No. 39 (S.D.N.Y. Dec. 13, 2021) (summarily appointing lead plaintiff who suffered losses on common stock and warrants where initial complaints – including the one filed by Mr. Bello's counsel – were on behalf of purchasers of all "securities" and named plaintiffs did not allege losses on warrants); *see also id.* ECF Nos. 1, 14-2.

- *Gong v. Neptune Wellness Solutions Inc*., No. 2:21-cv-01386-ENV-ARL, ECF No. 1, 38 (E.D.N.Y. Jan. 4, 2022) (summarily appointing lead plaintiff who suffered losses on common stock and options where initial complaint was on behalf of purchasers of all "securities" and named plaintiff did not allege losses on options); *see also id.* ECF No. 1.

Unable to contest the plain errors of fact and law that Hayden and Hipple identified in the Order which warrant reconsideration, Mr. Bello instead rehashes his previously-offered -- and rejected -- typicality and adequacy arguments. *See* ECF No. 52 at 5 (arguing that *LightInTheBox* cuts hard against "whether options purchasers are typical class members of securities class actions"); *id*. at 6 ("Moreover, as this Court has discussed at length, options do not implicate the same set of concerns as ADSs. Rather, options involve very different concerns regarding, *inter alia*, standing, causation, and damages."). Because Bello does not contend that the Court erred in its prior analysis of these arguments, the Court should once again reject these arguments. *See also* ECF No. 28 at 3-5.

The remainder of Hayden and Hipple's request for reconsideration focuses on the Court's use of the named plaintiffs' own purchases – rather than the definitions of the classes that they sought to have certified – as a barometer of whether an options class existed in the four corners of the three filed complaints. On this point, Mr. Bello acknowledges that controlling Second Circuit precedent in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*., 693 F.3d 145 (2d Cir. 2012), "stands for the proposition that an investor in one security may have standing to assert claims based on

- 4 -

4863-9413-6842.v1

substantially similar securities that implicate 'the same set of concerns.'" ECF No. 52 at 6. Despite

his concession, Bello nonetheless argues that *NECA* is not applicable because, in his view, ADSs and

options do not implicate "the same set of concerns," pivoting back to his prior argument regarding

the adequacy of lead plaintiff movants who engage in options transactions (rather than their

membership in a class proposed by a complainant that did not purchase options). *Id*.[5] While Bello

attempts to argue that *NECA* is limited to mortgage-backed-securities tranches, he fails to address the

cases cited by Hayden and Hipple holding otherwise, even at the more stringent motion to dismiss

and Rule 23 stages. *See, e.g.*, *In re Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437, 450-52

(S.D.N.Y. 2013) ("The Second Circuit has recently clarified the ability of purchasers of one type of

security to represent purchasers of other types of securities that no named plaintiff purchased."); *see

also* ECF No. 43 at 3 n.5. Bello fails to identify *any* cases where a United States district court found

a named plaintiff's purchases determinative or even informative regarding the scope of the class at

the lead plaintiff stage.

At the end, Hayden and Hipple recognize the Court's broad discretion in appointing a lead

plaintiff. Had the Court stated that it found persuasive any of the arguments advanced by Mr. Bello

during the initial round of lead plaintiff proceedings, Hayden and Hipple would not have sought

---

[5]    As explained in Hayden and Hipple's prior briefing, Mr. Bello's adequacy concerns are misguided because unlike movants who *only* invest in options, lead plaintiff movants who broadly invest in both options and stock – as Hayden and Hipple did – satisfy the PSLRA's requirements and can be appointed lead plaintiff. *Compare In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (declining to appoint movant with smaller financial interest that only traded in call options and noting that situation before the court did not "involve appointing an options trader as one of multiple class representatives" that traded in "both options and other securities") *with Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) (granting a presumptive lead plaintiff's motion where it "traded in both common stock and options" during the class period and noting that "the focus of the typicality analysis is, as here, 'whether the same or similar injuries arose out of or were caused by Defendants' alleged wrongful course of conduct'"); *see generally* ECF No. 28 at 3-5 (collecting cases).

reconsideration.  However, given the narrow and unprecedented factual and legal grounds that the

Court based its determination on (which the parties did not brief or have the opportunity to explore

during oral argument), Hayden and Hipple respectfully submit that reconsideration is warranted.[6]

DATED:  January 19, 2022         Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

          *s/ David A. Rosenfeld*
        DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

---

[6]   Appointing Hayden and Hipple as lead plaintiff would not delay the progression of this case as Mr. Bello has informed defendants that he is "not in a position to discuss a briefing schedule [on defendants' motion to dismiss] in light of the Motion for Reconsideration."  ECF No. 50 at 1.  As a result, this case is essentially stayed "until the Motion for Reconsideration is resolved."  *Id.* at 2.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 19, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4863-9413-6842.v1

# Mailing Information for a Case 1:21-cv-06360-AKH Jochims v. Oatly Group AB et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Christopher J. Clark**
  chris.clark@lw.com,christopher-clark-4545@ecf.pacerpro.com,NY-CourtMail@lw.com,new-york-ma-2860@ecf.pacerpro.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Thomas Livezey Laughlin , IV**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com,edewan@scott-scott.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Benjamin Naftalis**
  benjamin.naftalis@lw.com,NY-CourtMail@lw.com,benjamin-naftalis-7343@ecf.pacerpro.com,new-york-ma-2860@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)