**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE OATLY GROUP AB SECURITIES LITIGATION | Consolidated Civil Action No. 1:21-cv-06360-AKH |

## LEAD PLAINTIFF'S UNOPPOSED MOTION
## FOR LEAVE TO FILE SECOND CONSOLIDATED COMPLAINT

Lead Plaintiff Mario Bello ("Bello") in this putative class action, having met and conferred with Defendants, respectfully submits this unopposed motion for leave to file a Second Consolidated Complaint ("SCC"), pursuant to the Court's order issued May 2, 2022 (ECF No. 73).

## BACKGROUND

This action commenced on July 26, 2021, by Plaintiff Kai Jochims ("Jochims") (ECF No. 1).  On October 26, 2021, the Court issued an Order that (i) granted all then-existing plaintiffs in this, and all other subsequently-filed related actions, permission to file amended complaints by December 1, 2021, in order to facilitate the Court's efforts to decide issues related to the appointment of Lead Plaintiff(s) under the Private Securities Litigation Reform Act; and (ii) further directed that any motions to be appointed a lead plaintiff based on any newly-filed complaints also be filed by December 1, 2021 (ECF No. 29).  On December 1, 2021, Plaintiff Jochims filed his Amended Complaint (ECF No. 31).

Also on December 1, 2021, Bello moved to be appointed the lead plaintiff in this consolidated action (ECF No. 34).  The Court granted that motion and appointed Bello as Lead Plaintiff on December 6, 2021 (ECF No. 37).  Thereafter, pursuant to the Court's scheduling order of January 28, 2022 (ECF No. 61), Bello filed his first complaint, styled the "Consolidated Amended Complaint for Violation of the Federal Securities Laws" ("Consolidated Complaint", ECF

No. 64), which also included as additional Plaintiffs Mr. Jochims and certain others.  Defendants filed their motion to dismiss ("Motion to Dismiss") said complaint on April 8, 2022 (ECF Nos. 69-71).

Plaintiffs' opposition to the Motion to Dismiss was originally due on May 6, 2022. However, after reviewing the Motion to Dismiss and additional information that became available after Bello filed the Consolidated Complaint on March 4, 2022 (ECF No 64), Lead Plaintiff's counsel contacted Defendants' counsel on April 25, 2022, to suggest that it would be more efficient and appropriate for Lead Plaintiff to file a superseding amended complaint rather than oppose the pending Motion to Dismiss.  After meeting and conferring, Defendants graciously agreed not to oppose Lead Plaintiff's request to file a SCC, and in return Plaintiffs agreed to (a) ask the Court to grant Defendants 35 days to move to dismiss the contemplated SCC, and (b) not seek to file a further amended complaint until after a ruling on any such motion.

On April 29, 2022, Lead Plaintiff filed his Unopposed Motion to Set Revised Briefing Schedule (ECF No. 72) to, in part, set deadlines for Lead Plaintiff to seek leave to file the SCC, and to set a schedule for briefing any motion to dismiss the SCC, if the Court grants such leave. The Court granted that motion on May 2, 2022, and ordered, *inter alia*, that "Lead Plaintiff shall file his motion for leave to amend together with a proposed [SCC] by May 6, 2022" (ECF No. 73).  The Court also so-ordered the parties' agreed-to schedule for briefing motions to dismiss the SCC.  *Id*.

Attached to this motion as **Exhibit A** is Lead Plaintiff's [Proposed] SCC.  Consistent with customary practice and for the convenience of the Court, a redlined comparison of the proposed SCC against the Consolidated Complaint is attached hereto as **Exhibit B**.

2

## ARGUMENT

Under Fed. R. Civ. P. 15, leave to amend should be "liberally granted," except in instances of "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Boyer Works USA, LLC v. Rubik's Brand Ltd*, No. 21 Civ. 7468(AKH), 2022 WL 355398, at *2 (S.D.N.Y. Feb. 7, 2022) (citations omitted) (granting leave to amend even where plaintiff had *not* first sought either defendant's consent or leave of court before filing proposed amended complaint). None of these factors warrant denying this unopposed motion for leave to amend.

*First*, Lead Plaintiff acted promptly — within just 17 days of receipt of Defendants' opening Motion to Dismiss papers — to seek Defendants' consent to filing a SCC. The parties then quickly agreed upon a schedule for promptly briefing any motions to dismiss the SCC, and on the form of an amended case management order to submit to the Court for its approval. Lead Plaintiff respectfully submits that such conduct confirms that he has no "dilatory motive."

*Second*, Lead Plaintiff has acted in good faith by seeking to amend in light of Defendants' opening Motion to Dismiss and certain additional information, including material from a *Wall Street Journal* article that was not published until March 14, 2022 (after the operative complaint was filed).

*Third*, Lead Plaintiff (who has filed only the operative Consolidated Complaint) has not had any prior opportunity, let alone "repeated" opportunities, to cure alleged deficiencies in his complaint.

*Fourth*, no claim of undue prejudice is or could be asserted against this unopposed motion. Arguably, Lead Plaintiff (who has filed only the operative complaint) could have filed a further amended complaint as of right, by April 29, 2022 (*see* Fed. R. Civ, P. 15(a)(1)(B), allowing amendments as of right within 21 days of service of Rule 12(b) motion); yet, Lead

Plaintiff sought and received only slightly more time, until May 6, 2022, to prepare the proposed SCC.

*Finally*, Lead Plaintiff's amendment is not "futile."  To the contrary, Lead Plaintiff respectfully submits that the SCC, by streamlining and focusing Lead Plaintiff's claims and adding certain additional factual allegations, will make it easier for the Court to decide (and reject) Defendants' anticipated renewed arguments for dismissal.  As such, granting leave to file the SCC is in the interests of efficiently moving this action forward.

## CONCLUSION

Lead Plaintiff respectfully requests that the Court grant his unopposed motion for leave to file the SCC.

Dated:  May 6, 2022

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ William C. Fredericks*
William C. Fredericks
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com
tlaughlin@scott-scott.com
rswartz@scott-scott.com

Jacob B. Lieberman
156 South Main Street
Colchester, CT 06415
Telephone: (860) 810-7770
jlieberman@scott-scott.com

*Lead Counsel for Lead Plaintiff Mario Bello and Additional Plaintiffs Kai Jochim and Mark D. Hayden*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ William C. Fredericks*
William C. Fredericks