# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x
                                    :
In re OATLY GROUP AB SECURITIES     :   Consolidated Civil Action No.
LITIGATION                          :   1:21-cv-06360-AKH
—————————————————— :
                                    x

STIPULATION OF SETTLEMENT

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is made and entered into, through their respective counsel, by and among: (a) Lead Plaintiff Mario Bello and additional plaintiffs Mark D. Hayden and Kai Jochims (the "Federal Plaintiffs") in the Federal Action (as defined herein), on behalf of themselves and the Settlement Class (as defined below); (b) Bruce Hipple (the "State Plaintiff") in the State Action (as defined herein); and (c) the Defendants, consisting of (i) Oatly Group AB ("Oatly" or the "Company"); (ii) Toni Petersson, Christina Hanke, Björn Öste, Fredrik Berg, Ann Chung, Bernard Hours, Hannah Jones, Mattias Klintemar, Po Sing Tomakin Lai, Eric Melloul, Yawen Wu, Tim Zhang, Steven Chu, and Francis Rathke (the "Individual Defendants"); (iii) Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Credit Suisse Securities (USA) LLC in the State Action (the "Underwriter Defendants"); and Nativus Company Limited and China Resources Verlinvest Health Investment Ltd. in the State Action (the "Additional Defendants"). The Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice all Released Claims (as defined below), upon and subject to the terms and conditions hereof, subject to the approval of this Court pursuant to Fed. R. Civ. P. 23(e).

## I.    SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

### 1.    Summary of Claims and the Complaints

In the respective Federal and State Actions, Federal Plaintiffs and State Plaintiff, respectively, assert claims under the Securities Act of 1933 (the "Securities Act") based on allegations that the Offering Documents (as defined below) in connection with Oatly's May 20, 2021 initial public offering ("IPO") contained untrue statements of material fact and/or omitted

to disclose material information that was required to be disclosed therein. The Federal Action also asserts claims under the Securities Exchange Act of 1934 on behalf of Persons (defined below) who purchased or acquired Oatly American Depository Shares ("Oatly Shares") between May 20, 2021 and November 15, 2021, inclusive (the "Class Period"), and on behalf of all Persons who purchased or acquired call options, or sold put options, on Oatly Shares during the Class Period, and were damaged thereby.

**2.     The Federal Action**

On July 26, 2021, plaintiff Kai Jochims ("Jochims") filed the initial complaint in the Federal Action. ECF No. 1. Additional complaints were filed by two other purported Oatly investors. *See Bentley v. Oatly Group AB*, 21-cv-6485 (AKH) (S.D.N.Y.) and *Kostendt v. Oatly Group AB*, 21-cv-7904 (AKH) (S.D.N.Y.). Pursuant to the Order dated October 26, 2021, plaintiff Jochims filed an amended complaint on December 1, 2021. ECF Nos. 29, 31. On December 6, 2021, the Court consolidated the various complaints and appointed Mario Bello as lead plaintiff ("Lead Plaintiff") and Scott + Scott Attorneys at Law LLP as lead counsel ("Lead Counsel"). ECF No. 37.

On March 4, 2022, Federal Plaintiffs filed their Consolidated Amended Complaint in the Federal Action (ECF No. 64) and, after seeking and receiving leave to file a further pleading, filed their Second Amended Complaint on August 17, 2022. ECF No. 76. On June 1, 2023, following oral argument on the federal Defendants' motion to dismiss the Second Amended Complaint, the Court granted dismissal with leave to replead, except with respect to Federal Plaintiffs' claim pursuant to Section 12(a)(2) of the Securities Act, which the Court dismissed with prejudice. ECF No. 87. On August 11, 2023, the Federal Plaintiffs filed their Third Amended Complaint, which is the operative pleading in the Federal Action. ECF No. 91.

### 3.    The State Action

On February 15, 2022, plaintiff Bruce Hipple, represented by Robbins Geller Rudman & Dowd LLP ("State Counsel," and with Lead Counsel, "Plaintiffs' Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of Sections 11 and 15 of the Securities Act on behalf of all persons who purchased or acquired Oatly Shares pursuant and/or traceable to Oatly's Offering Documents issued in connection with its IPO. NYSCEF No. 1.  On May 19, 2022, the State granted Defendants' motion to stay the State Action pursuant to CPLR 2201.  NYSCEF No. 55.

### 4.    Mediation and Further Efforts to Resolve the Litigation

In the summer of 2023, Plaintiffs, Oatly, and the Individual Defendants agreed to explore a global resolution of the Actions and engaged the services of Layn R. Phillips (U.S.D.J., ret.) of Phillips ADR, a nationally recognized mediator experienced in complex shareholder litigation (the "Mediator").   In connection with the mediation, Plaintiffs and Oatly provided to the Mediator, and exchanged with each other confidential mediation statements setting forth their respective positions.   On October 26, 2023, counsel for Plaintiffs and Oatly attended an in-person, all-day mediation in New York under the auspices of the Mediator.

Towards the end of the in-person mediation session, in an effort to bridge the significant gap that then remained between the Parties, the Mediator made a "mediator's proposal" to settle all claims at issue for $9.25 million, subject to resolution of certain remaining non-monetary terms.   Shortly thereafter, Plaintiffs and Oatly agreed to accept the Mediator's proposal for a $9.25 million proposed settlement, but continued to negotiate certain non-monetary terms of any agreement.   Oatly and Plaintiffs ultimately reached a binding Memorandum of Understanding (subject to certain board approvals that have since been obtained) that reflected all material terms

of the Settlement, with the understanding that such terms would thereafter be embodied in the terms of a customary Stipulation of Settlement (and accompanying exhibits) that would be submitted to the Federal Court for its approval. During the negotiation of the Memorandum of Understanding, the Plaintiffs suggested that and the Underwriter Defendants thereafter agreed to become formal parties to this Stipulation (notwithstanding that all claims at issue against them would, in any event, have been dismissed under the releases agreed to as part of the Memorandum of Understanding). This Stipulation (together with the exhibits hereto) reflects the Parties' superseding, final, and binding agreement to settle, subject to Court approval.

## II.    PLAINTIFFS' INVESTIGATION AND THE BENEFITS OF SETTLEMENT

Lead Counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in the Federal Action, and State Counsel represent that they have done the same in the State Action. Among other things, Lead Counsel and State Counsel both represent that they have analyzed public filings, records, analyst reports, news reports, and other materials concerning Oatly and its business, the other Defendants and various third parties, and have researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants and the potential defenses thereto.

Based on their investigation and review, Plaintiffs and Plaintiffs' Counsel in both Actions have concluded that the terms and conditions of this Stipulation are fair, reasonable, adequate, and in the best interests of the Settlement Class, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the Settlement Class will receive from settlement of the Actions; (b) the risks, costs, and uncertainties of further litigation; (c) the desirability of

permitting the Settlement to be consummated as provided by the terms of this Stipulation; and

(d) Plaintiffs' Counsel's experience in the prosecution of similar actions.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. All of the Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability to any Plaintiff or member of the Settlement Class under the Securities Act or the Securities Exchange Act as alleged in the Actions. Specifically, Defendants expressly have denied, and continue to deny, among other things, each and every claim alleged by Plaintiffs in the Actions, including any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions, or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions or that they could have alleged as part of the Actions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Actions.

Defendants state that they are entering into this Stipulation and Settlement solely to eliminate the distraction, burden, and expense of further protracted litigation. Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation. Neither this Stipulation, nor any of its terms shall in any event be construed as or deemed to be, evidence of, or an admission or concession on the part of any Defendant with respect to any claim, fault,

liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Federal Action or the State Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their undersigned attorneys, subject to court approval, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Defendants' Parties (as defined below) and all of the Released Defendants' Claims (as defined below) shall be compromised, settled, released, discharged, and dismissed with prejudice upon and subject to the following terms and conditions:

### 1.    Certain Definitions

As used in this Stipulation, the following terms shall have the following meanings:

1.1    "Actions" means, collectively, the Federal Action and the State Action.

1.2    "Alternative Judgment" means a form of final judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B. Without limitation, any reduction in the scope of the definition of "Settlement Class," "Settlement Class Members," or "Released Claims" is hereby deemed to be material.

1.3    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.4    "Claim" means a claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

- 6 -

1.5    "Claims Administrator" means Gilardi & Co. LLC or such other entity as the Federal Court shall appoint to administer the Settlement.

1.6    "Defendants" means, collectively, Oatly, the Individual Defendants, Nativus Company Limited, China Resources Verlinvest Health Investment Ltd., and the Underwriter Defendants.

1.7    "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Davis, Polk & Wardwell LLP.

1.8    "Effective Date of Settlement" or "Effective Date" means the first date upon which all of the events and conditions set forth in ¶10.1 below have been met and have occurred, or have been expressly waived in writing.

1.9    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agents at Huntington National Bank to receive the Settlement Amount.

1.10    "Escrow Agents" means Scott + Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP, or their respective successor(s).

1.11    "Federal Court" means the United States District Court for the Southern District of New York.

1.12    "Federal Action" means *In re Oatly Group AB Sec. Litig.*, No. 21-cv-06360-AKH, pending in the Federal Court.

1.13    "Federal Plaintiffs" means Mario Bello, Mark D. Hayden and Kai Jochims.

1.14    "Fee and Expense Award" means any attorneys' fees and expenses (including any award to any Plaintiff pursuant to the Private Securities Litigation Reform Act) awarded by the Federal Court as described in ¶5.1, and "Fee and Expense Application" has the same meaning as given it in ¶5.1.

1.15    "Final" means, with respect to the Judgment or an order of the Federal Court dismissing or declining to dismiss the Federal Action with prejudice (*see* ¶¶10.1(d)-(e), 10.2(f)), when the last of the following shall occur:

(a)    the expiration of the time to file a motion for reconsideration, motion for rehearing, motion to vacate, motion to alter or amend, appeal, petition for writ of certiorari or similar request for relief, other than as contemplated by subsection (d) of this ¶1.15;

(b)    if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal; and

(c)    if a motion to alter or amend is filed or if there is an appeal from the Judgment or order, immediately after (i) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or order, or the date the Judgment or order is finally affirmed on appeal, such that no further judicial review or appeal is permitted, whether by reason of affirmation by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of the Stipulation; or (ii) the expiration of the time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or order, or (iii) if certiorari or other form of review is granted, the date of final affirmance of the Judgment or order following review pursuant to that grant;

(d)    provided, however, that any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the

procedures for determining Authorized Claimants' recognized claims, shall not in any way delay or preclude the Judgment from becoming Final.

1.16    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.17    "Individual Defendants" means, collectively, Toni Petersson, Christian Hanke, Björn Öste, Fredrik Berg, Ann Chung, Bernard Hours, Hannah Jones, Mattias Klintemar, Po Sing Tomakin Lai, Eric Melloul, Yawen Wu, Tim Zhang, Steven Chu, and Francis Rathke.

1.18    "Investment Vehicle" means any investment company or pooled investment fund including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.19    "IPO" means Oatly's May 20, 2021 initial public offering.

1.20    "Judgment" means either: (i) the proposed judgment to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed by all Parties.

1.21    "Lead Counsel" means Scott + Scott Attorneys at Law LLP.

1.22    "Net Settlement Fund" means the Settlement Fund less any: (i) court-awarded attorneys' fees; (ii) Notice and Administration Costs; (iii) any required Taxes; (iv) court-awarded litigation expenses; and (v) any other fees, expenses or deductions approved by the Court.

1.23    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be sent to members of the Settlement Class, substantially in the form attached hereto as Exhibit A-1.

1.24    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with (i) providing notices to the Settlement Class, and (ii) administering the Settlement, including but not limited to, the claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.25    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.26    "Oatly" or the "Company" means Oatly Group AB, and its predecessors, successors, parents, subsidiaries, divisions, or affiliates.

1.27    "Oatly Shares" (or "Oatly ADS Shares") refers to American Depository Shares issued by or on behalf of Oatly.

1.28    "Offering Documents" means, collectively, any and all registration statements, prospectuses, or other offering materials, whether preliminary, amended, or as effective, filed with the U.S. Securities and Exchange Commission that relate in any way, in whole or in part, to Oatly's IPO.

1.29    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, association, joint stock company, estate, legal representative, trust, unincorporated association,

government or any political subdivision or agency thereof, and any business or legal entity, and any of the foregoing Person's spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.30    "Plaintiffs" means, collectively, the Federal Plaintiffs and the State Plaintiff.

1.31    "Plaintiffs' Counsel" means, collectively, Lead Counsel and State Counsel.

1.32    "Plan of Allocation" means the proposed plan described in the Notice or any alternate plan approved by the Federal Court whereby the Net Settlement Fund (as defined above in ¶1.22) shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Defendants' Parties shall have no responsibility therefor or liability with respect thereto.

1.33    "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, substantially in the form attached hereto as Exhibit A-2.

1.34    "Released Claims" means all claims (including "Unknown Claims," as defined in ¶1.50), demands, losses, rights, damages, and causes of action of any nature whatsoever, whether in law or in equity, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Federal Plaintiffs, State Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, that (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are

- 11 -

based on, or relate to (i) the purchase or acquisition of any Oatly Shares (x) during the Class Period, or (y) otherwise pursuant to the Offering Documents; or (ii) the purchase or acquisition of call options on Oatly Shares or the sale of put options on Oatly Shares (xx) during the Class Period, or (yy) otherwise pursuant to the Offering Documents. "Released Claims" does not, however, include claims to enforce the Settlement.

1.35    "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims as defined at ¶1.50 below), demands, losses, rights, and causes of actions of any nature whatsoever by the Released Defendants' Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in way to the institution, prosecution, assertion, settlement or resolution of either of the Actions (except for any claims to enforce the Settlement).

1.36    "Released Defendants' Parties" means (i) Defendants, (ii) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or his family; (iii) the unnamed underwriters of the IPO; and (iv) for any of the entities listed at (i), (ii), or (iii), their respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including without limitation financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustees, trustors, trust beneficiaries, agents, attorneys (including Defendants' Counsel and all other counsel who have represented any current or former Defendant in the Actions, or in connection with any of the

- 12 -

allegations in the Actions), professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

1.37  "Released Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs' Counsel, and each and all their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investments bankers, parents, subsidiaries, general or limited liability companies, in their capacities as such; and the Immediate Family Members, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family Members.  Released Plaintiff Parties do not include any Person who would otherwise be a Settlement Class Member but who timely and validly requests exclusion from the Settlement Class.

1.38  "Settlement" means the settlement between Plaintiffs and Defendants on the terms set forth in this Stipulation.

1.39  "Settlement Amount" means the sum of $9,250,000 to be deposited into the Escrow Account pursuant to ¶3.  As reflected in ¶3, Oatly shall pay, or shall cause to be paid on Defendants' behalf, the Settlement Amount.

1.40  "Settlement Class" and "Settlement Class Members" mean: (i) all Persons who purchased or acquired Oatly American Depositary Shares between May 20, 2021 and November 15, 2021, inclusive (*i.e.*, the Class Period), or otherwise pursuant to Oatly's Offering Documents,

and were damaged thereby (the "ADS Class"); and (ii) all Persons who purchased or acquired call options on Oatly ADS Shares or sold put options on Oatly ADS Shares during the Class Period or otherwise pursuant to Oatly's Offering Documents and were damaged thereby (the "Options Class," and with the ADS Class, the "Settlement Class"). Excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries and affiliates), and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates); the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person; any entity in which any of the above excluded Persons have or had a controlling interest; and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any Persons who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

1.41    "Class Period" means the period from May 20, 2021 through November 15, 2021, inclusive.

1.42    "Settlement Hearing" means the hearing scheduled by the Federal Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable, and adequate, and (iii) Plaintiffs' Counsel's request for an award of attorneys' fees and expenses on behalf of Lead Counsel and State Counsel, including awards to Plaintiffs, is reasonable.

1.43    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon after the Settlement Amount is deposited into an Escrow Account pursuant to ¶3.1.

1.44    "State Action" means *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022, pending in the Supreme Court of the State of New York, County of New York, Commercial Division.

1.45    "State Court" means the Supreme Court of New York, New York County, Commercial Division.

1.46    "State Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.47    "State Plaintiff" means Bruce Hipple.

1.48    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.49    "Underwriter Defendants" means Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Credit Suisse Securities (USA) LLC.

1.50    "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such party, might have affected their, his, her or its decision with respect to the settlement and release of the Released Defendants' Parties, or might have affected such party's decision(s) with respect to this Settlement or the releases of the Released Defendants' Parties, and (ii) any claims against the Released Plaintiffs Parties that any Defendants does not know or suspect to exist in their, his, her or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the settlement and release of the Released Plaintiffs' Parties. With respect to any

and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the

inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

### 2. Scope and Effect of Settlement

2.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) both Actions against Defendants; (ii) any and all Released Claims as against all Released Defendants' Parties; and (iii) any and all Released Defendants' Claims as against all Released Plaintiffs' Parties.

2.2    Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, relinquished, waived, released, and discharged all Released Claims against the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or shares in the Settlement Fund.

(a)    Upon the Effective Date of this Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and anyone else claiming through or on their behalf, in their capacities as such, will be permanently and forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties, whether or not a Settlement Class Member executes and delivers a Proof of Claim or shares in the Settlement Fund.

- 17 -

(b)    Upon the Effective Date of this Settlement, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel, each Settlement Class Member and all of the other Released Plaintiffs' Parties from each and every one of the Released Defendants' Claims.

(c)    Notwithstanding the provisions of ¶¶2.2(a) through (b) hereof, in the event that any of the Released Defendants' Parties asserts against Plaintiffs, Plaintiffs' Counsel any Settlement Class Member, or any of the other Released Plaintiffs' Parties, any claim that is a Released Defendants' Claim, then such Plaintiff, Plaintiff's Counsel, Settlement Class Member, or other Released Plaintiffs' Party shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Defendant Party in defense of such claim, but not for the purposes of affirmatively asserting any claim against any Released Defendants' Party.

(d)    Notwithstanding the provisions of ¶¶2.2(a) through (b) hereof, in the event that Plaintiffs or any Settlement Class Member asserts against any of the Released Defendants' Parties or their respective counsel any claim that is a Released Claim, then such Released Party or counsel shall be entitled to use and assert such factual matters included within the Released Claims only against such Plaintiffs or Settlement Class Member in defense of such claim, but not for the purposes of affirmatively asserting any claim against Plaintiffs or any Settlement Class Member.

(e)    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

### 3.    The Settlement Consideration

3.1     In consideration of the full and final settlement of the claims asserted in the Actions and of the releases specified in ¶2.2(a) herein, Oatly shall deposit or cause to be deposited the Settlement Amount into the Escrow Account, in accordance with instructions to be provided by the Escrow Agents, within fifteen (15) calendar days of entry of the Notice Order by the Federal Court.  The Escrow Agents shall provide to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (a) wire transfer instructions (including bank name and ABA routing number, address, account name, and number), (b) payment address, and (c) a complete and executed Form W-9 or other similar form for the Settlement Fund that reflects a valid tax identification number.  This Stipulation does not obligate any other Defendant to pay any portion of the Settlement Amount to Plaintiffs.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  The account funds, less any amounts incurred for notice, administration, and/or Taxes, plus any accrued interest thereon on a *pro rata* basis, shall revert to the Person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶10.2-10.4 herein.

3.2     If the entire Settlement Amount is not timely paid into the Escrow Account in accordance with ¶3.1 above, Plaintiffs shall have the right to terminate and cancel this Settlement on behalf of themselves and the Settlement Class but only if (i) Plaintiffs' Counsel has notified Defendants' Counsel in writing of Plaintiffs' Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not paid into the Escrow Account within two (2) business days after Plaintiffs' Counsel has provided such written notice.

- 19 -

3.3     The Escrow Agents shall deposit the Settlement Amount plus any accrued interest into the segregated Escrow Account maintained at Huntington National Bank by the Escrow Agents.

3.4     Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims. Defendants and Defendants' Counsel shall have no obligation under this Stipulation or the Settlement to pay any additional amounts for any reason whatsoever, and upon payment of the Settlement Amount to the Escrow Agent in accordance with ¶3.1 above, Defendants shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages whatsoever alleged or incurred by Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the Federal Action, the State Action, or the Released Claims, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account). Any award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof shall be paid exclusively from the Settlement Fund; any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs, or interest shall be between or among such Plaintiffs' Counsel only. Defendants and Defendants' Counsel shall have no obligation with respect to any payment to any Plaintiffs' Counsel of any fees, expenses, costs, or interest. Plaintiffs acknowledge that, as of the Effective Date, the releases given herein shall become effective by operation of the Final Judgment and shall be permanent, absolute and unconditional. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants under this Stipulation exceed the Settlement Amount.

3.5      The Settlement Fund, net of any Taxes (as defined below), shall be used to pay: (i) the Notice and Administration Costs of the Settlement referred to in ¶4.2 hereof; (ii) any Fee and Expense Award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof; and (iii) the remaining administration expenses referred to in ¶4.2 hereof and any other attorney and administrative costs, fees, payments, or awards subsequently approved by the Federal Court. The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶6.1-6.3 hereof. Any portions of the Settlement Fund required to be held in escrow before the Effective Date shall be held in the Escrow Account by the Escrow Agents for the Settlement Fund. The Settlement Fund shall be deemed to be in the custody of the Federal Court and shall remain subject to the jurisdiction of the Federal Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or returned pursuant to this Stipulation and/or further order of the Federal Court. The Escrow Agents shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Federal Court. The Escrow Agents shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, and the Escrow Agents shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and neither Defendants nor the Released Defendants' Parties shall

have any responsibility, liability, or obligation for any loss suffered by, or fluctuation in value of, the Settlement Fund.

(a)    For the purpose of §1.468B of the Internal Revenue Code and the Treasury regulations promulgated thereunder, the Escrow Agents shall be designated as the "administrator" of the Settlement Fund. The Escrow Agents shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B- 2(k)). Such returns (as well as the election described below) shall be consistent with this paragraph, and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(b)    All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or the Released Defendants' Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses and costs incurred in the operation of and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution expenses related to filing or failing to file the returns described in this paragraph (collectively, "Taxes") shall promptly be paid out of the Settlement Fund by the Escrow Agents without prior order from the Federal Court. The Escrow Agents shall also be obligated to, and shall be responsible for, causing the withholding from distribution to Settlement Class Members of any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and tax expenses (as well as any amounts that may be required

to be withheld under Treas. Reg. §1.468B-2(l)(2)).  Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund.  The Parties agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(c)    Except to the extent Scott + Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP are acting in their capacity as Escrow Agents, neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of the Escrow Agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  The Escrow Agents, through the Settlement Fund, shall indemnify and hold each of the Released Defendants' Parties and their counsel harmless for Taxes and tax expenses (including, without limitation, Taxes payable by reason of any such indemnification).

**4.    Administration**

4.1    The Claims Administrator shall administer and calculate the claims that shall be allowed and shall oversee distribution of the Settlement Fund subject to such supervision of Plaintiffs' Counsel and/or the Federal Court as the circumstances may require.  Any Claims Administrator retained shall be required to agree to be subject to, and shall be deemed to be subject to, the jurisdiction of the Federal Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation.

Neither Defendants nor any of the Released Defendants' Parties shall have any role in, or responsibility for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other person in connection with, as a result of, or arising out of, such administration. The Claims Administrator will not make any distributions to Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶10.1 herein have been satisfied.

    4.2    Notwithstanding the fact that the Effective Date has not yet occurred, Plaintiffs' Counsel may pay from the Settlement Fund, without further approval from Defendants or the Federal Court, reasonable Notice and Administration Costs actually incurred up to $450,000, including, without limitation, the actual costs of notice, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. Neither Defendants nor any Released Defendants' Parties shall have any responsibility for, or any liability whatsoever with respect to, notice to the Settlement Class or any Notice and Administrative Costs, except that (a) Oatly shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at its own expense; and (b) within ten (10) calendar days of entry of the Notice Order, Oatly shall provide or cause to be provided to Plaintiffs' Counsel, at no cost to the Settlement Class or Plaintiffs' Counsel, its reasonably available or obtainable record shareholder lists for shareholders during the Class Period for use in providing notice to the Settlement Class.

## 5.    Fee and Expense Application

    5.1    Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Federal Court on behalf of all Plaintiffs' Counsel for a collective award from the Settlement Fund of: (i) attorneys' fees and the payment of litigation expenses incurred

in connection with the prosecution of the Actions, plus interest on both amounts at the same rate and period as earned on the Settlement Fund (until paid); and (ii) an award to Plaintiffs in connection with their representation of the Settlement Class. Plaintiffs' Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation. Attorneys' fees, expenses, and interest as may be awarded by the Federal Court shall be paid solely from the Settlement Fund to Plaintiffs' Counsel, and shall be payable immediately upon entry by the Federal Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or the potential for appeal therefrom or any collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter allocate such fees among other Plaintiffs' Counsel subject to each Plaintiffs' Counsel's (including their respective partners, shareholders, and/or firms) several obligation to repay those amounts to the Settlement Fund plus accrued interest at the same rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶10.4 hereof. In such event, Plaintiffs' Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the portion of the Fee and Expense Award paid to them, along with interest, as described above. Furthermore, all Plaintiffs' Counsel (including their respective partners, shareholders, and/or firms) agree that they remain subject to the continuing jurisdiction of the Federal Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph.

5.2     The procedure for and the allowance or disallowance by the Federal Court of any applications by Plaintiffs' Counsel for an award of attorneys' fees and/or expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.   Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application shall be considered by the Federal Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation and shall have no effect on the terms of the Stipulation or the validity or enforceability of this Settlement.   The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs' Counsel or Plaintiffs, nor any appeals from such awards and neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on the Federal Court's or any appellate court's ruling with respect to the Fee and Expense Application.   Any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate or cancel this Stipulation or the Settlement of the Actions, or affect or delay the finality of the Judgment approving this Settlement.   Plaintiffs agree to request that the Court rule on the motion for approval of settlement while the fee motion remains pending.

5.3     Defendants, Released Defendants' Parties, and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel or any other Person who may assert some claim thereto of any Fee and Expense Award that the Federal Court may make in the Federal Action.

5.4     The Defendants, their counsel and the Released Defendants' Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or

expenses (including Taxes) to Plaintiffs' Counsel or any other Person who receives payment from the Net Settlement Fund.

### 6.    Distribution to Authorized Claimants

6.1    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Federal Court approves.

6.2    The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that it, or any particular plan of allocation be approved by the Federal Court. The Plan of Allocation is a matter separate and apart from the Settlement between the Parties and any decision by the Federal Court concerning the Plan of Allocation or change to the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.   Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Federal Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation.   The Released Defendants' Parties will take no position with respect to the proposed Plan of Allocation or such plan of allocation as may be approved by the Federal Court.   Neither any Defendant, nor any of any Released Defendants' Parties, shall have any responsibility for, interest in, involvement with or liability, obligation, or responsibility whatsoever for the application of any court-approved plan of allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any loss incurred in connection therewith. No Person shall have any claim of any kind whatsoever against the Defendants or the Released Defendants' Parties with respect to the matters set forth in ¶¶4.1-4.2, 6.1-6.3, and 7.1-7.11 hereof; and the Settlement

Class, Plaintiffs, and Plaintiffs' Counsel release Defendants and the Released Defendants' Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.3    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Judgment becomes Final and all the conditions set forth in ¶10.1 herein have been satisfied.  Defendants and the other Released Defendants' Parties shall not have any liability should Recognized Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendants' Parties shall have no involvement in reviewing, evaluating, or challenging claims and shall have no responsibility or liability for determining the allocation of any payments to any Settlement Class Members or for any other matters pertaining to any plan of allocation.

**7.    Administration of the Settlement**

7.1    Within ninety (90) calendar days after such time as set by the Federal Court to mail the Notice to Settlement Class Members, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Federal Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) or received (if submitted online).  Any Proof of Claim submitted in any other manner shall

be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

7.2     Except as otherwise ordered by the Federal Court, all Settlement Class Members who fail to submit a Proof of Claim within such period, or such other period as may be ordered by the Federal Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment, and will be barred from bringing any action against the Released Defendants' Parties concerning the Released Claims. Notwithstanding the foregoing, Plaintiffs' Counsel have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, subject to the review and supervision of Plaintiffs' Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each such claim shall be allowed, subject to review by the Federal Court pursuant to ¶7.5 below.

7.4     Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, subject to the review and supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all

- 29 -

claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Federal Court if the claimant so desires and complies with the requirements of ¶7.5 below.

7.5    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶7.1 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Federal Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Federal Court.

7.6    Each claimant shall be deemed to have submitted to the jurisdiction of the Federal Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement.

7.7    No Person shall have any claim against Defendants, the Released Defendants' Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Plaintiffs' Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, any plan of allocation approved by the Federal Court, or any further order of the Federal Court.

7.8    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice, or such other

plan of allocation that is approved by the Federal Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Counsel's discretion, to distribute to Settlement Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s) serving the public interest designated by Plaintiffs' Counsel unaffiliated with any Party or their counsel.

7.9    Except for Oatly's obligation to pay the Settlement Amount or cause it to be paid, if applicable, Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement, the payment or withholding of any Taxes, any allocation or payment to any Plaintiffs' Counsel of any fees, expenses, costs, or interest, or any disbursement of the Net Settlement Fund. Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel reasonably deems to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10    All proceedings with respect to the administration, processing, and determination of claims on the Net Settlement Fund and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be

subject to the jurisdiction of the Federal Court, but shall not in any event delay or affect the finality of the Judgment.

7.11    The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date has occurred and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired.

## 8.    The Notice Order and Notice Program

8.1    Promptly after this Stipulation has been fully executed, Lead Counsel shall request (by motion or otherwise) that the Federal Court enter the Notice Order, substantially in the form annexed hereto as Exhibit A.

8.2    In accordance with the schedule set forth in the Notice Order, Plaintiffs' Counsel will cause the Claims Administrator to send copies of the Notice and Proof of Claim form to all shareholders of record identified on the Claims Administrator's list, either by mail or, in the case of those shareholders who have consented to receiving electronic notice, by such electronic means. The Notice and Proof of Claim form shall also be posted on the case-specific website to be established by the Claims Administrator, as set forth in the Notice Order. In accordance with the schedule set forth in the Notice Order, Plaintiffs' Counsel shall also cause the Summary Notice to be published once in the national edition of the *Wall Street Journal* and once over a

national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

8.3    Lead Counsel shall request that the Court hold the required hearing (the "Settlement Hearing") to consider approval of the Settlement of the Action, the proposed Plan of Allocation and the Fee and Expense Application on a date that falls not earlier than one hundred (100) calendar days after entry of the Notice Order.

8.4    Plaintiffs' and Defendants' Counsel shall jointly request that the postmark deadline for objecting to and/or submitting exclusions from this Settlement be set at least sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Notice Order.

8.5    Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written request for exclusion ("Request for Exclusion") to the Claims Administrator on or before the opt-out date, in the manner specified in the Notice Order. A Request for Exclusion is valid only if it is signed by the Settlement Class Member or Settlement Class Members requesting exclusion in that request. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Upon receiving any request(s) for exclusion ("Request for Exclusion"), the Claims Administrator shall promptly notify Plaintiffs' Counsel and Defendants' Counsel of such Requests for Exclusion.

8.6    Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Federal Action, whether or not he, she, or it timely submits a Proof of Claim.

8.7    No later than ten (10) calendar days following the filing of this Stipulation in the Federal Court, Oatly shall serve on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. §1715.

9.    **Terms of Judgment**

9.1    If the Settlement contemplated by this Stipulation is approved by the Federal Court following the Settlement Hearing, (a) Lead Counsel shall request that the Federal Court promptly enter a Judgment, substantially in the form annexed hereto as Exhibit B, and (b) State Counsel, within 5 calendar days of the date on which that Judgment becomes Final, shall request that the State Court dismiss the State Action and all claims asserted therein with prejudice.

10.    **Effective Date of Settlement, Waiver or Termination**

10.1    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)    the Federal Court has entered the Notice Order, substantially in the form of Exhibit A;

(b)    the Settlement Amount has been deposited into the Escrow Account pursuant to ¶3.1;

(c)    Defendant Oatly has not validly and timely exercised its option to terminate the Settlement pursuant to ¶10.3;

(d)    entry by the Federal Court of the Judgment, substantially in the form of Exhibit B, and the Judgment has become final, which Judgment shall, as conditions of the Settlement, include among other things, (1) a bar order that permanently bars, enjoins, and restrains, to the fullest extent permitted by law, any and all claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendants' Parties seeking

- 34 -

as damages or otherwise the recovery of all or any part of any liability, judgment or settlement arising out of, relating to or concerning facts, statements or omissions that were or could have been alleged in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forums, except, for the avoidance of doubt, with respect to any claims by defendants arising out of Oatly's contractual indemnity obligations to the underwriters of the IPO and the rights and obligations among the underwriters of the IPO, and (2) final certification of the Settlement class; and

(e)    entry of an order by the State Court dismissing the State Court Action with prejudice, and such order has become Final.

10.2    Plaintiffs and Defendant Oatly, through their respective counsel, shall, in their separate discretions, but in all events subject to ¶5.2 herein, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the Federal Court's final non-appealable refusal to enter the Notice Order in any material respect; (b) the Federal Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Federal Court's non-appealable refusal to enter the Judgment in any material respect; (d) the date on which the Judgment is modified or reversed by a court of appeal or any higher court in any material respect; (e) the date on which an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (f) if the Federal Court or the State Court issues an order declining to dismiss the Federal Action or the State Action, respectively, with prejudice, the date on which that order has become Final. No order, or

- 35 -

modification or reversal on appeal of any order, concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded to Plaintiffs' Counsel, or any award to any Plaintiff, shall constitute grounds for cancellation or termination of the Stipulation.

10.3    Oatly shall have the right (but not the obligation), in its sole discretion, to terminate this Settlement if a particular confidential threshold is reached with respect to opt-outs from this Settlement, provided, however, that Plaintiffs' Counsel shall have the opportunity to seek and obtain retractions of any Request for Exclusion until the deadline for such retractions has passed as set forth in the Supplemental Agreement. The Parties have entered into a separate Supplemental Agreement (the "Supplemental Agreement") describing the procedure and threshold, which shall be binding as if set forth herein. The Supplemental Agreement will not be filed with the Federal Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement or any of its terms otherwise be disclosed unless ordered by the Federal Court. If the Federal Court requires that the Supplemental Agreement be filed, the Parties shall request that it be submitted *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Federal Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the confidential threshold. In the event of a valid termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶10.4, 11.1, 13.4. Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in each Action as of October 26, 2023. In such event, the fact and terms of the Settlement shall not be admissible in any trial of either Action, and, except as otherwise

expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' Fee and Expense Award referred to in ¶5.1 hereof), less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount, shall be returned to the Party or Parties, that paid the Settlement (as directed in writing by Oatly), within ten (10) business days from the date of the event causing such termination.

10.4    Oatly warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) or under any analogous provision of the laws of the jurisdiction in which it is incorporated, as of the time the Stipulation is executed, and that it will not be as of the time the payments of the Settlement Amount are actually (or have been) transferred or made as reflected in the Stipulation. This representation is made by Oatly and not by Oatly's counsel. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount to the Settlement Fund, or any portion thereof, by Oatly to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or any analogous provision of the laws of the jurisdiction in which Oatly is incorporated, and any portion thereof is required to be refunded, then the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants, the Parties shall be restored to their litigation positions as of October 26, 2023, and the Settlement Fund shall be promptly returned.

- 37 -

**11.    No Admission of Wrongdoing**

11.1    Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.  Neither the Memorandum of Understanding, this Stipulation (whether or not consummated) nor any of its terms, provisions, exhibits, and prior drafts, nor the Plan of Allocation, nor any negotiations or proceedings related or taken pursuant to the execution of the Memorandum of Understanding and/or this Stipulation, nor any proceedings related or taken pursuant to or in connection with the Memorandum of Understanding, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    Shall be offered or received against Defendants and/or Released Defendants' Parties as evidence of, or evidence, or construed as, or deemed to be supporting any presumption, concession, or admission by any Defendant and/or Released Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that was or could have been asserted in the Actions or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or any liability, negligence, fault or other wrongdoing of any kind of any Defendant and/or Released Party, or in any way referred to for any other reason as against any Defendant and/or any Released Party, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Federal Court and becomes effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or

against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)    Shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable under the Federal Complaint, the State Complaint, or any subsequent operative complaint filed in the Federal Action or the State Action would not have exceeded the Settlement Fund;

(c)    Shall be construed as or received in evidence as an admission, concession, or presumption against any Defendant and/or any Released Party that any of Plaintiffs' claims has any merit, or that any defenses asserted by any Defendant are without merit, or the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; and

(d)    Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Defendants' Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## 12.    Class Certification

12.1    The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Federal Action as a class action pursuant to Fed. R. Civ. P. 23(e), and to the certification of the Settlement Class, including to the appointment of Plaintiffs as Class Representatives and

Lead Counsel as Class Counsel. In the event that the Judgment or Alternative Judgment, if applicable, does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues. In such an event, Defendants reserve all rights to object to and oppose class certification or challenge the standing of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Actions or that any plaintiff has standing.

### 13. Miscellaneous Provisions

13.1    All of the exhibits attached hereto are material and integral parts hereof and are hereby fully incorporated by reference as though fully set forth herein. In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to this Stipulation, the terms of this Stipulation shall govern.

13.2    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or any Settlement Class Member against the Released Defendants' Parties with respect to the Released Claims. The Settlement comprises all Released Claims and shall not be deemed an admission by any Party as to the merits of any claim or defense. Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Parties agree that no Party violated Fed. R. Civ. P. 11 or 22 N.Y.C.R.R. §130-1, or any similar law or statute relating to the prosecution, defense, or settlement of the Actions. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation among

experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims and defenses.

13.3    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors in interest.

13.4    Any agreements made and orders entered during the course of either Action relating to the confidentiality of information shall survive this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

13.5    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.6    Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

13.7    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority and jurisdiction of the Federal Court, and the Federal Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation (or any other plan of allocation as may be entered by the Court) and enforcing the terms of this Stipulation.  All Parties submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

13.8    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

- 41 -

13.9    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement as between Plaintiffs and Defendants concerning the Settlement of the Actions, and this Stipulation and its exhibits supersede any prior contemporaneous written or oral agreements or understandings between the Parties.    All Parties acknowledge that no other representations, warranties, covenants, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits or the Supplemental Agreement, or to induce any Party to enter into such agreements, other than the representations, warranties, and covenants contained and memorialized in such documents.    Except as otherwise provided herein, the Parties shall bear their own costs.

13.10    This Stipulation may be executed in one or more counterparts and the signatures may be by facsimile, or electronically.    All executed counterparts and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterpart pages.

13.11    This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

13.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto, including any and all Released Defendants' Parties and any and all Released Plaintiffs' Parties and any corporation, partnership, or other entity into, or with which any Party hereto may merge, consolidate, or reorganize.    No assignment shall relieve any Party hereto of obligations hereunder.

13.13    Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the Plaintiffs' claims or causes of action against any Defendants in the Actions, or referred to in this

Stipulation, has been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

13.14   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law (of the United States) governs.

13.15   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Parties, and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.16   All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

13.17   Plaintiffs, Defendants, and their counsel shall not make any applications for sanctions, pursuant to 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure or any other applicable rule, code, or statute, with respect to any claims or defenses in the Actions. The Parties agree that throughout the course of this litigation, all Parties and their counsel complied with, as applicable, the provisions of 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the Securities Litigation Uniform Standards Act of 1998, and all applicable ethics requirements, and the Judgment shall contain such a finding.

- 43 -

13.18   Except in the event of the filing of a valid Termination Notice pursuant to ¶10.2 or ¶10.3 of this Stipulation, Plaintiffs' Counsel and Defendants' Counsel agree to cooperate in good faith and reasonably with one another in seeking Federal Court approval of the Notice Order, and of the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Federal Court of the Settlement, and to obtain dismissal with prejudice of the State Action by the State Court, in accordance with the terms of this Stipulation.

13.19   Pending approval of the Federal Court of this Stipulation, all proceedings in the Actions shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties.

13.20   If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.

13.21   Whether or not the Stipulation and Settlement are approved by the Federal Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall, pursuant to the mediation privilege and any related rules, keep all non-public negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Settlement, the Term Sheet, the Stipulation, and/or the Supplemental Agreement confidential, except to the extent that disclosure is required by law or as may be agreed by Oatly, and except that all Parties may disclose that the Settlement was negotiated under the auspices of the Hon. Layn Phillips as mediator and was the result of, and based on, the terms of Judge Phillips' mediator's proposal.

- 44 -

13.22  Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work-product privilege.

13.23  Plaintiffs and Defendants (and their respective counsel) agree that they will not make any public disparaging statements about the other or their representatives or current or former officers, directors or employees.

13.24  Plaintiffs, Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not knowingly assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Defendants' Parties with respect to any matter relating to the subject matter of either Action, and (b) they will not discuss any confidential matters related to either Action or the Settlement with anyone.

13.25  Any failure by any of the Parties to insist upon the strict performance by the other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Party to this Stipulation.

13.26  The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

13.27  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, on February 14, 2024.

SCOTT+SCOTT ATTORNEYS AT LAW LLP

By: David R. Scott
William C. Fredericks
Jacob B. Lieberman

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/233-6444
212/233-6334 (fax)
david.scott@scott-scott.com
wfredericks@scott-scott.com
jlieberman@scott-scott.com

*Lead Counsel for Federal Plaintiffs and the Proposed Class*

ROBBINS GELLER RUDMAN
& DOWD LLP

By: Samuel H. Rudman
Michael G. Capeci

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

*Counsel for the State Plaintiff and Additional
Counsel for the Federal Plaintiffs*

**LATHAM & WATKINS LLP**

By: William O. Reckler
Elizabeth Marks

1271 Avenue of the Americas
New York, NY 10020
Telephone: 212/906-1200
william.reckler@lw.com
betsy.marks@lw.com

*Attorneys for Defendants Oatly Group AB, Tony
Petersson, Christian Hanke, Björn Öste, Fredrick
Berg, Ann Chung, Bernard Hours, Hannah Jones,
Mattias Klintemar, Po Sing Tomakin Lai, Eric
Melloul, Yawen Wu, Tim Zhang, Steven Chu,
Frances Rathke, Nativus Company Limited, and
China Resources Verlinvest Health Investment Ltd.*

- 47 -

DAVIS POLK & WARDWELL LLP

By: Brian S. Weinstein
Esther C. Townes

450 Lexington Avenue
New York, NY 10017
Telephone: 212/450-4000
brian.weinstein@davispolk.com
esther.townes@davispolk.com

*Attorneys for Defendants Morgan Stanley & Co.
LLC, J.P. Morgan Securities LLC, and Credit
Suisse Securities (USA) LLC*

- 48 -