# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | | x |
| In re OATLY GROUP AB SECURITIES LITIGATION | : | Consolidated Civil Action No. 1:21-cv-06360-AKH |
| | : | |
| | x | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| | : | |
| BRUCE HIPPLE, Individually and on Behalf of All Others Similarly Situated, | : | Index No. 151432/2022 |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | Justice Andrew Borrok |
| vs. | : | |
| | : | |
| OATLY GROUP AB, et al., | : | |
| | : | |
| Defendants. | : | |
| | X | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS

TO:    ALL PERSONS WHO (i) PURCHASED OATLY GROUP AB ("OATLY") AMERICAN DEPOSITARY SHARES ("ADS") ("OATLY SHARES") BETWEEN MAY 20, 2021 AND NOVEMBER 15, 2021, INCLUSIVE (THE "CLASS PERIOD") OR OTHERWISE PURSUANT TO OATLY'S OFFERING DOCUMENTS ISSUED IN CONNECTION WITH OATLY'S MAY 20, 2021 INITIAL PUBLIC OFFERING ("IPO") AND WERE DAMAGED THEREBY; AND/OR (ii) PURCHASED CALL OPTIONS ON OATLY ADS OR SOLD OATLY PUT OPTIONS ON OATLY ADS DURING THE CLASS PERIOD, AND WERE DAMAGED THEREBY.

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY _____, 2024.

*A federal court has authorized this Notice.  This is not attorney advertising.*

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated February __, 2024 (the "Stipulation"), by and among Lead Plaintiff Mario Bello and additional plaintiffs Mark D. Hayden and Kai Jochims (the "Federal Plaintiffs") and Bruce Hipple (the "State Plaintiff") (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and Defendants Oatly, Toni Petersson, Christian Hanke, Björn Öste, Fredrik Berg, Ann Chung, Bernard Hours, Hannah Jones, Mattias Klintemar, Po Sing Tomakin Lai, Eric Melloul, Yawen Wu, Tim Zhang, Steven Chu, Frances Rathke, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Credit Suisse Securities (USA) LLC, Nativus Company Limited; China Resources Verlinvest Health Investment Ltd., by their respective counsel.[1]  If approved, the Settlement will also resolve all claims asserted in a related action pending in the Supreme Court of the State of New York styled as *Hipple v. Oatly Group AB ET, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) (the "State Court Action," and together with this Action, the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

---

[1]    The Stipulation can be viewed and/or downloaded at www. .com.  Unless otherwise indicated, all capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

- If approved by the Court, the Settlement will provide nine million two hundred and fifty thousand dollars ($9,250,000) (the "Settlement Amount"), plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, an award to Plaintiffs in connection with their representation of the Settlement Class, and net of any taxes on interest (the "Net Settlement Fund"), to pay valid claims of Settlement Class Members.

- Based on Plaintiffs' damages expert's estimate of the number of shares of Oatly ADSs and options on Oatly ADSs (collectively, "Oatly Securities") that may have been affected by the alleged conduct at issue in the Actions, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $___ per ADS.  This is not an estimate of the actual recovery you should expect.  Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Oatly ADSs or options, your purchase and sales prices, and the total number and amount of claims filed.

Plaintiffs' Counsel have prosecuted the Actions on a wholly contingent basis since their inception, have to date not received any fees for their representation of the Settlement Class or any reimbursement of the funds they have advanced to pay expenses necessarily incurred to prosecute the Actions.  Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount (plus accrued interest thereon), which will cover all attorneys' fees for all plaintiffs' counsel in both Actions.  In addition, Plaintiffs' Counsel will seek no more than $____ in litigation expenses, plus an award to the individual Plaintiffs totaling in the aggregate no more than $14,000 for their time and expenses directly related to their representation of the Settlement Class.  The estimated average cost for such fees, expenses and awards, if the Court approves Plaintiffs' Counsel's Fee and Expense Application, would be $__ per Oatly ADS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release Form** | Proofs of Claim and Release forms must be postmarked (if mailed) or received (if submitted online) on or before ____, 2024. **This is the only way to get a payment.** |
| **Exclude Yourself from the Settlement Class** | Submit a request for exclusion no later than _____.  This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Defendants' Parties relating to the legal claims in this case.  **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |

| Object | Write to the Court no later than _____ about why you do not like the Settlement.  You can still submit a Proof of Claim and Release Form.  If the Court approves the Settlement, you will be bound by it. |
| --- | --- |
| Go to the Hearing | Ask to speak in Court about the fairness of the Settlement at the hearing on _____ (the "Settlement Hearing").  You can still submit a Proof of Claim and Release.  If the Court approves the Settlement, you will be bound by it. |
| Do Nothing | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the previously referenced Stipulation of Settlement, (the "Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

**I.      THE ALLEGATIONS**

Oatly manufactures and sells oat milk, a dairy substitute.  Plaintiffs in both Actions allege that the Offering Documents for Oatly's May 20, 2021 initial public offering ("IPO") represented that Oatly had substantially expanded its production to satisfy increasing consumer demand in the lead up to the IPO, but failed to disclose declining retail market share and shelf space in key markets, significant production problems (including plant shutdowns), and cost headwinds related to increasing raw materials prices, which in turn rendered Oatly's Offering Documents materially misleading in violation of the Securities Act of 1933 (the "Securities Act").  The Federal Action also alleges that certain Defendants made additional statements after the IPO that materially misrepresented the demand for Oatly's oat-based products and market share in violation of the Securities Exchange Act of 1934 (the "Exchange Act").

Defendants deny all of Plaintiffs' allegations.  Without limiting the generality of the foregoing in any way, Defendants have expressly denied and continue to deny, among other things, that any alleged misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any alleged damages.  Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR THE SETTLEMENT CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE**

MERITS OF ANY CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.

I.      PROCEDURAL HISTORY

**The Federal Action**:

On July 26, 2021, plaintiff Kai Jochims filed the initial complaint in the Federal Action. Additional complaints were filed by two other purported Oatly investors.  Pursuant to an Order dated October 21, 2021, plaintiff Jochims filed an amended complaint on December 1, 2021.  On December 6, 2021, the Federal Court consolidated the various complaints and appointed Mario Bello as Lead Plaintiff and Scott + Scott Attorneys at Law LLP as Lead Counsel.

On March 4, 2022, Federal Plaintiffs filed their Consolidated Amended Complaint in the Federal Action.  After obtaining leave to file a further pleading, Federal Plaintiffs filed their Second Amended Complaint ("SAC").  On June 1, 2023, the Court dismissed the SAC in its entirety, but granted leave to replead claims under §§11 and 15 of the Securities Act and §10(b) and 20 of the Exchange Act.  On August 11, 2023, the Federal Plaintiffs filed their Third Amended Complaint on behalf of the Class, which is the operative complaint in the Federal Action.

**The State Action**:

On February 15, 2022, plaintiff Bruce Hipple, represented by Robbins Geller Rudman & Dowd LLP ("State Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of §§11 and 15 of the Securities Act on behalf of all persons who purchased Oatly ADSs pursuant and/or traceable to Oatly's Offering Documents issued in connection with its IPO.  On May 19, 2022, the State Court granted Defendants' CPLR 2201 motion to stay the State Court Action pending resolution of the Federal Action.

**Settlement Negotiations**:

In the summer of 2023, Plaintiffs and Oatly agreed to explore a global resolution of the Actions and engaged the services of a mediator (the "Mediator").  In connection with the mediation, Plaintiffs' and Oatly's counsel submitted confidential mediation briefs and, on October 26, 2023, attended an in-person, all-day mediation session conducted by the Mediator. Following the mediation session, and with the assistance of the Mediator, the Parties agreed to settle all claims at issue for $9.25 million, subject to resolution of certain non-monetary terms. Shortly thereafter, Plaintiffs and Oatly were able to resolve all non-monetary terms.  The Stipulation (together with the exhibits thereto) sets forth in full the Parties' agreement to settle (including the payment of $9.25 million), subject to court approval.

### HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased Oatly ADSs or call options on Oatly ADS or sold put options on Oatly ADS during the Class Period (including by purchasing Oatly's ADS in Oatly's IPO), you are a

Settlement Class Member.  As set forth in the Stipulation, excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries or affiliates); and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates); the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person, and any entity in which any of the above excluded Persons have or had a controlling interest, and the legal representative, heirs, successors-in-interest or assign of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.[2]  Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish (if eligible) to participate in the distribution of proceeds from the Settlement, you are required to complete and submit the Proof of Claim that is being distributed with this Notice (together with the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.  *See* pp. _____ below.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,250,000.  The Settlement Amount, plus accrued interest (less any taxes owed thereon) and minus the costs of this Notice, settlement administration costs, attorneys' fees and litigation expenses, and any awards to Plaintiffs for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described at the end of this Notice.

### DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Plaintiffs' Counsel.  If your address changes, please contact the Claims Administrator at:

---

[2]    "Investment Vehicle" means any investment company or pooled investment fund including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any Individual Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

*Oatly Securities Litigation*
Claims Administrator
c/o _____
P.O. Box_____
_____, __ _____

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Settlement may be terminated under certain circumstances outlined in the Stipulation.  If the Settlement is validly terminated, the Actions will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on Defendants' motion to dismiss in the Federal Action (including the issuance of the Court's June 1, 2023 order dismissing the SAC), and a mediation process conducted under the auspices of the Mediator.  The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants.  Instead, Plaintiffs and Defendants have agreed to this Settlement, which is based on the $9.25 million settlement amount that was negotiated during the mediation process.  If the Settlement is approved, the Parties will avoid the risks, costs, delays, and uncertainties of further litigation.

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement.  In particular, the Federal Court had already dismissed the SAC, and although the Federal Plaintiffs believed that their amended claims as set forth in their pending Third Amended Complaint had merit, there could be no assurance that the Federal Court would not also dismiss those amended claims.  And although dismissal of the Federal Action would lift the stay of proceedings in the State Action, there would be a very significant risk that, in the event of a Federal Court dismissal, the State Court would dismiss the related State Action on the same or similar grounds.  Moreover, even if one or both Actions ever survived dismissal, litigation of the claims through discovery would have likely taken well over a year, the costs of such discovery (including expert discovery) and any trial would have been significant, and even if Plaintiffs were then able to prevail at trial Defendants would have the ability to appeal.  Accordingly, although continuing to litigate against Defendants could result in a judgment greater than the amount of the proposed Settlement, doing so could well result in a lesser recovery, or no recovery at all.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class primarily because, if the Settlement is approved, they believe that the benefits to the Settlement Class of a significant, certain and immediate recovery outweigh the very significant risks and uncertainties of continued litigation, and that the proposed $9.25 million Settlement represents a favorable result for the Settlement Class.

**WHO REPRESENTS THE SETTLEMENT CLASS?**

The following attorneys are counsel for the Settlement Class:

| | |
|---|---|
| William C. Fredericks | Michael G. Capeci |
| SCOTT + SCOTT ATTORNEYS AT LAW LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| The Helmsley Building | 58 South Service Road, Suite 200 |
| 230 Park Avenue, 17th Floor | Melville, NY 11747 |
| New York, NY  10169 | Telephone: (631) 367-7100 |
| Telephone: (212) 233-6444 | |
| *Lead Counsel for Federal Plaintiffs* | *Additional Counsel for Plaintiffs* |

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by accessing the Settlement Website at www._____.com.  For information or assistance about how to submit a proof of claim, you can contact the Claims Administrator at:

*Oatly Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____, \_\_ \_\_\_\_\_

## HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Plaintiffs' Counsel have prosecuted the Actions on a wholly contingent basis since their inception.  To date they have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced all of the funds to pay expenses necessarily incurred to prosecute the respective Actions.  Plaintiffs' Counsel will therefore file a Fee and Expense Application, which will be posted on the Settlement Website and which will be considered by the Federal Court at the Settlement Hearing.  Plaintiffs' Counsel's Fee and Expense Application will seek an aggregate award of attorneys' fees (to compensate and be divided among plaintiffs' counsel in both the Federal and State Action) in an amount not to exceed 30% of the Settlement Fund.  In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $135,000.  The Fee and Expense Application will also seek awards to the individual Plaintiffs (Mario Bello, Mark D. Hayden, Kai Jochims, and  Bruce Hipple) totaling no more than $14,000 in the aggregate for their time and expenses directly related to their representation of the Settlement Class.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel in the State and Federal Actions to compensate them for their work in achieving the Settlement, and for their risk in undertaking their representations in the Actions on a wholly contingent basis.  The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

**CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

Yes.  If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself from, or "opting out" of, the Settlement Class.  If you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue may be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *In re Oatly Group AB Securities Litigation*, Case No. 1:21-cv-06360-AKH (S.D.N.Y.).  Be sure to include your name, address, telephone number, and, for each type Oatly Security (ADSs, call options, or put options) you transacted in, the date(s), price(s), and number of Oatly Securities that you purchased or sold during the Class Period (May 20, 2021 through November 15, 2021, inclusive).  Your exclusion request must be **postmarked no later than _____, 2024**, and sent to the Claims Administrator at:

*Oatly Securities Litigation*
Claims Administrator
c/o _____
ATTN: EXCLUSIONS
P.O. Box\_\_\_\_\_
_____, \_\_ \_\_\_\_\_

You cannot exclude yourself by phone or by email.  If you make a valid request for exclusion, you will not receive a settlement payment and you cannot object to the Settlement, but you will not be legally bound by anything that happens in the Actions.

**CAN I OBJECT TO THE SETTLEMENT, THE FEE AND
EXPENSE APPLICATION, AND/OR THE PLAN OF ALLOCATION?**

Yes.  If you are a Settlement Class Member, you may object to the terms of the Settlement and/or the Plan of Allocation.  Whether or not you object to the terms of the Settlement or Plan of Allocation, you may also object to the requested attorneys' fees, litigation expenses, and/or Plaintiffs' request for an award for representing the Settlement Class.  For any objection to be considered, you must send a copy of your objection to the Court and to Plaintiffs' Counsel's and Defendant Oatly's Counsel at the addresses listed below by _____, 2024. The Court's address is Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007; Plaintiffs' Counsel's address is William C. Fredericks, Scott + Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 17th Floor, New York, NY 10169, and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Defendant Oatly's Counsel's address is William O. Reckler, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; and Underwriter Defendants' Counsel's

address is Brian S. Weinstein, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017.

Any objection must be in writing and state with specificity the reasons why you object to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application, including any legal or evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Your objection must also be signed, accompanied by proof that you are a member of the Settlement Class, and identify any other class action settlements in which you (or your counsel), if any, have filed objections in the past five years.

Attendance at the Settlement Hearing is not necessary and the Court will consider any written objections submitted in accordance with the above procedures will be considered whether you attend or not. However, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may wish to call to testify, and any exhibits they may wish to introduce into evidence.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Plaintiffs' Counsel's Fee and Expense Application. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you may not object because the case no longer applies to you.

### WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

### HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www._____.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and either (1) mail your Proof of Claim to the Claims Administrator so that it is **postmarked no later than _____, 2024**; or (2) submitted electronically at www._____.com by no later than _____, 2024. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Parties from all Released Claims.

- "Released Defendants Parties" means (i) Defendants, (ii) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or his family, and (iii) for any of the entities listed at (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including without limitation financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustees, trustors, trust beneficiaries, agents, attorneys (including Defendants' Counsel and all other counsel who have represented any current or former Defendant in the Actions, or in connection with any of the allegations in the Actions), professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

- "Released Claims" means all claims (including "Unknown Claims," as defined below), demands, losses, rights, damages, and causes of action of any nature whatsoever, whether in law or in equity, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Federal Plaintiffs, State Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, that (a) arise out of, are based on, or related in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to (i) the purchase or acquisition of any Oatly Shares (x) during the Class Period, or (y) otherwise pursuant to the Offering Documents; or (ii) the purchase or acquisition of call options on Oatly Shares or the sale of put options on Oatly Shares (xx) during the Class Period, or (yy) otherwise pursuant to the Offering Documents. Released Claims does not include claims to enforce the Settlement.

- "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims as defined below), demands, losses, rights, and causes of actions of any nature whatsoever by the Released Defendant Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in way to the institution, prosecution, assertion, settlement or resolution of either of the Actions (except for any claims to enforce the Settlement.

- "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such party, might have affected his, her or its decision with respect to the settlement and release of the Released Defendants' Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against the Released Plaintiffs Parties that any Defendants does not know or suspect to exist in their, his, her or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the settlement and release of the Released Plaintiffs' Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

  > **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

  and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional,

with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The full and complete terms of the proposed Settlement are set forth in the Stipulation (and its exhibits), which may be reviewed and downloaded at www._____.com.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2024, at _:_ .m., before the Honorable Alvin K. Hellerstein at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, for the purpose of determining whether: (1) to approve the Settlement as set forth in the Stipulation for $9,250,000 in cash as fair, reasonable, and adequate; (2) to approve the Plan of Allocation as fair and reasonable (3) to enter the Judgment as provided for under the Stipulation; (4) to award Plaintiffs' Counsel attorneys' fees and litigation expenses from the Settlement Fund, and if so in what amount; (5) to make an award from the Settlement Fund to the individual Plaintiffs to compensate them for their time and expenses in representing the Settlement Class, and if so in what amount.

The Court may adjourn or continue the Settlement Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www._____.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website.

Any Settlement Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless their objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by them at the Settlement Hearing, with the Court no later than _____, 2024. In addition, by that deadline, copies of all of the same materials must also be served on the following counsel:

| | |
|---|---|
| William C. Fredericks | Michael G. Capeci |
| SCOTT + SCOTT ATTYS AT LAW LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| The Helmsley Building | 58 South Service Road, Suite 200 |
| 230 Park Avenue, 17th Floor | Melville, NY  11747 |
| New York, NY  10169 | |
| | *Additional Counsel for Plaintiff* |
| *Lead Counsel for Federal Plaintiffs* | |

William O. Reckler
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020

*Counsel for Oatly and the Individual
Defendants*

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2024. [Note:  Insert same date here the date that will be inserted in immediately preceding paragraph].

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased Oatly ADSs or call options on Oatly (or sold put options on Oatly ADS) for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.03 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.03 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

DATED:_____, 2024    BY ORDER OF THE UNITED STATES DISTRICT
                                COURT FOR THE SOUTHERN DISTRICT OF
                                NEW YORK

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION OF THE NET
SETTLEMENT FUND AMONG CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violation alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement based upon the recognized loss formula described below.

Publicly tradable American Depository Shares of Oatly Group AB ("Oatly ADS," NASDAQ ticker OTLY) purchased in Oatly's May 20, 2021 initial public offering or on or between May 20, 2021, and November 15, 2021 (the "Class Period") and persons who purchased publicly traded call options ("Call Options") or sold publicly traded put options ("Put Options") on Oatly ADS during the Class Period are potentially eligible for damages.  Only Oatly ADS or Call Options sold on or after July 15, 2021, or Put Options bought on or after that date, will be eligible for damages.  Additionally, Oatly ADS or Options deemed purchased and sold on the same day shall not be eligible for damages.  The damages for each purchased Oatly ADS and Option will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below.  The total number of damaged Oatly ADS potentially eligible to participate in the Settlement ("Eligible Shares") is estimated to be no more than 117 million.  The gross recovery is expected to be at least $0.075 per ADS share.

**A.      Calculation of Recognized Losses on Eligible Oatly ADS**

For each Eligible ADS purchased in the market or in the initial public offering from May 20 through November 15, 2021, inclusive, the Recognized Loss for each such ADS shall be

based on the inflation per ADS on the date of purchase, minus the inflation per ADS on the date of sale, as set forth in the following Table A below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶A.1-3 below (in which case the lower amount will apply).

**Table A:    Inflation per ADS on Eligible ADSs as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per ADS |
|---|---|---|---|
| 1 | 5/20/2021 | 7/14/2021 | $3.31 |
| 2 | 7/15/2021 | 8/10/2021 | $2.83 |
| 3 | 8/11/2021 | 11/12/2021 | $2.04 |
| 4 | 11/15/2021 | current | $0.00 |

1.    For Eligible ADS sold on or before July 14, 2021, the Recognized Loss for each ADS will be zero.

2.    For Eligible ADS sold on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each ADS will be the lesser of: (a) the Inflation per ADS at the time of purchase, minus the Inflation Per ADS amount at the time of sale, as set forth in Table A; or (b) the lesser of the price paid on the date of purchase ("Purchase Price") minus the price realized on the date of sale ("Sales Price").

3.    For Eligible ADS sold after November 30, 2021 (or that continued to be held after that date), the Recognized Loss will be the lesser of: (a) the Inflation Per Share amount at the time of Purchase as set forth in Table A; or (b) the Purchase Price minus $8.40 (the closing price of Oatly ADS on December 1, 2021).

**B.    Calculation of Recognized Losses on Eligible Oatly Call Options Purchased**

For each publicly traded Eligible Call Option purchased from May 20, 2021, through November 15, 2021, inclusive, the Recognized Loss for each such option shall be based on the inflation per Call Option per ADS on the date of purchase minus the inflation per Call Option per

ADS on the date of sale (which shall include any exercise, cover, or expiration event), as set forth in the following Table B below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶B.1-3 below (in which case the lower amount will apply), and which include an 75% discount compared to Recognized Losses calculated on Oatly ADS transactions in order to reflect the fact that options transactors have only claims under the Exchange of Act of 1934 (which requires proof of Defendants' fraudulent intent (a/k/a *scienter*) and loss causation), whereas investors who purchased Oatly ADSs during the Class Period also have claims under §11 of the Securities Act of 1933 (which requires only proof of a materially false or misleading statement in the Offering Documents to state a *prima facie* claim).

**Table B:**    **Inflation per Call Option per ADS on Eligible Call Options as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per Call Option per ADS |
|---|---|---|---|
| 1 | 5/20/2021 | 7/14/2021 | $1.65 |
| 2 | 7/15/2021 | 8/10/2021 | $1.42 |
| 3 | 8/11/2021 | 11/12/2021 | $1.05 |
| 4 | 11/15/2021 | current | $0.00 |

1.    For Eligible Call Options purchased during the Class Period that were then sold (including covered, exercised, or expired) on or before July 14, 2021, the Recognized Loss for each Call Option will be zero.

2.    For Eligible Call Options purchased during the Class Period that was then deemed sold (including covered, exercised, or expired) on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each ADS will be 25% (reflecting the 75% discount referenced above) of the lesser of: (a) the Inflation per ADS at the time of purchase, minus the Inflation Per ADS amount at the time of deemed sale (sale, cover, exercise, or expiration), as set forth in Table B; or (b) the lesser of the price paid on the date of deemed purchase ("Purchase Price") minus the price realized on the date of deemed sale ("Sales Price").

- 3 -

3.      For Eligible Call Options purchased during the Class Period but not deemed sold (covered, exercised, or expired) until after November 30, 2021, the Recognized Loss will be 25% of the Inflation Per Call Option per ADS at the time of Purchase as set forth in Table B;

**C.      Calculation of Recognized Losses on Eligible Oatly Put Options Sold During the Class Period**

For each publicly traded Eligible Put Option sold or written in the secondary market from May 20, 2021, through November 15, 2021, inclusive, the Recognized Loss for each such option shall be based on the loss per Put Option per ADS on the date of sale (writing) minus the loss per Put Option per ADS on the date of repurchase (including cover, exercise, or expiration) as set forth in the following Table C below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶C.1-3 below (in which case the lower amount will apply), and which also include an 75% discount compared to Recognized Losses calculated on Oatly ADS transactions in order to reflect the fact that options transactors have only claims under the Exchange of Act of 1934 (which requires proof of Defendants' fraudulent intent (a/k/a *scienter*) and loss causation), whereas all investors who purchased Oatly ADSs during the Class Period also have claims under §11 of the Securities Act of 1933 (which requires only proof of a materially false or misleading statement in the Offering Documents to state a *prima facie* claim).

**Table C:      Loss per Put Option Sold per ADS on Eligible Put Options as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Loss Per Put Option per ADS |
|---|---|---|---|
| 1 | 5/20/2021 | 7/14/2021 | $1.65 |
| 2 | 7/15/2021 | 8/10/2021 | $1.42 |
| 3 | 8/11/2021 | 11/12/2021 | $1.05 |
| 4 | 11/15/2021 | current | $0.00 |

1. For Eligible Put Options sold/written during the Class Period but then repurchased, exercised, expired, or covered on or before July 14, 2021, the Recognized Loss for each Put Option will be zero.

2. For Eligible Put Options sold/written during the Class Period but repurchased (including exercised, expired, or covered) on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each Put Option per ADS will be 25% of the lesser of: (a) the Loss per ADS at the time of deemed sale minus the Loss Per ADS amount at the time of deemed repurchase, as set forth in Table C; or (b) the lesser of the price paid on the date of deemed repurchase ("Purchase Price") minus the price received on the date of deemed sale ("Sale Price").

3. For Eligible Put Option ADS deemed sold during the Class Period but after deemed repurchased after November 30, 2021 (or that continue to be held after that date), the Recognized Loss will be 25% of the lesser of: (a) the Loss per ADS at the time of deemed sale; or (b) the lesser of the price paid on the date of deemed repurchase ("Purchase Price") minus the price received on the date of deemed sale ("Sale Price").

D. **Additional Provisions Relating to the Calculation of Recognized Losses**

For Class Members who made multiple purchases, acquisitions, or sales of securities between May 20, 2021, and November 30, 2021, the first-in, first-out ("FIFO") method will be applied to those purchases, acquisitions, and sales for purposes of calculating Recognized Losses. Under the FIFO method, all purchases of publicly tradeable Oatly ADS and options will be matched, in chronological order.

The date of deemed purchase or date of deemed sale is the "contract" or "trade" date as distinguished from the "settlement" date, except that purchases of Oatly ADSs shown has having

been made on May 19, 2021 (the date that the IPO registration statement for the Oatly ADSs became effective) shall be deemed to have taken place on May 20, 2021 (the first day of the Class Period).  All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Oatly securities during the Relevant Period shall not be deemed a purchase or sale of such shares for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase of the Oatly ADS.  The date of a "short sale" is deemed to be the date of sale of the Oatly ADS.

With respect to Oatly ADS purchased or sold through the exercise of an option, the purchase/sale date of the Oatly ADS is the exercise date of the option and the purchase/sale price of the Oatly ADS is the exercise price of the option.

### E.    Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Losses, as determined in accordance with §§ A, B, C, and D above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Oatly ADS and options during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Oatly ADS and options purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount"

- 6 -

will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until (a) the Court has approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.