# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
| --- | --- | --- |
| In re OATLY GROUP AB SECURITIES LITIGATION | : | Consolidated Civil Action No. |
|  | : | 1:21-cv-06360-AKH |
|  | x |  |

DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE

I, ROSS D. MURRAY, declare and state as follows:

1.   I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2.   Pursuant to this Court's March 27, 2024 Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement ("Notice Order") (ECF 109), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned actions (the "Actions").[1]   I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.   I submit this declaration in order to provide the Court and the parties to the Actions with information regarding: (i) mailing and emailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Actions (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit A); (ii) publication of the Summary Notice of Pendency and Proposed Class Action Settlement (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Settlement Class received to date by Gilardi.

## DISSEMINATION OF NOTICE

4.   Pursuant to the Notice Order, Gilardi is responsible for disseminating the Claim Package to potential Settlement Class Members.  The Settlement Class consists of: (i) all Persons who purchased or acquired Oatly American Depositary Shares ("ADS") between May 20, 2021 and November 15, 2021, inclusive (the "Class Period"), or otherwise pursuant to Oatly's Offering Documents, and were damaged thereby (the "ADS Class"); and (ii) all Persons who purchased or acquired call options on Oatly ADS or sold put options on Oatly ADS during the Class Period, or

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated February 14, 2024 (the "Stipulation") (ECF 103-1), which is available on the website established for the Settlement at www.OatlySecuritiesSettlement.com.

otherwise pursuant to Oatly's Offering Documents, and were damaged thereby (the "Options Class," and with the ADS Class, the "Settlement Class"). Excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries and affiliates), and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates); the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person, and any entity in which any of the above excluded Persons have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

5.       On April 18, 2024, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Claim Packages and cover letters to 282 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Settlement Class Members. In the more than four decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders. Gilardi also mailed Claim Packages and cover letters to the 4,421 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing. A sample of the

cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit B.

6. On April 18, 2024, Gilardi also delivered electronic copies of the Claim Package to 326 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

7. As part of the notice program for this Settlement, on April 18, 2024, Gilardi also delivered an electronic copy of the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

8. Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Gilardi has forwarded the Claim Package on request to nominees who purchased or acquired Oatly securities for the beneficial interest of other persons. Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

9. Following the initial mailing, Gilardi received 13 responses from nominee holders to the outreach efforts described above, which included computer files containing a total of 6,291 names and addresses of potential Settlement Class Members. In addition, 27 institutions requested that Gilardi send them a total of 21,605 Claim Packages for forwarding directly to their clients. Gilardi has promptly fulfilled the requests for Claims Packages that it received from the above referenced 27 institutions and two potential Settlement Class Members.

10. As of May 31, 2024, Gilardi has mailed or emailed a total of 32,927 Claim Packages to potential Settlement Class Members and nominees. Additionally, two institutions reported that they anticipated sending electronic copies of Claim Packages via email to 97,745 potential Settlement Class Members.

### PUBLICATION OF THE SUMMARY NOTICE

11.     In accordance with the Notice Order, on April 26, 2024, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit C.

### TELEPHONE HELPLINE AND WEBSITE

12.     On April 18, 2024, Gilardi established -- and since then has continued to maintain -- a case-specific, toll-free telephone helpline, 1-888-298-4510, to accommodate potential Settlement Class Member inquiries relating to this case.  The toll-free number was set forth in the Notice and on the case website.  Gilardi has been and will continue to promptly respond to all inquiries it receives through this dedicated toll-free telephone helpline.

13.     On April 18, 2024, Gilardi established -- and since then has continued to maintain -- a website dedicated to this Settlement (www.OatlySecuritiesSettlement.com) to provide additional information to Settlement Class Members and to provide answers to frequently asked questions (including but not limited to information about how to request exclusion from the Settlement Class and how to object to the Settlement, Counsel's Fee and Expense Application, or any aspects thereof).   The web address was set forth in the Notice, Proof of Claim, and Summary Notice.  The website includes information regarding the Actions and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing. Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  Similarly, it is Gilardi's intention to also post copies of all papers that will be filed in support of Final Approval of the Settlement and in support of Plaintiffs' Counsels' Fee and Expense Application on the website promptly after they are filed on June 4, 2024.  Settlement Class Members can also complete and submit a Proof of Claim through the website.

### REQUESTS FOR EXCLUSION RECEIVED TO DATE

14.     The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *Oatly Securities Settlement*, Claims

- 4 -

Administrator, c/o Gilardi & Co. LLC, ATTN: EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are postmarked no later than June 17, 2024.

15.    The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address. As of the date of this declaration, Gilardi has not received any requests for exclusion.

16.    Although the Notice Order (and the Notice) provides that Settlement Class Members who wish to file objections must file them with the Court and copy them to relevant counsel (rather to Gilardi), I also note for the sake of completeness that to date Gilardi has also not received any objections.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 31st day of May, 2024, at San Rafael, California.

_____
ROSS D. MURRAY

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re OATLY GROUP AB SECURITIES LITIGATION | : | Consolidated Civil Action No. |
| | : | 1:21-cv-06360-AKH |
| | x | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| | X | |
| BRUCE HIPPLE, Individually and on Behalf of All Others Similarly Situated, | : | Index No. 151432/2022 |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | Justice Andrew Borrok |
| OATLY GROUP AB, et al., | : | |
| Defendants. | X | |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS

TO:     ALL PERSONS WHO (i) PURCHASED OR ACQUIRED OATLY GROUP AB ("OATLY") AMERICAN DEPOSITARY SHARES ("ADS") ("OATLY SHARES") BETWEEN MAY 20, 2021 AND NOVEMBER 15, 2021, INCLUSIVE (THE "CLASS PERIOD") OR OTHERWISE PURSUANT TO OATLY'S OFFERING DOCUMENTS ISSUED IN CONNECTION WITH OATLY'S MAY 20, 2021 INITIAL PUBLIC OFFERING ("IPO"), AND WERE DAMAGED THEREBY; AND/OR (ii) PURCHASED OR ACQUIRED CALL OPTIONS ON OATLY ADS OR SOLD PUT OPTIONS ON OATLY ADS DURING THE CLASS PERIOD, OR OTHERWISE PURSUANT TO OATLY'S OFFERING DOCUMENTS, AND WERE DAMAGED THEREBY.

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY JULY 25, 2024.

*A federal court has authorized this Notice. This is not attorney advertising.*

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated February 14, 2024 (the "Stipulation"), by and among Lead Plaintiff Mario Bello and additional plaintiffs Mark D. Hayden and Kai Jochims (the "Federal Plaintiffs") and Bruce Hipple (the "State Plaintiff") (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and Defendants Oatly, Toni Petersson, Christian Hanke, Björn Öste, Fredrik Berg, Ann Chung, Bernard Hours, Hannah Jones, Mattias Klintemar, Po Sing Tomakin Lai, Eric Melloul, Yawen Wu, Tim Zhang, Steven Chu, Frances Rathke, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Nativus Company Limited, and China Resources Verlinvest Health Investment Ltd., by their respective counsel.[1] If approved, the Settlement will also resolve all claims asserted in a related action pending in the Supreme Court of the State of New York styled as *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) (the "State Court Action," and together with this Action, the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

- If approved by the Court, the Settlement will provide nine million two hundred and fifty thousand dollars ($9,250,000) (the "Settlement Amount"), plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, an award to Plaintiffs in connection with their representation of the Settlement Class, and net of any taxes on interest (the "Net Settlement Fund"), to pay valid claims of Settlement Class Members.

---

[1]     The Stipulation can be viewed and/or downloaded at www.OatlySecuritiesSettlement.com. Unless otherwise indicated, all capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

- Based on Plaintiffs' damages expert's estimate of the number of shares of Oatly ADSs and options on Oatly ADSs (collectively, "Oatly Securities") that may have been affected by the alleged conduct at issue in the Actions, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.075 per ADS. This is not an estimate of the actual recovery you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased, acquired, and sold Oatly ADSs or options, your purchase, acquisition and sales prices, and the total number and amount of claims filed.

Plaintiffs' Counsel have prosecuted the Actions on a wholly contingent basis since their inception, and have to date not received any fees for their representation of the Settlement Class or any reimbursement of the funds they have advanced to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount (plus accrued interest thereon), which will cover all attorneys' fees for all plaintiffs' counsel in both Actions. In addition, Plaintiffs' Counsel will seek no more than $135,000 in litigation expenses, plus an award to the individual Plaintiffs totaling in the aggregate no more than $14,000 for their time and expenses directly related to their representation of the Settlement Class. The estimated average cost for such fees, expenses and awards, if the Court approves Plaintiffs' Counsel's Fee and Expense Application, would be approximately $0.035 per ADS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | Proofs of Claim forms must be postmarked (if mailed) or received (if submitted online) on or before July 25, 2024. **This is the only way to get a payment.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Submit a request for exclusion no later than June 17, 2024. This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Defendants' Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing.** |
| **OBJECT** | Write to the Court no later than June 16, 2024 about why you do not like the Settlement. You can still submit a Proof of Claim. If the Court approves the Settlement, you will be bound by it. |
| **GO TO THE HEARING ON JULY 17, 2024** | Ask to speak in Court about the fairness of the Settlement (the "Settlement Hearing"). Requests to speak must be received by June 16, 2024. You can still submit a Proof of Claim. If the Court approves the Settlement, you will be bound by it. |
| **DO NOTHING** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the previously referenced Stipulation of Settlement (the "Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

**I.      THE ALLEGATIONS**

Oatly manufactures and sells oat milk, a dairy substitute. Plaintiffs in both Actions allege that the Offering Documents for Oatly's May 20, 2021 initial public offering ("IPO") represented that Oatly had substantially expanded its production to satisfy increasing consumer demand in the lead up to the IPO, but failed to disclose declining retail market share and shelf space in key markets, significant production problems (including plant shutdowns), and cost headwinds related to increasing raw materials prices, which in turn rendered Oatly's Offering Documents materially misleading in violation of the Securities Act of 1933 (the "Securities Act"). The Federal Action also alleges that certain Defendants made additional statements after the IPO that materially misrepresented the demand for Oatly's oat-based products and market share in violation of the Securities Exchange Act of 1934 (the "Exchange Act").

Defendants deny all of Plaintiffs' allegations. Without limiting the generality of the foregoing in any way, Defendants have expressly denied and continue to deny, among other things, that any alleged misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any alleged damages. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR THE SETTLEMENT CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## II.  PROCEDURAL HISTORY

### The Federal Action:

On July 26, 2021, plaintiff Kai Jochims filed the initial complaint in the Federal Action. Additional complaints were filed by two other purported Oatly investors. Pursuant to an Order dated October 21, 2021, plaintiff Jochims filed an amended complaint on December 1, 2021. On December 6, 2021, the Federal Court consolidated the various complaints and appointed Mario Bello as Lead Plaintiff and Scott + Scott Attorneys at Law LLP as Lead Counsel.

On March 4, 2022, Federal Plaintiffs filed their Consolidated Amended Complaint in the Federal Action. After obtaining leave to file a further pleading, Federal Plaintiffs filed their Second Amended Complaint ("SAC"). On June 1, 2023, the Court dismissed the SAC in its entirety, but granted leave to replead claims under §§11 and 15 of the Securities Act and §10(b) and 20 of the Exchange Act. On August 11, 2023, the Federal Plaintiffs filed their Third Amended Complaint on behalf of the Class, which is the operative complaint in the Federal Action.

### The State Action:

On February 15, 2022, plaintiff Bruce Hipple, represented by Robbins Geller Rudman & Dowd LLP ("State Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of §§11 and 15 of the Securities Act on behalf of all persons who purchased Oatly ADSs pursuant and/or traceable to Oatly's Offering Documents issued in connection with its IPO. On May 19, 2022, the State Court granted Defendants' CPLR 2201 motion to stay the State Court Action pending resolution of the Federal Action.

### Settlement Negotiations:

In the summer of 2023, Plaintiffs and Oatly agreed to explore a global resolution of the Actions and engaged the services of a mediator (the "Mediator"). In connection with the mediation, Plaintiffs' and Oatly's counsel submitted confidential mediation briefs and, on October 26, 2023, attended an in-person, all-day mediation session conducted by the Mediator. Following the mediation session, and with the assistance of the Mediator, the Parties agreed to settle all claims at issue for $9.25 million, subject to resolution of certain non-monetary terms. Shortly thereafter, Plaintiffs and Oatly were able to resolve all non-monetary terms. The Stipulation (together with the exhibits thereto) sets forth in full the Parties' agreement to settle (including the payment of $9.25 million), subject to Court approval.

### HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased or acquired Oatly ADS or call options on Oatly ADS or sold put options on Oatly ADS during the Class Period (including by purchasing Oatly's ADS in Oatly's IPO), you are a Settlement Class Member. As set forth in the Stipulation, excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries or affiliates), and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates), the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person, and any entity in which any of the above excluded Persons have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.[2] Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish (if eligible) to participate in the distribution of proceeds from the Settlement, you are required to complete and submit the Proof of Claim that is being distributed with this Notice (together with the required supporting documentation as set forth therein) postmarked or submitted online on or before July 25, 2024. *See* pp. 6-7 below.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,250,000. The Settlement Amount, plus accrued interest (less any taxes owed thereon) and minus the costs of this Notice, settlement administration costs, attorneys' fees and litigation expenses, and any awards to Plaintiffs for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described at the end of this Notice.

---

[2]    "Investment Vehicle" means any investment company or pooled investment fund including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

**DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO
PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?**

No. If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Plaintiffs' Counsel. If your address changes, please contact the Claims Administrator at:

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Settlement may be terminated under certain circumstances outlined in the Stipulation. If the Settlement is validly terminated, the Actions will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on Defendants' motion to dismiss in the Federal Action (including the issuance of the Court's June 1, 2023 order dismissing the SAC), and a mediation process conducted under the auspices of the Mediator. The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to this Settlement, which is based on the $9.25 million settlement amount that was negotiated during the mediation process. If the Settlement is approved, the Parties will avoid the risks, costs, delays, and uncertainties of further litigation.

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement. In particular, the Federal Court had already dismissed the SAC, and although the Federal Plaintiffs believed that their amended claims as set forth in their pending Third Amended Complaint had merit, there could be no assurance that the Federal Court would not also dismiss those amended claims. And although dismissal of the Federal Action would lift the stay of proceedings in the State Action, there would be a very significant risk that, in the event of a Federal Court dismissal, the State Court would dismiss the related State Action on the same or similar grounds. Moreover, even if one or both Actions ever survived dismissal, litigation of the claims through discovery would have likely taken well over a year, the costs of such discovery (including expert discovery) and any trial would have been significant, and even if Plaintiffs were then able to prevail at trial, Defendants would have the ability to appeal. Accordingly, although continuing to litigate against Defendants could result in a judgment greater than the amount of the proposed Settlement, doing so could well result in a lesser recovery, or no recovery at all.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class primarily because, if the Settlement is approved, they believe that the benefits to the Settlement Class of a significant, certain and immediate recovery outweigh the very significant risks and uncertainties of continued litigation, and that the proposed $9.25 million Settlement represents a favorable result for the Settlement Class.

**WHO REPRESENTS THE SETTLEMENT CLASS?**

The following attorneys are counsel for the Settlement Class:

William C. Fredericks
SCOTT + SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

*Lead Counsel for Federal Plaintiffs*

Michael G. Capeci
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100

*Additional Counsel for Plaintiffs*

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by accessing the Settlement Website at www.OatlySecuritiesSettlement.com. For information or assistance about how to submit a Proof of Claim, you can contact the Claims Administrator at:

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

4

**HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?**

Plaintiffs' Counsel have prosecuted the Actions on a wholly contingent basis since their inception. To date, they have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced all of the funds to pay expenses necessarily incurred to prosecute the respective Actions. Plaintiffs' Counsel will therefore file a Fee and Expense Application, which will be posted on the Settlement Website and which will be considered by the Federal Court at the Settlement Hearing. Plaintiffs' Counsel's Fee and Expense Application will seek an aggregate award of attorneys' fees (to compensate and be divided among plaintiffs' counsel in both the Federal and State Actions) in an amount not to exceed 30% of the Settlement Fund. In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $135,000. The Fee and Expense Application will also seek awards to the individual Plaintiffs (Mario Bello, Mark D. Hayden, Kai Jochims, and Bruce Hipple) totaling no more than $14,000 in the aggregate for their time and expenses directly related to their representation of the Settlement Class.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel in the State and Federal Actions to compensate them for their work in achieving the Settlement, and for their risk in undertaking their representations in the Actions on a wholly contingent basis. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

**CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue may be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *In re Oatly Group AB Securities Litigation*, No. 1:21-cv-06360-AKH (S.D.N.Y.). Be sure to include your name, address, telephone number, and, for each type of Oatly Security (ADS, call options, or put options) you transacted in, the date(s), price(s), and number of Oatly Securities that you purchased, acquired or sold during the Class Period (from May 20, 2021 through November 15, 2021, inclusive). Your exclusion request must be **postmarked no later than June 17, 2024**, and sent to the Claims Administrator at:

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

You cannot exclude yourself by phone or by email. If you make a valid request for exclusion, you will not receive a settlement payment and you cannot object to the Settlement, but you will not be legally bound by anything that happens in the Actions.

**CAN I OBJECT TO THE SETTLEMENT, THE FEE AND
EXPENSE APPLICATION, AND/OR THE PLAN OF ALLOCATION?**

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement and/or the Plan of Allocation. Whether or not you object to the terms of the Settlement or Plan of Allocation, you may also object to the requested attorneys' fees, litigation expenses, and/or Plaintiffs' request for an award for representing the Settlement Class. For any objection to be considered, you must send a copy of your objection to the Court and to Plaintiffs' Counsel and Defendants' Counsel at the addresses listed below by June 16, 2024. The Court's address is Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007; Plaintiffs' Counsel's addresses are William C. Fredericks, Scott + Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 17th Floor, New York, NY 10169, and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Defendants' Counsel's addresses are William O. Reckler, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, and Brian S. Weinstein, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017.

Any objection must be in writing and state with specificity the reasons why you object to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application, including any legal or evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Your objection must also be signed, accompanied by proof that you are a member of the Settlement Class, and identify any other class action settlements in which you (or your counsel), if any, have filed objections in the past five years.

Attendance at the Settlement Hearing is not necessary and the Court will consider any written objections submitted in accordance with the above procedures whether you attend or not. However, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may wish to call to testify, and any exhibits they may wish to introduce into evidence.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Plaintiffs' Counsel's Fee and Expense Application. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you may not object because the case no longer applies to you.

### WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

### HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www.OatlySecuritiesSettlement.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and either (1) mail your Proof of Claim to the Claims Administrator so that it is **postmarked no later than July 25, 2024**; or (2) submit it electronically at www.OatlySecuritiesSettlement.com by no later than July 25, 2024. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

### WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Parties from all Released Claims.

- "Released Defendants' Parties" means (i) Defendants, (ii) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, (iii) the named underwriters of the IPO, and (iv) any of the entities listed at (i), (ii), or (iii), their respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including without limitation financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trusts, trustees, trustors, trust beneficiaries, agents, attorneys (including Defendants' Counsel and all other counsel who have represented any current or former Defendant in the Actions, or in connection with any of the allegations in the Actions), professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

- "Released Claims" means all claims (including "Unknown Claims," as defined below), demands, losses, rights, damages, and causes of action of any nature whatsoever, whether in law or in equity, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Federal Plaintiffs, State Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, that (a) arise out of, are based on, or related in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to (i) the purchase or acquisition of any Oatly Shares (x) during the Class Period, or (y) otherwise pursuant to the Offering Documents; or (ii) the purchase or acquisition of call options on Oatly Shares or the sale of put options on Oatly Shares (xx) during the Class Period, or (yy) otherwise pursuant to the Offering Documents. Released Claims does not, however, include claims to enforce the Settlement.

- "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims as defined below), demands, losses, rights, and causes of actions of any nature whatsoever by the Released Defendants' Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in any way to the institution, prosecution, assertion, settlement or resolution of either of the Actions (except for any claims to enforce the Settlement).

- "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such party, might have affected their, his, her or its decision with respect to the settlement and release of the Released Defendants' Parties, or might have affected such party's decision(s) with respect to this Settlement or the releases of the Released Defendants' Parties, and (ii) any claims against the Released Plaintiffs' Parties that any Defendants does not know or suspect to exist in their, his, her or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the settlement and release of the Released Plaintiffs' Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The full and complete terms of the proposed Settlement are set forth in the Stipulation (and its exhibits), which may be reviewed and downloaded at www.OatlySecuritiesSettlement.com.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on July 17, 2024 at 2:30 p.m., before the Honorable Alvin K. Hellerstein at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, for the purpose of determining whether: (1) to approve the Settlement as set forth in the Stipulation for $9,250,000 in cash as fair, reasonable, and adequate; (2) to approve the Plan of Allocation as fair and reasonable; (3) to enter the Judgment as provided for under the Stipulation; (4) to award Plaintiffs' Counsel attorneys' fees and litigation expenses from the Settlement Fund, and if so in what amount; and (5) to make an award from the Settlement Fund to the individual Plaintiffs to compensate them for their time and expenses in representing the Settlement Class, and if so in what amount.

The Court may adjourn or continue the Settlement Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement Website, www.OatlySecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement Website.

Any Settlement Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless their objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by them at the Settlement Hearing, with the Court no later than June 16, 2024. In addition, by that deadline, copies of all of the same materials must also be served on the following counsel:

William C. Fredericks
SCOTT + SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

*Lead Counsel for Federal Plaintiffs*

Michael G. Capeci
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747

*Additional Counsel for Plaintiffs*

William O. Reckler
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

*Counsel for Oatly and the Individual Defendants*

Brian S. Weinstein
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

*Counsel for the Underwriter Defendants*

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than June 16, 2024.

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased or acquired Oatly ADS or call options on Oatly (or sold put options on Oatly ADS) for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them via First Class Mail to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.03 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.03 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

DATED: March 28, 2024

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

8

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION OF THE NET
SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violation alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement based upon the recognized loss formula described below.

Publicly tradable American Depositary Shares of Oatly Group AB ("Oatly ADS," NASDAQ ticker OTLY) purchased or acquired in Oatly's May 20, 2021 initial public offering or on or between May 20, 2021 and November 15, 2021, inclusive (the "Class Period") and persons who purchased or acquired publicly traded call options ("Call Options") or sold publicly traded put options ("Put Options") on Oatly ADS during the Class Period are potentially eligible for damages. Only Oatly ADS or Call Options sold on or after July 15, 2021, or Put Options bought on or after that date, will be eligible for damages. Additionally, Oatly ADS or Options purchased or acquired and sold on the same day shall not be eligible for damages. The damages for each purchased or acquired Oatly ADS and Option will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized Claims of all Authorized Claimants), as set forth below. The total number of damaged Oatly ADS potentially eligible to participate in the Settlement ("Eligible Shares") is estimated to be no more than 117 million. The gross recovery is expected to be at least $0.075 per ADS share.

**A.      Calculation of Recognized Losses on Eligible Oatly ADS**

For each Eligible ADS purchased or acquired in the market or in the initial public offering from May 20, 2021 through November 15, 2021, inclusive, the Recognized Loss for each such ADS shall be based on the inflation per ADS on the date of purchase or acquisition, minus the inflation per ADS on the date of sale, as set forth in the following Table A below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶A.1-3 below (in which case the lower amount will apply).

**Table A:
Inflation per ADS on Eligible ADS as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per ADS |
|:---:|:---:|:---:|:---:|
| 1 | 5/20/2021 | 7/14/2021 | $3.31 |
| 2 | 7/15/2021 | 8/10/2021 | $2.83 |
| 3 | 8/11/2021 | 11/14/2021 | $2.04 |
| 4 | 11/15/2021 | current | $0.00 |

1.      For Eligible ADS sold on or before July 14, 2021, the Recognized Loss for each ADS will be zero.

2.      For Eligible ADS sold on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each ADS will be the lesser of: (a) the Inflation per ADS at the time of purchase or acquisition, minus the Inflation per ADS amount at the time of sale, as set forth in Table A; or (b) the lesser of the price paid on the date of purchase ("Purchase Price") minus the price realized on the date of sale ("Sales Price").

3.      For Eligible ADS sold after November 30, 2021 (or that continued to be held after that date), the Recognized Loss will be the lesser of: (a) the Inflation per Share amount at the time of purchase as set forth in Table A; or (b) the Purchase Price minus $8.40 (the closing price of Oatly ADS on December 1, 2021).

**B.       Calculation of Recognized Losses on Eligible Oatly Call Options Purchased or Acquired**

For each publicly traded Eligible Call Option purchased or acquired from May 20, 2021 through November 15, 2021, inclusive, the Recognized Loss for each such option shall be based on the inflation per Call Option per ADS on the date of purchase or acquisition minus the inflation per Call Option per ADS on the date of sale (which shall include any exercise, cover, or expiration event), as set forth in the following Table B below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶B.1-3 below (in which case the lower amount will apply), and which include an 75% discount compared to Recognized Losses calculated on Oatly ADS transactions in order to reflect the fact that options transactors have only claims under the Securities Exchange Act of 1934 (which requires proof of Defendants' fraudulent intent (a/k/a *scienter*) and loss causation), whereas investors who purchased or acquired Oatly ADSs during the Class Period also have claims under §11 of the Securities Act of 1933 (which requires only proof of a materially false or misleading statement in the Offering Documents to state a *prima facie* claim).

**Table B:**
**Inflation per Call Option per ADS on Eligible Call Options as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Inflation Per Call Option Per ADS |
|--------|----------------|-------------|-----------------------------------|
| 1 | 5/20/2021 | 7/14/2021 | $1.65 |
| 2 | 7/15/2021 | 8/10/2021 | $1.42 |
| 3 | 8/11/2021 | 11/14/2021 | $1.05 |
| 4 | 11/15/2021 | current | $0.00 |

1.       For Eligible Call Options purchased or acquired during the Class Period that were then sold (including covered, exercised, or expired) on or before July 14, 2021, the Recognized Loss for each Call Option will be zero.

2.       For Eligible Call Options purchased or acquired during the Class Period that was then deemed sold (including covered, exercised, or expired) on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each ADS will be 25% (reflecting the 75% discount referenced above) of the lesser of: (a) the Inflation per ADS at the time of purchase or acquisition, minus the Inflation per ADS amount at the time of deemed sale (sale, cover, exercise, or expiration), as set forth in Table B; or (b) the lesser of the price paid on the date of deemed purchase ("Purchase Price") minus the price realized on the date of deemed sale ("Sales Price").

3.       For Eligible Call Options purchased or acquired during the Class Period but not deemed sold (covered, exercised, or expired) until after November 30, 2021, the Recognized Loss will be 25% of the lesser of: (a) Inflation per Call Option per ADS at the time of Purchase as set forth in Table B; or (b) the price paid on the date of deemed repurchase ("Purchase Price") minus the price received on the date of deemed sale ("Sale Price").

**C.       Calculation of Recognized Losses on Eligible Oatly Put Options Sold During the Class Period**

For each publicly traded Eligible Put Option sold or written in the secondary market from May 20, 2021 through November 15, 2021, inclusive, the Recognized Loss for each such option shall be based on the loss per Put Option per ADS on the date of sale (writing) minus the loss per Put Option per ADS on the date of repurchase (including cover, exercise, or expiration) as set forth in the following Table C below; *provided*, however, that all such losses will be limited by the loss limitation rules set forth in ¶¶C.1-3 below (in which case the lower amount will apply), and which also include a 75% discount compared to Recognized Losses calculated on Oatly ADS transactions in order to reflect the fact that options transactors have only claims under the Securities Exchange of Act of 1934 (which requires proof of Defendants' fraudulent intent (a/k/a *scienter*) and loss causation), whereas all investors who purchased or acquired Oatly ADSs during the Class Period also have claims under §11 of the Securities Act of 1933 (which requires only proof of a materially false or misleading statement in the Offering Documents to state a *prima facie* claim).

10

**Table C:**
**Loss per Put Option Sold per ADS on Eligible Put Options as of Relevant Purchase and Sale Dates**

| Period | Beginning Date | Ending Date | Loss Per Put Option Per ADS |
|--------|---------------|-------------|----------------------------|
| 1 | 5/20/2021 | 7/14/2021 | $1.65 |
| 2 | 7/15/2021 | 8/10/2021 | $1.42 |
| 3 | 8/11/2021 | 11/14/2021 | $1.05 |
| 4 | 11/15/2021 | current | $0.00 |

1.      For Eligible Put Options sold/written during the Class Period but then repurchased, exercised, expired, or covered on or before July 14, 2021, the Recognized Loss for each Put Option will be zero.

2.      For Eligible Put Options sold/written during the Class Period but repurchased (including exercised, expired, or covered) on or after July 15, 2021, and on or before November 30, 2021, the Recognized Loss for each Put Option per ADS will be 25% of the lesser of: (a) the Loss per ADS at the time of deemed sale minus the Loss per ADS amount at the time of deemed repurchase, as set forth in Table C; or (b) the lesser of the price paid on the date of deemed repurchase ("Purchase Price") minus the price received on the date of deemed sale ("Sale Price").

3.      For Eligible Put Option ADS deemed sold during the Class Period but deemed repurchased after November 30, 2021 (or that continue to be held after that date), the Recognized Loss will be 25% of the lesser of: (a) the Loss per ADS at the time of deemed sale; or (b) the price paid on the date of deemed repurchase ("Purchase Price") minus the price received on the date of deemed sale ("Sale Price").

**D.      Additional Provisions Relating to the Calculation of Recognized Losses**

For Settlement Class Members who made multiple purchases, acquisitions, or sales of securities between May 20, 2021 and November 30, 2021, the first-in, first-out ("FIFO") method will be applied to those purchases, acquisitions, and sales for purposes of calculating Recognized Losses. Under the FIFO method, all purchases of publicly tradeable Oatly ADS and options will be matched, in chronological order.

The date of deemed purchase or date of deemed sale is the "contract" or "trade" date as distinguished from the "settlement" date, except that purchases of Oatly ADSs shown has having been made on May 19, 2021 (the date that the IPO registration statement for the Oatly ADSs became effective) shall be deemed to have taken place on May 20, 2021 (the first day of the Class Period). All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Oatly Securities during the Class Period shall not be deemed a purchase or sale of such shares for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase of the Oatly ADS. The date of a "short sale" is deemed to be the date of sale of the Oatly ADS.

With respect to Oatly ADS purchased or sold through the exercise of an option, the purchase/sale date of the Oatly ADS is the exercise date of the option and the purchase/sale price of the Oatly ADS is the exercise price of the option.

**E.      Allocation of Net Settlement Proceeds Based on Recognized Losses**

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Losses, as determined in accordance with §§ A, B, C, and D above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Oatly ADS and options during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Oatly ADS and options purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until (a) the Court has approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
In re OATLY GROUP AB SECURITIES       :   Consolidated Civil Action No.
LITIGATION                            :   1:21-cv-06360-AKH
———————————————————————— x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————— X
BRUCE HIPPLE, Individually and on Behalf of All   :   Index No. 151432/2022
Others Similarly Situated,                        :
                                Plaintiff,         :   <u>CLASS ACTION</u>
                                                  :
        vs.                                        :   Justice Andrew Borrok
OATLY GROUP AB, et al.,                           :
                                Defendants.        X
———————————————————————— 

**PROOF OF CLAIM AND RELEASE**

**I.       GENERAL INSTRUCTIONS**

1.      To recover as a Member of the Settlement Class based on your claims in the actions titled *In re Oatly Group AB Securities Litigation*, Case No. 1:21-cv-06360-AKH (S.D.N.Y.) and *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) (the "Actions"), you must complete and, on page 10 hereof, sign this Proof of Claim and Release ("Proof of Claim"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Actions (the "Settlement").[1]

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN JULY 25, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170
Online Submissions: www.OatlySecuritiesSettlement.com

---

[1]      This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.OatlySecuritiesSettlement.com.

1

Do not mail or deliver your Proof of Claim to the Court, the Parties to the Actions, or their counsel. Submit your Proof of Claim only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.     If you are a Member of the Settlement Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.     It is important that you completely read and understand the Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Federal Court. The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you: (i) purchased or acquired Oatly American Depositary Shares ("ADS") between May 20, 2021 and November 15, 2021, inclusive (the "Class Period"), or otherwise pursuant to Oatly's Offering Documents for its May 20, 2021 initial public offering ("IPO"), and were damaged thereby (the "ADS Class"); or (ii) purchased or acquired call options on Oatly ADS or sold put options on Oatly ADS during the Class Period, or otherwise pursuant to Oatly's Offering Documents, and were damaged thereby (the "Options Class," and with the ADS Class, the "Settlement Class"). Excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries or affiliates); and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates); the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person, and any entity in which any of the above excluded Persons have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Proof of Claim entitled "Claimant Identification" to identify each purchaser, acquirer or seller of record ("nominee"), if different from the beneficial purchaser, acquirer or seller of the Oatly securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRERS OR SELLER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S) OR SELLER(S) OF THE OATLY SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers, acquirers or sellers must sign this Proof of Claim. Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their authority must accompany this Proof of Claim and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Proof of Claim should be submitted for each separate legal entity. Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your Proof of Claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the mandatory file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one Proof of Claim should be submitted for each legal entity (*see* above) and the **complete** name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this notification. If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at www.OatlySecuritiesSettlement.com to inquire about your file and confirm it was received.

### III.    CLAIM FORM

Use Parts II and III of this Proof of Claim entitled "Schedule of Transactions in Oatly ADS," and "Schedule of Transactions in Exchange-Traded Oatly Options" to supply all required details of your transaction(s) in Oatly Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your holdings, purchases or acquisitions, and **all** of your sales of Oatly Securities, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Oatly ADS, and the date of a "short sale" is deemed to be the date of sale of Oatly ADS.

For each transaction, you must provide, together with this Proof of Claim, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Oatly Securities. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN OATLY SECURITIES.**

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

4

**Official Office Use Only**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Oatly Group AB Securities Litigation*
Civil Action No. 1:21-cv-06360-AKH
**PROOF OF CLAIM AND RELEASE FORM**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than July 25, 2024**

# OATL

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN OATLY SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | | | | | |
|---|---|---|---|---|---|---|---|
| | | | ○ ATP | ○ BE | ○ FL | ○ OP | |
| | | | ○ KE | ○ DR | ○ ME | ○ RE | |
| | | | ○ ICI | ○ EM | ○ ND | ○ SH | |

M M / D D / Y Y Y Y

FOR CLAIMS PROCESSING ONLY



5

**PART II. SCHEDULE OF TRANSACTIONS IN OATLY ADS**

A.  Purchases or acquisitions of Oatly ADS between May 20, 2021 and February 22, 2022, inclusive:[2]

**PURCHASES**

| Trade Date(s)<br>(List Chronologically) | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price<br>(Excluding commissions,<br>taxes and fees) | Proof of<br>Purchase<br>Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1.        /        / | | $            . 00 | ○ Y<br>○ N |
| 2.        /        / | | $            . 00 | ○ Y<br>○ N |
| 3.        /        / | | $            . 00 | ○ Y<br>○ N |
| 4.        /        / | | $            . 00 | ○ Y<br>○ N |
| 5.        /        / | | $            . 00 | ○ Y<br>○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
|        /        / | | |

B.  Sales of Oatly ADS between May 20, 2021 and February 22, 2022, inclusive:

**SALES**

| Trade Date(s)<br>(List Chronologically) | Number of<br>Shares Sold | Total Sales Price<br>(Excluding commissions,<br>taxes and fees) | Proof of<br>Sales<br>Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1.        /        / | | $            . 00 | ○ Y<br>○ N |
| 2.        /        / | | $            . 00 | ○ Y<br>○ N |
| 3.        /        / | | $            . 00 | ○ Y<br>○ N |
| 4.        /        / | | $            . 00 | ○ Y<br>○ N |
| 5.        /        / | | $            . 00 | ○ Y<br>○ N |

| C. | Number of Oatly ADS held at the close of<br>trading on November 15, 2021: | | Proof Enclosed?<br>○ Y    ○ N |
|---|---|---|---|

| D. | Number of Oatly ADS held at the close of<br>trading on February 22, 2022: | | Proof Enclosed?<br>○ Y    ○ N |
|---|---|---|---|

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

[2]      Information requested about your purchases on November 15, 2021 through and including the close of trading on February 22, 2022 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period are not eligible for a recovery because they were made outside the Class Period.



# PART III. SCHEDULE OF TRANSACTIONS IN EXCHANGE-TRADED OATLY OPTIONS



## PURCHASES/REPURCHASES

A. I made the following purchases/repurchases of exchange-traded call options on Oatly ADS during the period from May 20, 2021 through and including February 22, 2022, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/DD/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date (MM/DD/YY) | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |
| ○ Put ○ Call | | | | | . | | | ○ Y ○ N |

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



**SALES/WRITTEN**

B.   I sold/wrote the following exchange-traded put options on Oatly ADS during the period from May 20, 2021 through and including February 22, 2022, inclusive.

| Option Type | Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/DD/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date (MM/DD/YY) | Proof of transaction Enclosed? |
|---|---|---|---|---|---|---|---|---|
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |
| ○ Put  ○ Call | | | | | | | | ○ Y  ○ N |

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

Case 1:21-cv-06360-AKH    Document 115-1    Filed 06/03/24    Page 28 of 40

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Actions, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sale of Oatly ADS or options during the Class Period and know of no other Person having done so on my (our) behalf.

## V.  RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the "Released Claims" (as defined below) each and all of the "Released Defendants' Parties" (as defined below).

2.    "Released Claims" means all claims (including "Unknown Claims," as defined below), demands, losses, rights, damages, and causes of action of any nature whatsoever, whether in law or in equity, that have been or could have been asserted in either of the Actions or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Federal Plaintiffs, State Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, that (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions, and (b) arise out of, are based on, or relate to (i) the purchase or acquisition of any Oatly Shares (x) during the Class Period, or (y) otherwise pursuant to the Offering Documents; or (ii) the purchase or acquisition of call options on Oatly Shares or the sale of put options on Oatly Shares (xx) during the Class Period, or (yy) otherwise pursuant to the Offering Documents. "Released Claims" does not, however, include claims to enforce the Settlement.

3.    "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims as defined below), demands, losses, rights, and causes of actions of any nature whatsoever by the Released Defendants' Parties or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise or relate in any way to the institution, prosecution, assertion, settlement or resolution of either of the Actions (except for any claims to enforce the Settlement).

4.    "Released Defendants' Parties" means (i) Defendants, (ii) each of their respective Immediate Family Members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her family, (iii) the unnamed underwriters of the IPO, and (iv) for any of the entities listed at (i), (ii), or (iii) their respective past and present general partners, limited partners, principals, shareholders, foundations, joint venturers, members, officers, directors, managers, managing members, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, advisors (including without limitation financial and investment advisors), investment bankers, representatives, fiduciaries, insurers, reinsurers, trustees, trusts, trustors, trust beneficiaries, agents, attorneys (including Defendants' Counsel and all other counsel who have represented any current or former Defendant in the Actions, or in connection with any of the allegations in the Actions), professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

5.    "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in their, his, her, or its favor at the time of the release which, if known by such party, might have affected their, his, her or its decision with respect to the settlement and release of the Released Defendants' Parties, or might have affected such party's decision with respect to this Settlement, and (ii) any claims against the Released Plaintiffs' Parties that any Defendants does not know or suspect to exist in their, his, her or its favor, which if known by such party, might have affected their, his, her, or its decision(s) with respect to the settlement and release of the Released Plaintiffs' Parties. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**



and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

6. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Oatly Securities during the Class Period and the number of Oatly Securities held by me (us) at the close of trading on November 15, 2021 and February 22, 2022.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.


Executed this_____ day of _____ in _____

(Month/Year)     (City/State/Country)


_____     _____

(Sign your name here)     (Sign your name here)


_____     _____

(Type or print your name here)     (Type or print your name here)


_____     _____

(Capacity of person(s) signing, *e.g.*,     (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)     Beneficial Purchaser or Acquirer, Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**



Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation. Must use Black or Blue Ink or your claim may be deemed deficient.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN JULY 25, 2024, ADDRESSED AS FOLLOWS:**

*Oatly Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170
www.OatlySecuritiesSettlement.com



11

# THIS PAGE INTENTIONALLY LEFT BLANK



# EXHIBIT B



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

April 18, 2024

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **Oatly Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Actions ("Notice") and Proof of Claim and Release Form ("Proof of Claim") for the above-referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all Persons who (i) purchased or acquired Oatly Group AB ("Oatly") American Depositary Shares ("ADS") ("Oatly Shares") between May 20, 2021 and November 15, 2021, inclusive (the "Class Period") or otherwise pursuant to Oatly's offering documents issued in connection with Oatly's May 20, 2021 initial public offering ("IPO"), and were damaged thereby; and/or (ii) purchased or acquired call options on Oatly ADS or sold put options on Oatly ADS during the Class Period, or otherwise pursuant to Oatly's Offering Documents, and were damaged thereby. In addition, **the Notice provides that the Exclusion Deadline is June 17, 2024 and the Claim Filing Deadline is July 25, 2024.**

Please pay particular attention to the "Special Notice to Banks, Brokers, and Other Nominees" on page eight of the Notice which states, in part: "If, during the Settlement Class Period, you purchased or acquired Oatly ADS or call options on Oatly (or sold put options on Oatly ADS) for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: (a) within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them via First Class Mail to all such beneficial owners; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners."

Please do not make your own copies of the Proof of Claim, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label. The data provided must be in one of the following formats: ASCII Fixed Length file, ASCII Tab Delimited file, or Microsoft Excel spreadsheet.

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi & Co. LLC

# EXHIBIT C

# TECHNOLOGY

# Micron Gets $6.1 Billion to Build Plants

**Government grant is latest award from Chips Act to spur domestic production**

BY BEN GLICKMAN

**Micron Technology** is receiving up to $6.1 billion from the federal government to build three chip-making facilities, the latest award from legislation meant to boost chip production in the U.S.

The government grant will fuel up to $125 billion in investment by Micron in New York and Idaho over the next 20 years, U.S. officials said Thursday. About $50 billion of that will come by 2030.

Micron plans to build a "megafab," or a collection of massive chip-producing facilities, in Clay, N.Y. The government funding will go toward building the first two of four facilities that are expected to have chip-producing space equal to almost 40 football fields.

The company initially announced its plans for the New York facility in 2022. It said at the time it expected the megafab to be the largest semiconductor-fabrication facility in U.S. history.

Micron plans to use the grant to construct another fabrication facility, or fab, in Boise, Idaho, where Micron is based. That plant, in the same place as the company's existing research facility, will be a high-



Technicians at a Micron Technology plant in Manassas, Va.

volume manufacturing fab.

Officials said the total investment by Micron was expected to create more than 70,000 jobs, including 20,000 direct manufacturing and con-

struction jobs.

The preliminary funding deal between Micron and the Commerce Department is the fifth major tranche of funding to a chip-making giant in the

past several weeks under the 2022 Chips Act.

The $53 billion Chips Act follows years of semiconductor manufacturing shifting overseas, which the Biden administration has framed as an economic and national security problem. The U.S. now produces just over 10% of semiconductors.

The administration recently announced $6.4 billion for **Samsung**, which is looking to expand its manufacturing operations in Texas. **Intel** was awarded $8.5 billion, the largest grant announced to date under the law, to increase production in four states.

All three plants built by Micron will make dynamic random access memory, or

DRAM, which is commonly used in personal computers and servers. The chips have become a key component for companies looking to increase their capabilities with artificial intelligence.

More recently, a slump in demand for its chips, not a lack of manufacturing, has weighed on Micron's results.

Micron last year was grappling with falling sales from a glut of memory-chip inventory. Customers stocked up on semiconductors during the pandemic, fearing shortages and geopolitical disruptions.

The company seems to be exiting that period, with revenue rising 58% as it trounced Wall Street's estimates in its most recent quarterly report.

---

**ADVERTISEMENT**

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re OATLY GROUP AB SECURITIES LITIGATION — Consolidated Civil Action No. 1:21-cv-06360-AKH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRUCE HIPPLE, Individually and on Behalf of All Others Similarly Situated,
          Plaintiff,
     vs.
OATLY GROUP AB, et al.,
          Defendants.

Index No. 151432/2022

CLASS ACTION

Justice Andrew Borrok

SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

**TO: (1) ALL PERSONS WHO PURCHASED OR ACQUIRED OATLY GROUP AB ("OATLY" OR "COMPANY") AMERICAN DEPOSITARY SHARES ("ADS") BETWEEN MAY 20, 2021 AND NOVEMBER 15, 2021 INCLUSIVE (THE "CLASS PERIOD"), OR OTHERWISE PURSUANT TO THE OFFERING DOCUMENTS FOR OATLY'S MAY 20, 2021 INITIAL PUBLIC OFFERING ("IPO"), AND WERE DAMAGED THEREBY, AND (2) ALL PERSONS WHO PURCHASED OR ACQUIRED CALL OPTIONS OR SOLD PUT OPTIONS ON OATLY ADS DURING THE CLASS PERIOD, OR OTHERWISE PURSUANT TO OATLY'S OFFERING DOCUMENTS, AND WERE DAMAGED THEREBY.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on July 17, 2024, at 2:30 p.m., before the Honorable Alvin K. Hellerstein, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, styled as *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) ("State Action") as set forth in the Stipulation of Settlement ("Stipulation")[1] for $9,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

This Action and the State Action are securities class actions brought on behalf of those persons who purchased or acquired Oatly ADS or call options on Oatly ADS or sold put options on Oatly ADS during the Class Period or otherwise pursuant to the Offering Documents for Oatly's IPO, against Oatly and others (collectively, "Defendants") for allegedly misstating and omitting material facts from the Offering Documents filed with the U.S. Securities and Exchange Commission in connection with the IPO. Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed. Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED OATLY ADS OR CALL OPTIONS ON OATLY ADS OR SOLD PUT OPTIONS ON OATLY ADS BETWEEN MAY 20, 2021 THROUGH AND INCLUDING NOVEMBER 15, 2021, OR OTHERWISE PURSUANT TO THE OFFERING DOCUMENTS, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail (**postmarked no later than July 25, 2024**) or electronically (**no later than July 25, 2024**). Your failure to submit your Proof of Claim by July 25, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Action. If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.OatlySecuritiesSettlement.com, or by writing to:

Oatly Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to:

Plaintiffs' Counsel:

William C. Fredericks
SCOTT + SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

Michael G. Capeci
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JUNE 17, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO PLAINTIFFS FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL BY **JUNE 16, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: March 28, 2024

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

[1] The Stipulation can be viewed and/or obtained at www.OatlySecuritiesSettlement.com. All capitalized terms used herein and not otherwise defined shall have the same meaning as ascribed to them in the Stipulation.

---

# Rubrik's Shares Close Above IPO



Rubrik shares opened 21% higher in their market debut, as the provider of cybersecurity software became the latest tech company to tap the initial-public-offering market.

The stock opened at $38.60 and hit a high of $40. Shares of Rubrik closed at $37 on Thursday.

On Wednesday, the IPO

was priced at $32, higher than its guided range of $28 to $31. Rubrik, backed by investors including Microsoft and Lightspeed Venture Partners, sold 23.5 million shares as part of the offering.

Rubrik's revenue reached $627.9 million for the year ended Jan. 31, up from $599.82 million the year prior.

The company's loss widened to $354.2 million from $277.7 million year over year.

Rubrik said it has more than 6,100 customers and had $784 million in annually recurring subscription revenue, up 47% year over year, according to regulatory filings.

—P.R. Venkat and Denny Jacob

---

## Oracle's Plan Jolts Austin

*Continued from page B1*

While San Francisco has recently re-emerged in the spotlight as a center for AI, Oracle's wandering eye shows how the rethinking of workplaces continues to ripple through industries, rearranging America's corporate map.

Oracle, which was founded in Santa Clara, Calif., in 1977, later had its headquarters in Redwood City. The software giant, at the time of its move to Texas, said that relocation was to allow a more-flexible approach to its workforce.

The company had neither asked for nor received economic incentives from Austin to relocate, said city officials. Nashville pledged $175 million in incentives and Tennessee $65 million to help build the Oracle campus in 2021.

A spokesman for Nashville Mayor Freddie O'Connell said Thursday that there were no new incentives from the city ahead of Oracle's move. In a statement, O'Connell noted that the area's healthcare industry employs more than 300,000 people and adds $68 billion to the Nashville region's economy.

The area is home to hospital chains HCA Healthcare and Community Health Systems. HCA is one of the largest U.S. hospital owners and among the region's largest employers, according to the Nashville Area Chamber of Commerce.

The hospital owners are part of more than a dozen publicly traded healthcare companies based in the Nashville area, including behavioral healthcare provider Acadia Healthcare and surgical center operator Surgery Partners.

The city's private sector has for decades pursued growth in the healthcare industry, said Apryl Childs-Potter, president of the Nashville Health Care Council, an industry group.

Oracle made a big bet on the healthcare industry through the acquisition of electronic-medi-

cal-records company Cerner, announced in 2021. The nearly $30 billion deal gave Oracle a presence in an industry that is one of the top drivers of growth for cloud computing.

During Oracle's last earnings announcement in March, Ellison said the company expected years of high growth from the healthcare business. Oracle uses its cloud and AI to streamline how Cerner's clients do everything from transcribing doctors' dictation to generating notes and updating health records. Cerner is a small part of Oracle's overall business. It contributed roughly $5 billion in revenue last year, but it has weighed on the company's overall revenue growth.

Still, Ellison this week described healthcare as the "industry we're most concerned about."

Oracle's shares have risen 22% over the last 12 months as the tech-heavy Nasdaq Composite Index rose 32%. On Thursday, Oracle shares were down less than 1%.

Oracle's leaders "believe far more than the street does in the value that is going to be created in the healthcare sector," said Mark Moerdler, an analyst with Bernstein.

While tax rates can sometimes be a reason companies or individuals move, the mailing address of a company's headquarters doesn't necessarily de-

> **Ellison touted the expansive campus being constructed in Nashville.**

termine where it pays the bulk of its taxes.

Companies divide their U.S. earnings among the states where they do business in a way that reflects sales, employment, physical facilities and other factors. A company moving its headquarters to Texas from California, for example, wouldn't necessarily stop paying California's corporate tax.

Dozens of companies have moved headquarters to Austin in recent years. Oracle was among the largest, with some 4,200 employees as of last fall, according to economic development group Opportunity Austin. The organization noted that Oracle had a large presence in the city before its headquarters moved and has been expanding its campus.

On Tuesday, in an interview livestreamed by Oracle, Ellison touted the expansive campus the company was constructing in Nashville.

The property, which spans 60 acres, is on the city's riverfront. The company acquired the land in 2021 and committed to building places to serve the community. Ellison said Oracle had surveyed employees, and they said they wanted to live in places that were good for raising a family and had a vibrant culture. "Nashville kind of ticked all the boxes," he said.

—Melanie Evans contributed to this article.

---

### NOTICE OF SALE

THE WALL STREET JOURNAL

## THE MARKETPLACE

ADVERTISE TODAY

**(800) 366-3975**

For more information visit:
**wsj.com/classifieds**

© 2024 Dow Jones & Company, Inc. All Rights Reserved.

---

**NOTICE OF PUBLIC SALE • Property to be Sold**

Public Sale No. 1: Tuesday, April 30, 2024, 10:00 a.m. EDT

| Lot # | CUSIP | Issue | Asset Type | Shares/Par Amount | Registration Type |
|---|---|---|---|---|---|
| 1 | U57437V9A77 | PROTOCOL SVCS INC PROM NT DFLT | Debt | $892,885.63 | Physical |
| 2 | U55866338006 | AXIEM INC AXIEM INC | Equity | 75,462.00 | Physical |
| 3 | U57437109005 | PROTOCOL COMMUNICATIONS INC NPV | Equity | 18,643.4520 | Physical |
| 4 | U57437109005 | PROTOCOL COMMUNICATIONS INC NPV | Equity | 18,643.4520 | Physical |

Dock Street Capital Management LLC, on behalf of JP Morgan Chase Bank National Association, National Association, in its capacity as trustee (the "Trustee"), will be conducting one or more sales of certain collateral pledged to the Trustee. The Collateral (as defined herein) will be offered and sold by the Trustee without recourse, representations or covenants, express or implied, being made by the Trustee with respect to the Collateral (except as to title to the Collateral) or with respect to any other information then in the Trustee's possession, including without limitation any offering circular or other financial information. Notwithstanding the foregoing, the Trustee makes no representation or warranty as to whether Lot #3 and Lot #4 are two different items of Collateral or duplicative of one another. **Location of Sale.** The sales will be held at 575-B Riverside Avenue, Westport, CT 06880. **Additional Information.** Please be advised that the sale of each of the securities listed above may be made only to the best bidder who is also a qualified bidder and may be subject to a reserve level. For additional information, including with respect to qualified bidder status, and to obtain copies of an Investor Representation and Confidentiality Agreement, contact David Crowe or Jeffrey Holtman by email at dcrowe@dockstreetcap.com or jholtman@dockstreetcap.com, respectively, by phone at (212) 457-8258, by facsimile at (212) 457-8269 or by mail addressed to 575-B Riverside Avenue, Westport, CT 06880. **Disclaimer.** The Trustee is authorized at such sale, if the Trustee deems it advisable or is required by applicable law to do so: (i) to restrict the prospective bidders on or purchasers of any of the above identified securities (the "Collateral") to be sold to those who will represent and agree that they are purchasing for their own account for investment and not with a view to the distribution or resale of any of such assets, (ii) to verify that each certificate for each security to be sold bears a legend substantially to the effect that such security has not been registered under the Securities Act of 1933, as amended, (the "Act") and may not be disposed of in violation of the provisions of said Act, (iii) to disclaim and to refuse to give any warranty (other than as to title), and (iv) to impose such other limitations or conditions in connection with any such sale as the Trustee deems necessary or advisable.

---

### COMMERCIAL REAL ESTATE

**1031 EXCHANGE PROPERTIES CENTRAL FLORIDA MAKE YOUR MOVE!**
Great properties priced $595K to $15M with Cap Rates 8.0% - 11.0% Move your money. Make it safe.
Call/Text (386)341-0423
Watson Realty Corp

---

### PUBLIC NOTICES

Bank Hapoalim B.M. (Bank Hapoalim) operates three branches in the City of New York, NY, these are: (i) the New York Branch; (ii) the Americas Tower Branch and (iii) the Plaza Branch. On or about June 1, 2024, Bank Hapoalim will commence the voluntary liquidation of its Plaza Branch, located at 1120 Avenue of the Americas, New York, NY 10036, under the provisions of Section 605.11(c) of the New York State Banking Law. Upon completion thereof, all business related thereto shall be conducted from Bank Hapoalim's Americas Tower Branch, which is also located at 1120 Avenue of the Americas New York, NY 10036. Customers of the Plaza Branch will receive a separate notification. Bank Hapoalim with more details regarding the Plaza Branch closure. All other inquiries with respect to the winding-up of Bank Hapoalim's Plaza Branch should be directed to: Tova Simis, (212) 782-2293 or marketing@bhiusa.com on or before May 1, 2024.



Oracle surveyed employees on where they wanted to live and Chairman Larry Ellison said Nashville 'ticked all the boxes.'

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on April 26, 2024:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 26th day of April 2024, at Sellersville, Pennsylvania.

_Carla Peak_

Carla Peak



# Scott + Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP Announce Proposed Settlement in the Oatly Securities Litigation

April 26, 2024 12:27 PM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Scott + Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP regarding the Oatly Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re OATLY GROUP AB SECURITIES LITIGATION | Consolidated Civil Action No.<br>1:21-cv-06360-AKH |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRUCE HIPPLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>OATLY GROUP AB, et al.,<br>Defendants. | Index No. 151432/2022<br><br><br>CLASS ACTION<br><br>Justice Andrew Borrok |

SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

**TO: (1) ALL PERSONS WHO PURCHASED OR ACQUIRED OATLY GROUP AB ("OATLY" OR "COMPANY") AMERICAN DEPOSITARY SHARES ("ADS") BETWEEN MAY 20, 2021 AND NOVEMBER 15, 2021 INCLUSIVE (THE "CLASS PERIOD"), OR OTHERWISE PURSUANT TO THE OFFERING DOCUMENTS FOR OATLY'S MAY 20, 2021 INITIAL PUBLIC OFFERING ("IPO"), AND WERE DAMAGED THEREBY, AND (2) ALL PERSONS WHO PURCHASED OR ACQUIRED CALL OPTIONS OR SOLD PUT OPTIONS ON OATLY ADS DURING THE CLASS PERIOD, OR OTHERWISE PURSUANT TO OATLY'S OFFERING DOCUMENTS, AND WERE DAMAGED THEREBY.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on July 17, 2024, at 2:30 p.m., before the Honorable Alvin K. Hellerstein, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) ("State Action") as set forth in the Stipulation of Settlement ("Stipulation")[1] for $9,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

This Action and the State Action are securities class actions brought on behalf of those persons who purchased or acquired Oatly ADS or call options on Oatly ADS or sold put options on Oatly ADS during the Class Period or otherwise pursuant to the Offering Documents for Oatly's IPO, against Oatly and others (collectively, "Defendants") for allegedly misstating and omitting material facts from the Offering Documents filed with the U.S. Securities and Exchange Commission in connection with the IPO. Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADS, resulting in damage to Settlement Class Members when the truth was revealed. Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED OATLY ADS OR CALL OPTIONS ON OATLY ADS OR SOLD PUT OPTIONS ON OATLY ADS BETWEEN MAY 20, 2021 THROUGH AND INCLUDING NOVEMBER 15, 2021, OR OTHERWISE PURSUANT TO THE OFFERING DOCUMENTS, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than July 25, 2024)** or electronically **(no later than July 25, 2024)**. Your failure to submit your Proof of Claim by July 25, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Action. If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.OatlySecuritiesSettlement.com, or by writing to:

*Oatly Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to:

Plaintiffs' Counsel:

| | |
|---|---|
| William C. Fredericks<br>SCOTT + SCOTT ATTORNEYS AT LAW LLP<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 223-6444 | Michael G. Capeci<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: (631) 367-7100 |

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JUNE 17, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO PLAINTIFFS FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL **BY JUNE 16, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:  March 28, 2024          BY ORDER OF THE UNITED STATES DISTRICT COURT
                              FOR THE SOUTHERN DISTRICT OF NEW YORK

---

[1] The Stipulation can be viewed and/or obtained at www.OatlySecuritiesSettlement.com. All capitalized terms used herein and not otherwise defined shall have the same meaning as ascribed to them in the Stipulation.

## Contacts

Robbins Geller Rudman & Dowd LLP
Shareholder Relations Department
Greg Wood
(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on April 26, 2024 to the following media circuits offered by the above-referenced wire service:

1. National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 26th day of April 2024, at Sellersville, Pennsylvania.

_Carla Peak_

Carla Peak