# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
| --- | --- | --- |
| In re OATLY GROUP AB SECURITIES LITIGATION | : | Consolidated Civil Action No. |
|  | : | 1:21-cv-06360-AKH |
|  | : |  |
|  | x |  |

**DECLARATION OF ADDITIONAL PLAINTIFF KAI JOCHIMS IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION,
AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO PLAINTIFFS**

I, Kai Jochims, declare as follows:

1.     I purchased Oatly ADS during the Class Period, and I am one of the additional plaintiffs in this action (the Federal Action).[1]

2.     I respectfully submit this declaration in support of the motion for final approval of the Settlement and Plan of Allocation, and Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and for an award to the Plaintiffs in connection with their representation of the Settlement Class. I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

3.     In participating in the Federal Action as an additional named plaintiff, I understand that it is my fiduciary duty to serve the interests of Settlement Class Members. From the beginning I have sought to ensure that the federal securities claims at issue were vigorously prosecuted, first by retaining experienced counsel (Lead Counsel), and thereafter by consulting with them by phone and e-mail regarding, *inter alia,* the preparation of the initial Class Action Complaint, the First and Second Amended Complaints; the Court's dismissal of the Second Amended Complaint; the preparation of a further amended complaint; the costs and benefits of exploring settlement; and whether to ultimately settle the case for $9,250,000.

4.     At all relevant times, I have kept myself informed, through regular contact with Lead Counsel, regarding case developments and litigation strategy matters. For example, I have (i) participated in multiple phone conferences, and e-mail exchanges with Lead Counsel; (ii) reviewed the initial, First Amended, Second Amended, and Third Amended Complaints; (iii) reviewed the briefing on Defendants' Motions to Dismiss; (iv) read the Court's June 1, 2023

---

[1]   Unless otherwise indicated here, capitalized terms have the same definitions as in the Stipulation of Settlement (the "Stipulation"). ECF No. 103-1.

Order dismissing the case (with leave to replead); and (v) engaged in discussions with Lead Counsel regarding proposals to mediate before retired judge Layn Phillips, and our reasonable objectives in connection with a possible settlement.

5.    At all times, I have sought to work with Lead Counsel to try to act in the best interests of the Settlement Class.

6.    In authorizing Lead Counsel to settle this matter (which I understand involves a global settlement of all claims asserted in both this action and in the related State Action) for $9,250,000, I have considered the significant risks and uncertainties of seeking to continue to litigate the Federal Action.  In that regard, I am aware that the Court had already dismissed the Second Amended Complaint, and that there was a considerable risk that the Court would dismiss plaintiffs' Third Amended Complaint – in which case the Class would recover nothing.  I was also aware that, even if the Court allowed the case to proceed (by denying the motion to dismiss), (i) there would still be very significant obstacles to proving that defendants made actionably false statements – and particularly large difficulties in proving that any defendant acted with intent to defraud or with reckless disregard for the truth; (ii) that there was no assurance that the case would ever produce enough evidence to get to a jury; and (iii) that even if the Class prevailed in front of a jury, there was no assurance that a jury verdict would be upheld on appeal, or that defendant Oatly would have sufficient resources in the future to pay a large judgment.  Mindful of these risks and uncertainties, I believe that the proposed $9,250,000 Settlement, all cash, is fair and reasonable, and represents a good recovery that is in the best interests of Settlement Class Members.

7.    Having spent many hours reading litigation papers, communicating with my counsel, and otherwise trying to advance the interests of the Class (time that I would have

otherwise spent on my daily business activities), I respectfully ask that the Court, in its discretion, grant my request to award me $3,500 from the Settlement Fund for my work on behalf of the Class.

8.      I recognize that the Court also has full discretion to set the amount of attorneys' fees and expenses.  However, I believe that Plaintiffs' Counsel's request for attorneys' fees of 30% of the Settlement Fund (and for reimbursement of litigation expenses of $99,840.14, plus accrued interest) is also fair and reasonable, as I understand that fee awards of 30% (plus reimbursement of expenses) are common and well within the range of what U.S. federal courts approve in similar cases.

9.      In sum, I respectfully request that the Court (i) grant final approval of the Settlement and the Plan of Allocation, and (ii) approve Plaintiffs' Counsel's Fee and Expense Application (including my request for an award of $3,500 for my time spent in representing the Settlement Class).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of May, 2024, at Simpsonville, South Carolina.

DocuSigned by:

E4AE2D15F8E544C...

KAI JOCHIMS