UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re OATLY GROUP AB SECURITIES LITIGATION | x<br>:  Consolidated Civil Action No.<br>:  1:21-cv-06360-AKH<br>:<br>x |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND (II) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4)**

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
David R. Scott
William C. Fredericks
The Helmsley Building
230 Park Ave, 17th Floor
New York, NY 10169

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Jacob B. Lieberman
156 South Main Street
Colchester, CT  06415

*Lead Counsel for Federal Plaintiffs and the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Samuel H. Rudman
Michael G. Capeci
58 South Service Road, Suite 200
Melville, NY  11747

*Additional Counsel for Plaintiffs*

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. THE COURT-APPROVED NOTICE PROGRAM HAS BEEN COMPLETED ...............2

III. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION .........................3

IV. THE SETTLEMENT CLASS'S REACTION ALSO SUPPORTS APPROVAL
OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND THE
REQUESTED PSLRA AWARDS .....................................................................................6

V. CONCLUSION..................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Am. Int'l Grp., Inc. Secs. Litig.*,
  No. 04 Civ. 8141(DAB), 2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010) .....................................5

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  No. 02 CIV. 5575 (SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ..............................5, 6

*In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012)........................................................................................5

*In re Citigroup Inc. Sec. Litig.*,
  965 F. Supp. 2d 369 (S.D.N.Y. 2013)........................................................................................4

*In re EVCI Career Colls. Holdings Corp. Sec. Litig.*,
  No. 05 Civ. 10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007)..................................5

*In re Facebook, Inc., IPO Sec. & Deriv. Litig.*,
  343 F. Supp. 3d 394 (S.D.N.Y. 2018)........................................................................................4

*Gruber v. Gilbertson*,
  647 F. Supp. 3d 100 (S.D.N.Y. 2022)........................................................................................4

*In re Petrobras Sec. Litig.*,
  317 F. Supp. 3d 858 (S.D.N.Y. 2018)........................................................................................4

*In re Sumitomo Copper Litig.*,
  189 F.R.D. 274 (S.D.N.Y.1999) ................................................................................................6

*Vaccaro v. New Source Energy Partners L.P.*,
  No. 15 CV 8954 (KWM), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................4, 5

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695 (CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ................................6

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
  No. 15CV1249, 2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018)...................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005).........................................................................................................3

**Statutes & Rules**

15 U.S.C. §77z-1(a)(4) ................................................................................................................7

Fed. R. Civ. P. 23(e) ....................................................................................................................1

**Other Authority**

4 Newberg on Class Action § 11:41 .......................................................................................4

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs and their counsel respectfully submit this reply memorandum of law in further support of their motions for (I) final approval of the global Settlement and the Plan of Allocation (ECF No. 111); and (II) an award of attorneys' fees and expenses to Plaintiffs' Counsel and awards of $3,500 to each Plaintiff (ECF No. 113) (together, the "Motions").[1]

## I. INTRODUCTION

Now that the June 17, 2024 deadline for objections and exclusions from the Settlement Class has passed, Plaintiffs respectfully submit that the reaction of the Settlement Class supports both Motions.

As of July 9, 2024, a total of 151,076 Claim Packets have been disseminated to potential Settlement Class Members by mail and an additional 97,745 have gone out via e-mail. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination, Case Website Updates, and Requests for Exclusion Received to Date, ¶¶3-4, filed herewith ("Supp. Murray Decl."). Additionally, on April 26, 2024, the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*. *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Initial Murray Decl.") (ECF No. 115-1), ¶11.

Following implementation of this comprehensive Notice Plan, there have been ***no*** objections to the proposed Settlement, the Plan of Allocation, Plaintiffs' Counsel's fee and expense application, or Plaintiffs' requests for PSLRA awards. In addition, there have only been four timely requests for exclusion (and one untimely request), all from individual investors who, in total, purchased fewer

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given them in the Stipulation of Settlement dated February 14, 2024 (the "Stipulation"), which was previously filed in connection with Plaintiffs' motion for preliminary approval of settlement. ECF No. 103-1.

than 1,000 Oatly ADS. Supp. Murray Decl., ¶7, Ex. A. That only five investors have requested exclusion—and none have objected to the Settlement—following issuance of over 248,000 Notices, is compelling confirmation that the proposed Settlement, the Plan of Allocation, the requested attorneys' fees and Plaintiffs' Counsel's expense requests, and the requested PSLRA awards should all be approved.

## II. THE COURT-APPROVED NOTICE PROGRAM HAS BEEN COMPLETED.

Pursuant to the Court's March 28, 2024, preliminary approval order (ECF No. 109 ("Preliminary Approval Order")) and the order appointing Gilardi & Co. LLC ("Gilardi") as the Claims Administrator (ECF No. 108), Gilardi has disseminated 151,076 Claim Packets (consisting of the Notice and the Proof of Claim Form) to potential Settlement Class Members, as of July 9, 2024. Supp. Murray Decl., ¶4. In addition, Gilardi has been advised by two nominees that those institutions intended to e-mail Claim Packets directly to a further 97,745 potential Settlement Class Members. *Id.*, ¶3. In sum, Gilardi believes that over 248,000 Claim Packets have been distributed to Settlement Class Members. *Id.*, ¶¶3-4.

The Notice informed Settlement Class Members of: (i) the terms of the proposed Settlement and Plan of Allocation; (ii) Plaintiffs' Counsel's intent to apply for an award of attorneys' fees of up to 30% of the Settlement Fund, and for payment of litigation expenses not to exceed $135,000; and (iii) Plaintiffs' intent to apply for PSLRA awards that, in total, would not exceed $14,000. *See* Initial Murray Decl., Ex. A. The Notice also advised Settlement Class Members of their rights to (i) exclude themselves from the Settlement, or (ii) object to any or all of the Settlement, Plan of Allocation, Plaintiffs' request for attorneys' fees and expenses, or Plaintiffs' PSLRA awards. *Id.*

In addition, since April 18, 2024, copies of the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order have been posted on the Settlement website,

www.oatlysecuritiessettlement.com. A link to the Settlement website was also displayed on the investor relations page of Oatly's website. *See* ECF No. 115, ¶46. And, on April 26, 2024, the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*. Initial Murray Decl., ¶11. The Summary Notice informed readers of the proposed Settlement and of the deadlines for the submission of Proofs of Claim, objections, and exclusion requests—and also provided readers with the address of the Settlement website where they could obtain additional information (including copies of the Claim Packet). *See* Initial Murray Decl., Ex. C.

On June 3, 2024, pursuant to the schedule set by the Court in the Preliminary Approval Order, Plaintiffs filed their opening papers in support of the Motions. *See* ECF Nos. 110-115. As Settlement Class Members were advised in the Notice, Plaintiffs also caused copies of those papers to be publicly posted promptly after they were filed. *See* Supp. Murray Decl., ¶5. Accordingly, Settlement Class Members have had the opportunity to review not only the Notice, but also the more detailed papers that have been filed with the Court in support of both Motions.

The deadlines for exclusions and objections have now passed. There have been **no objections** to any aspects of the Settlement or any of the Motions and only four timely requests for exclusion (each submitted by an individual investor). Supp. Murray Decl., ¶7, Ex. A.

### III.  THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION.

With no objections and a vanishingly small number of opt-outs, the reaction of the Settlement Class provides further strong support for approval of the Settlement and Plan of Allocation.

The "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and thus strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id*. at 118 ("If only a small number of objections are received,

that fact can be viewed as indicative of the adequacy of the settlement.") (quoting 4 NEWBERG ON CLASS ACTION § 11:41) (noting frequent approval of settlements where "only a small number of objections" were received); *accord In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction—or absence of a negative reaction—weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement."); *Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 127 (S.D.N.Y. 2022) ("'If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'"); *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018) (the "small number of objectors . . . strongly suggest that the settlement amount is fair, adequate, and reasonable").[2] Indeed, as in *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15CV1249, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018), here "the absence of objections by the class is extraordinarily positive and weighs in favor of settlement."

The fact that no institutional investors objected to—or have requested exclusion from—the Settlement provides further strong evidence that the Settlement is fair, reasonable, and adequate and that the Motions should be granted.[3] The reaction of institutional investors is often given particular weight when evaluating a settlement because such investors have the resources to carefully evaluate a settlement and object (or opt-out) if it were appropriate to do so. *See, e.g., In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any

---

[2]  Unless otherwise indicated, internal citations are omitted and all emphasis is added.

[3]  The four timely opt-outs (and one untimely opt-out) were all individual investors, whose total holdings amounted to fewer than 1,000 ADS.  *See* Supp. Murray Decl., ¶ 7, Ex. A.

of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (lack of objections from institutional investors supported approval of settlement).

The complete lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

The paucity of requests for exclusion further supports approval of the Settlement. *See, e.g., In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am. Int'l Grp., Inc. Secs. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid"). Here, there are only four timely requests (and one untimely request), notwithstanding the fact that over 248,000 Claim Packets were sent to potential Settlement Class Members. *See* Supp. Murray Decl., ¶¶3-4, 7. In other words, the Settlement has an absolute opt-out rate of near zero (roughly 0.0016%) and a zero percent opt-out rate for institutional investors. Moreover, the opt-outs collectively represent a *de minimis* amount of the outstanding Oatly ADS held by the Settlement Class. *See id*., Ex. A (none of

the opt-outs bought more than a few hundred ADS).[4]  The very small number of opt-outs support granting the Motions.

**IV.      THE SETTLEMENT CLASS'S REACTION ALSO SUPPORTS APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND THE REQUESTED PSLRA AWARDS.**

The positive reaction of the Settlement Class should also be considered with respect to Plaintiffs' Counsel's motion for an award of attorneys' fees and litigation expenses (including the proposed PSLRA awards of $3,500 each to the four Named Plaintiffs).  Indeed, courts uniformly hold that the lack of objections to an attorneys' fees and expense request supports a finding that the request is fair and reasonable.  *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KWM), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("that no class members have explicitly objected to these attorneys' fees supports their award"); *In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable").

In sum, the uniformly favorable reaction of the Settlement Class—including both the complete absence of ***any*** objections and the submission of only five opt-out requests—provides further strong support for approving, as fair and reasonable, Plaintiffs' Counsel's Fee and Expense Application (including the award of $3,500 to each of the four Plaintiffs).

---

[4]    *See also, e.g.*, *AOL*, 2006 WL 903236, at *10 (opt-out rate of less than 0.2% of class members favored settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y.1999) (that fewer than 1% of class requested exclusion "strongly favors approval of the proposed settlement[ ]").

## V.    CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Plaintiffs' Counsel respectfully request that the Court: (i) approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate; (ii) award Plaintiffs' Counsel attorneys' fees of 30% of the Settlement Fund; (iii) award Plaintiffs' Counsel payment of their litigation expenses in the amount of $99,840.14 (plus interest thereon at the same rate as has been earned by the Settlement Fund); and (iv) award each of the four Plaintiffs $3,500 for their time and effort on behalf of the Settlement Class.[5]

Dated:  July 10, 2024                  Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

DAVID R. SCOTT
WILLIAM C. FREDERICKS
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Tel:  212/233-6444
Fax:  212/233-6334
david.scott@scott-scott.com
wfredericks@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: */s/ Jacob B. Lieberman*
JACOB B. LIEBERMAN
156 South Main Street
Colchester, CT  06415
Tel: 860/537-5537
Fax: 860/537-4432
jlieberman@scott-scott.com

---

[5]    Plaintiffs are submitting three proposed orders herewith: (i) a [Proposed] Order and Final Judgment; (ii) a [Proposed] Order Approving Plan of Allocation; and (iii) a [Proposed] Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Awards to Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4).

*Lead Counsel for Federal Plaintiffs and the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

SAMUEL H. RUDMAN
MICHAEL G. CAPECI
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**

ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

*Additional Counsel for Plaintiffs*