UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ──────────────────── x | | |
| In re OATLY GROUP AB SECURITIES LITIGATION | : : | Consolidated Civil Action No. 1:21-cv-06360-AKH |
| ──────────────────── x | | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned action ("Action") and the action pending in the Supreme Court of the State of New York, County of New York styled as *Hipple v. Oatly Group AB, et al.*, Index No. 151432/2022 (Sup. Ct. N.Y.) ("State Action") upon the terms and conditions set forth in the Stipulation of Settlement dated February 14, 2024 (the "Stipulation" or "Settlement"); and

WHEREAS, on March 28, 2024, the Court entered its Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Notice Order"), which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

1. This Judgment incorporates and makes a part hereof: (1) the Stipulation filed with the Court on February 16, 2024; (ii) the Notice filed with the Court on March 15, 2024; and (iii)

---

[1] As used herein, the term "Parties" means Federal Plaintiffs Mario Bello, Mark D. Hayden, and Kai Jochims (the "Federal Plaintiffs"), Bruce Hipple (the "State Plaintiff"), Defendants Oatly Group AB ("Oatly" or the "Company"), Toni Petersson, Christian Hanke, Björn Öste, Fredrik Berg, Ann Chung, Bernard Hours, Hannah Jones, Mattias Klintemar, Po Sing Tomakin Lai, Eric Melloul, Yawen Wu, Tim Zhang, Steven Chu, Frances Rathke, Nativus Company Limited, China Resources Verlinvest Health Investment Ltd., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Credit Suisse Securities (USA) LLC.

the Summary Notice filed with this Court on February 16, 2024.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.     This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

3.     The Court finds, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that:

(a)     the Settlement Class is so numerous that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class;

(c)     the claims of Plaintiffs are typical of the claims of the Settlement Class;

(d)     Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Settlement Class;

(e)     that the Action is hereby certified (in connection with Settlement only) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a Settlement Class consisting of: (i) all Persons who purchased or acquired Oatly American Depositary Shares ("ADS") between May 20, 2021 and November 15, 2021, inclusive, or otherwise pursuant to Oatly's Offering Documents, and were damaged thereby (the "ADS Class"); and (ii) all Persons who purchased or acquired call options on Oatly ADS or sold put options on Oatly ADS during the Class Period, or otherwise pursuant to Oatly's Offering Documents, and were damaged thereby (the "Options Class," and with the ADS Class, the "Settlement Class").  Excluded from the Settlement Class are Defendants; their respective successors and assigns; the past and current executive officers and directors of Oatly, Nativus Company Limited (and any of its subsidiaries and affiliates), and China Resources Verlinvest Health Investment Ltd. (and any of its subsidiaries or affiliates); the Underwriter Defendants; the Immediate Family Members of the Individual Defendants and of Oatly's past and

current executive officers and directors; the legal representatives, heirs, successors, or assigns of any excluded Person, and any entity in which any of the excluded Persons have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded Persons, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.  Attached hereto as Exhibit 1 is a list of the persons and entities who requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class; and

(f)     Plaintiffs are hereby certified as the Class Representatives, and Plaintiffs' Counsel are certified as Class Counsel.  The Court concludes that Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.     The dissemination of the Notice and the publication of the Summary Notice were implemented in accordance with the Notice Order.

5.     The form and manner of the notice provided to the Settlement Class is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and rules, and it is further determined that all members of the Settlement Class are bound by this Judgment. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

6.      There have been no objections to the Settlement.

7.      The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate.

(a)      The Settlement was negotiated at arm's length by Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The case settled only after, among other things: (i) a mediation conducted by an experienced mediator who was familiar with this Action and the State Action; (ii) the exchange between the Plaintiffs and Defendants of detailed mediation statements before the mediation which highlighted the factual and legal issues in dispute; (iii) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Oatly's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants and various third parties; (iv) the drafting and submission of detailed complaints; and (v) motion practice directed to the sufficiency of the pleadings in the Federal Action.  Accordingly, both the Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Actions.  The Stipulation has been entered into in good faith and is not collusive.

(b)      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

8.      Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class Members in connection with the Settlement.

9.      Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

- 4 -

IT IS HEREBY ORDERED THAT:

10.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

11.    The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

12.    The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

13.    All Released Defendants' Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

14.    Without further action by anyone, and subject to paragraph 16 below, upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, (i) shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release; and (ii) shall be deemed to have, and by operation of law and this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any

- 5 -

or all of the Released Claims against the Released Defendants' Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

15.     Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Settlement Class Members from all Released Defendants' Claims.

16.     Notwithstanding paragraphs 14-15 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

17.     All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18.     All Settlement Class Members who have failed to properly and timely submit requests for exclusion (requests to opt out) from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment.

19.     The requests for exclusion by the persons or entities identified in Exhibit 1 to this Judgment are accepted by the Court.

20.     All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

21.     Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall not institute, commence, maintain, or prosecute, and are

hereby barred and enjoined from instituting, commencing, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against any of the Released Defendants' Parties, whether or not a Settlement Class Member has executed and delivered a Proof of Claim or shares in the Settlement Fund.

22.    To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendants' Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which such Persons pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Person's participation in any facts, statements or omissions that were or could have been alleged in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum, except with respect to any claims by defendants arising out of Oatly's contractual indemnity obligations to the underwriters of the IPO and the rights and obligations among the underwriters of the IPO.

23.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)    Shall be offered or received against Defendants and/or the Released Defendants' Parties as evidence of, or evidence, or construed as, or deemed to be supporting any presumption, concession, or admission by any Defendant and/or Released Defendants' Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity

of any claim that was or could have been asserted in the Action or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or any liability, negligence, fault, or wrongdoing of any kind by any Defendant and/or Released Defendants' Party, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(b)    Shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable in this Action and the State Action would have exceeded the Settlement Fund;

(c)    Shall be construed as or received in evidence as an admission or concession by, or presumption against, any Defendant and/or any Released Defendants' Party that any of the Plaintiffs' claims has any merit, or that any defenses asserted by any Defendants are without merit, or that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; and

(d)    Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Defendants' Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Plaintiffs' Counsel for an award of attorneys' fees and litigation expenses. Such orders shall in no way disturb, affect, or delay the finality of this Judgment, shall be considered separately from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

25. In the event that the Stipulation is terminated in accordance with its terms or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (b) this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants; (c) the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent as provided by the Stipulation; and (d) this Action and the State Action shall proceed as provided in the Stipulation.

26. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar statutes.

27. Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Stipulation and reasonable extensions of time to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settling Parties and Settlement Class Members under the Stipulation.

28. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

(c) hearing and determining applications for attorneys' fees, interest, and expenses in the Actions; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

29.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED:  _____    _____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

Exhibit 1

## Excluded Persons

Casper Lof
Rebekah Bergamot
Anthony Luciano
Cindy Farris