UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | x |  |
| In re OATLY GROUP AB SECURITIES LITIGATION | : | Consolidated Civil Action No. |
|  | : | 1:21-cv-06360-AKH |
|  | : |  |
|  | x |  |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES,
PAYMENT OF LITIGATION EXPENSES, AND
AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4)**

This matter having come before the Court on July 17, 2024, on Plaintiffs' and Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Awards to Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4) (*see* ECF No. 113) (the "Fee and Expense Application"), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporated by references the definitions in the Stipulation of Settlement dated February 14, 2024 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As provided in the Court's Preliminary Approval Order, notice of Plaintiffs' Counsel's intent to seek an award of attorneys' fees of up to 30% of the Settlement Fund, of their intent to seek payment of their litigation expenses in an amount not to exceed $135,000, and of the four Plaintiffs' intent to seek awards of up to $3,500 pursuant to 15 U.S.C. 77z-1(a)(4), was disseminated to Settlement Class Members in compliance with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995.

4. Settlement Class Members have had the opportunity to object to the Fee and Expense Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure but, despite having received adequate notice of how to exercise their rights to object in the Notice, no Settlement Class Members have objected to the Fee and Expense Application.

5. Plaintiffs' Counsel is hereby awarded (a) attorneys' fees in the amount of _____% of the Settlement Fund; and (b) payment of their litigation expenses in the amount of

$_____, plus interest on said amount at the same rate and for the same period as has earned by the Settlement Fund. These fees and expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund.

6. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under both the lodestar and "percentage-of-recovery" methods. In making this award of attorneys' fees, the Court has considered and found that:

a. The Settlement has created a fund of $9,250,000 in cash that has been paid into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b. Although more than 247,000 copies of the Notice were disseminated to potential Settlement Class Members which advised that Plaintiffs' Counsel would seek attorneys' fees of up to 30% of the Settlement Fund, and for payment of litigation expenses in an amount not to exceed $135,000 (plus interest on said expenses as set forth above), no objections to the Fee and Expense Application were filed by any Settlement Class Members;

c. The requested 30% percentage fee awarded is within an acceptable range, and is consistent with percentage fees awarded in securities actions that have settled for comparable amounts;

d. The requested 30% fee is also fair, reasonable, and appropriate in light of the Court's "lodestar crosscheck," inasmuch as (i) the requested 30% fee represents a multiplier of only about 1.26 on the lodestar value of Plaintiffs' Counsel's combined hours spent on litigating the Actions, and (ii) a 1.26 multiplier is well within the range of lodestar multipliers that are frequently approved by courts in this Circuit in securities class actions;

e.      Plaintiffs' Counsel pursued the Actions and achieved the Settlement with skill, perseverance, and diligent advocacy;

f.      Plaintiffs' Counsel expended substantial time and effort pursuing the Actions on behalf of the Settlement Class;

g.      Plaintiffs' Counsel pursued the Actions entirely on a contingent basis;

h.      The Actions involve complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution would be uncertain;

i.      Had Plaintiffs' Counsel not achieved the Settlement, there would remain very significant risks that the Settlement Class would have recovered substantially less than the Settlement Amount, or would have recovered nothing at all from Defendants;

j.      Public policy favors the award of reasonable attorneys' fees and expenses where, as here, Plaintiffs' Counsel's efforts have resulted in the creation of "common fund" for the benefit of class members in a securities class action litigation; and

k.      The attorneys' fees awarded hereby are fair and reasonable, and consistent with awards in similar cases within the Second Circuit.

7.      The Court has reviewed Plaintiffs' Counsel's request for payment of their litigation expenses, and finds that the amounts sought are fair, reasonable, and appropriate, and are for expense items that are customarily incurred, and paid, in securities class actions such as this.

8.      Each of the four Plaintiffs has also requested an award in connection with their time and service directly related to their representation of the Settlement Class.  Pursuant to 15 U.S.C. §77z- 1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of the class."  The Court hereby awards the following amounts to each of the four Plaintiffs, which

- 3 -

represents their reasonable costs and expenses directly related to their representation of the Settlement Class:

    a.  Mario Bello:  $_____ [$3,500 requested]:

    b.  Kai Jochims:  $_____ [$3,500 requested];

    c.  Mark Hayden:  $_____ [$3,500 requested]; and

    d.  Bruce Hipple:  $_____ [$3,500 requested].

9. Pursuant to the Stipulation, Plaintiffs' Counsel's fees and expenses, as awarded herein, may be paid out of the Settlement Fund immediately after entry of this Order notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, PROVIDED, however, that such payments shall be subject to all of the terms, conditions, and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

10. Any appeal or any challenge affecting this Court's approval of the Fee and Expense Application shall in no way disturb or affect the finality of the Final Order and Judgment granting final approval of the Settlement.

11. In the event that the Settlement is validly terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

DATED: _____    _____

                                     THE HONORABLE ALVIN K. HELLERSTEIN
                                     UNITED STATES DISTRICT JUDGE